# BRACEWELL

May 30, 2025

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Linda Sun and Chris Hu*, S1 24 Cr. 346 (BMC)

Dear Judge Cogan:

    We write on behalf of defendant Chris Hu, joined by counsel for co-defendant Linda Sun, in advance of trial and concerning certain matters relating to classified information and discovery.

    *First*, we have reviewed the minute order docketed today regarding the *ex parte* hearing held with the government pursuant to section 4 of the Classified Information Procedures Act ("CIPA"). We thank the Court for its careful attention to such matters, and remain available to provide any additional information that may be helpful to the Court's assessment.

    *Second*, we respectfully request that, in addition to any relief accorded in connection with its CIPA review, the Court direct the government to affirm its prudential search efforts with respect to classified material at the time it produces witness material on June 30, 2025. This request is consistent with, among other things, a recent order requiring such certifications by the government in *United States v. Shestakov*, 23 Cr. 16 (JSR) (S.D.N.Y.).[1]

    As the Court is likely aware, consistent with the government's constitutional and statutory disclosure obligations, and pursuant to Department of Justice ("DOJ") regulations, the government must conduct a prudential search of intelligence community ("IC") files whenever the IC was

---

[1] For the Court's convenience, a copy of the relevant order is appended hereto as Exhibit A. We understand that Judge Rakoff may limit the breadth of his original order, and note that the relief requested below is narrower than that initially afforded pursuant to the attached order.

**Mr. Seth D. DuCharme**     T:+1.212.508.6165    F: +1.800.404.3970
31 W. 52nd Street, Suite 1900, New York, New York 10019-6118
seth.ducharme@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC

involved in an investigation or prosecution in order to identify any information subject to Rule 16 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1963); or *Giglio v. United States*, 405 U.S. 150 (1972). *See* Just. Manual § 2052(B)(1), U.S. DEP'T OF JUST. (2002). Even if the IC had no active involvement, the government still must conduct a search that "extend[s] to sources that are readily available to the government and that, because of the known facts and nature of the case, should be searched as a function of fairness to the defendant." *Id.* § 2052(B)(2). DOJ regulations specifically provide that the government's search for disclosure material "may not reasonably be confined to merely the prosecution team if there are known facts that support the possible existence elsewhere of the requested information." *Id.* § 2052(B)(2)(a). By expressly authorizing searches of IC files where—as here—"issues relating to national security and/or classified information are likely to be present," DOJ regulations locate such files within the constructive possession of the prosecution team for disclosure purposes "when legally necessary to ensure that the prosecution team has met its legal obligations to an indicted defendant." *Id.* § 2052(B)(2).

In *Shestakov*, Judge Rakoff denied motions to compel the government to "make prudential search requests of the CIA and the FBI for any records pertaining to [the matters in dispute]," but required, in relevant part, that "the Government [] affirm in writing" that:

> (a) all communications [at issue] in the possession of any agency of the United States have been searched for and that either no such records exist or that all such communications have been furnished to defense counsel; and (b) all communications between the alleged co-conspirators related to the charged conspiracy in the possession of any agency of the United States have been searched for and that either no such records exist or that all such communications have been furnished to defense counsel.

Ex. A. At bottom, Judge Rakoff's order underscored the importance of obtaining assurances from the government that no other disclosure material exists in the holdings of the IC—information made expressly available to the prosecution team by DOJ regulations and uniquely within the government's exclusive control.

Those concerns apply with equal force in this case, where the defendants are necessarily unable to obtain materials within the IC's possession that (*i*) may relate directly to defense theories at trial and/or (*ii*) determine the defense's ability to challenge the government's evidence at trial or meaningfully confront its witnesses. Anticipating that the government will endeavor to comply with all disclosure obligations, in order to ensure that the defendants' rights are protected and that the record is complete we respectfully request that the Court direct the government, at the time that it produces witness material, to certify as follows:

1. All communications involving either defendant in the possession of any IC agencies have been searched for, and that either no such records exist or all such communications have been furnished to defense counsel; and

2. All communications between alleged co-conspirators related to any charged conspiracy in the possession of any IC agencies have been searched for, and that either no such records exist or all such communications have been furnished to defense counsel.

3. All communications involving any anticipated government witness related to any charged offense in the possession of any IC agencies have been searched for, and that either no such records exist or all such communications have been furnished to defense counsel.

These narrower certifications are a reasonable and efficient alternative to piecemeal motion practice, and serve to protect the defendants' rights to receive required disclosures without prejudice to either party. *Cf.* Fed. R. Crim. P. 5(f).

We thank the Court for its consideration of this request, and are happy to provide any additional information it may require.

Respectfully,

Seth D. DuCharme

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             v.<br><br>SERGEY SHESTAKOV,<br><br>            Defendant. | 23-cr-16 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

    On January 10, 2025, defendant Sergey Shestakov moved to compel the Government to "perform a prudential search of files within the possession of the United States intelligence community, including the NSA and CIA," for several categories of information that generally constitute communications related to the alleged conspiracy. ECF No. 208 at 10. Around two weeks later, on January 26, 2025, Mr. Shestakov moved to compel the Government to "make prudential search requests of the [CIA] and the [FBI] for any records pertaining to co-defendant Charles McGonigal's work and/or relationship with the CIA following his retirement from the FBI in 2018." ECF No. 221 at 1.

    The Court denies the motions of Mr. Shestakov -- which are based on unsupported speculation about particular categories of information that intelligence agencies may or may not possess -- with one caveat: By no later than May 27, 2025, the Government should affirm in writing that (a) all communications between Oleg

1

Deripaska and Mr. Shestakov in the possession of any agency of the United States have been searched for and that either no such records exist or that all such communications have been furnished to defense counsel; and (b) all communications between the alleged co-conspirators related to the charged conspiracy in the possession of any agency of the United States have been searched for and that either no such records exist or that all such communications have been furnished to defense counsel.

For the foregoing reasons, Mr. Shestakov's motions to compel are denied, and the Clerk of Court is respectfully directed to close docket entries 207, 221, and 242.

SO ORDERED.

Dated:   New York, NY
         May 21, 2025                      _____
                                           JED S. RAKOFF, U.S.D.J.