AFM:AAS/RMP/AS
F. #2021R00600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 24-346 (S-2) (BMC) |
| - against - | **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND ORDER AUTHORIZING DISCLOSURE OF TAX RETURN INFORMATION UNDER 26 U.S.C. § 6103(h)(4)** |
| LINDA SUN,<br>  also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and<br>CHRIS HU, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

The United States of America, by and through Assistant United States Attorneys Alexander Solomon, Robert Pollack, and Amanda Shami, respectfully moves for an Order authorizing the government to disclose tax returns and return information to the defendants Linda Sun ("Sun") and Chris Hu ("Hu") through their counsel of record pursuant to 26 U.S.C. § 6103(h)(4). The government further moves for a Protective Order governing the disclosure and dissemination of discovery materials that constitute or contain personal identifying information, sensitive financial information, and tax return information pursuant to Federal Rule of Criminal Procedure 16(d)(1). The government inquired with counsel for the defendants Sun and Hu regarding their position on the government's application, and counsel responded: "The only position we take at this time is that the government should comply with its disclosure obligations, which appears to be encompassed by (h)(4)(D)."

1

## APPLICABLE LAW

<u>Request for Order Authorizing Disclosure of Tax Return Information</u>

As a general rule, 26 U.S.C. § 6103(a) provides for the confidentiality of returns and return information, as those terms are defined in 26 U.S.C. § 6103(b)(1) and (b)(2).[1] Under Federal Rule of Criminal Procedure 16, however, the government is required to make various documents available to the defense for inspection and copying, including documents and other evidence that are material to the preparation of the defense or that the government intends to use in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(E).

Here, Hu is charged with tax evasion in connection with tax returns he filed on behalf of himself and his wife Sun. To fulfill its discovery obligations, the government intends to produce returns and return information as defined in 26 U.S.C. § 6103(b)(1) and (b)(2) (collectively, "Tax Return Information"). Specifically, the government seeks to disclose Tax Return Information pertaining to the two defendants, entities belonging to and/or associated with the defendants, and a third-party individual.

Section 6103(h)(4) sets forth exceptions to the general rule of tax information confidentiality, and provides in relevant part:

> A return or return information may be disclosed in a Federal or

---

[1] "Return" as defined in 26 U.S.C. § 6103(b)(1) "means any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of [Title 26] which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed. "Return information" as defined in 26 U.S.C. § 6103(b)(2) includes "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of

>    State judicial or administrative proceeding pertaining to tax administration, but only –
>
>    (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability or the collection of such civil liability, in respect of any tax imposed under this title;
>
>    (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
>
>    (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
>
>    (D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

As a threshold matter, this case is a judicial proceeding "pertaining to tax administration." The indictment charges Hu with tax evasion, in violation of 26 U.S.C. § 7201, for attempting to evade and defeat a substantial personal income tax due and owing by him to the United States for the calendar years 2020 and 2021. To accomplish his crimes, Hu committed a number of affirmative acts, including (a) using a nominee and bank accounts held at a financial institution held in the name of the nominee; (b) transferring funds from another individual's bank accounts to the nominee's bank accounts; (c) making false entries on QuickBooks for the businesses that

---

liability (or the amount thereof) of any person under [Title 26] for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]"

generated the taxable income; and (d) the signing and filing of Forms 1040. These charges pertain to "tax administration." Moreover, Hu and Sun are married and filed their tax returns jointly.

The government's intended disclosure of Tax Return Information also meets the requirements set forth in § 6103(h)(4)(A), (B), and (D). First, the Tax Return Information the government seeks to disclose pertains to (i) the two defendants, who are parties to this criminal proceeding and are married, (ii) entities belonging to and/or associated with the defendants, and (iii) a third-party individual associated with the defendants. Second, the treatment of items on the tax returns the government seeks to disclose is related to the resolution of core issues in the proceeding. Those issues include, among others, whether tax returns filed by Hu on behalf of himself and his wife omitted taxable income to evade their tax obligations. Third, the Tax Return Information the government seeks to disclose is required to be disclosed under Federal Rule of Criminal Procedure 16. Though Congress has expressed a policy favoring the confidentiality of returns and return information, the government respectfully submits that its discovery obligations in this matter outweigh that policy interest.

Accordingly, the government respectfully moves this Court to enter the Proposed Order authorizing the government to disclose to the defendants the Tax Return Information pertaining to the indicted tax evasion charges, as well as any other Tax Return Information that the government must provide to fulfill its discovery obligations.

Request for a Protective Order

The government also requests a Protective Order governing the disclosure of Tax Return Information, personal identifying information ("PII"), and sensitive financial information. Under Federal Rule of Criminal Procedure 16(d)(1), the Court has broad authority to issue an appropriate protective order governing discovery. That rule provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

To meet its discovery obligations, the government intends to produce materials containing the Tax Return Information discussed above, along with materials containing PII and financial information. That information includes social security numbers, dates of birth, residential addresses, email addresses, phone numbers, driver license numbers, bank account numbers, credit card numbers, and other non-public and sensitive information pertaining to the defendants and non-parties.

A protective order is necessary here because this information is susceptible to misuse.[2] Distribution of these materials to individuals who do not need the materials to further the legal defense of the defendants in this case could pose an undue risk to the privacy of the defendants and non-parties. Nevertheless, it would be difficult and potentially problematic for the government to attempt to redact all personal and sensitive information from the discovery materials before providing them to the defendants. The government seeks to provide a copy of such evidence to

---

[2] Although much of the Tax Return Information belongs to the defendants themselves, the law and federal policy regarding disclosure of tax information is stringent, and seeking a protective order is standard even in this context.

the defendants in this case through counsel of record, but respectfully requests a protective order to impose requirements of care and control for these sensitive materials.

## REQUESTED TERMS OF PROTECTIVE ORDER

1.  The term "PII" refers to the following personal identifying information of any individual: the person's first and last name, maiden name, alias, date of birth, social security number, passport number, alien registration number, permanent resident card number, residence or business address, telephone number, email address, driver license number, license plate number, vehicle identification number, professional license number, names of family members, criminal history records, taxpayer identification number, employer identification number, medical record number, patient identification number, insurance policy number, biometric records, photographs used for identification purposes, Internet Protocol (IP) address, and Media Access Control (MAC) address.

2.  The term "Financial Information" refers to the following information: financial and investment account identifying numbers, credit card or debit card numbers, bank account passwords, usernames, private keys, account recovery information, pins, or other log-in information used to access financial accounts or devices, digital or electronic wallet addresses, cryptocurrency ledger addresses, and transaction hashes.

3.  The term "Tax Return Information" includes "returns" as defined in 26 U.S.C. § 6103(b)(1) and "return information" as defined in 26 U.S.C. § 6103(b)(2).

4.  For purposes of this Protective Order, the term "Protected Information" includes PII, Financial Information, and Tax Return Information as those terms are defined above in Paragraphs 1 through 3.

6

5. All Protected Information produced by the government shall be used by the defendants, defense counsel of record, and any employees or agents of defense counsel solely for the preparation and presentation of the legal defense of this case, to include any appeal, and for no other purpose.

6. Defense counsel of record, their investigators, assistants, and employees (collectively, "the defense teams") may review all discovery material produced by the government but shall not permit the defendants to have unsupervised access to paper copies of any discovery material produced by the Government that contains Protected Information pertaining to a third-party. Defense counsel may provide to their client a manner for electronic review of discovery material that contains Protected Information in a form that does not permit printing, downloading, or saving local copies of the materials, provided, however, that the defendants may have unrestricted access to discovery material that clearly pertains to the defendants and does not contain Protected Information regarding any third-party.

7. The defendants and all members of the defense teams who receive discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

8. Defense counsel may provide unredacted copies of Protected Information to any expert witnesses retained to assist with the preparation of the defense in this case. Any expert witness retained by defense counsel who receives discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

9. The defense teams may review with non-expert witnesses all discovery material produced by the government but shall not provide the witness with copies of—or permit the

witness to make copies of, electronically transmit copies of, or have unsupervised access to—any discovery material produced by the government that contains Protected Information unless the Protected Information has been entirely redacted from the discovery materials. Any non-expert witness who reviews discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

10. Except as otherwise permitted by this Order, no defendant, member of the defense team, expert witness, or non-expert witness shall provide any Protected Information to any third party (*i.e.*, any person who is not a member of the defense team and is not an expert or non-expert witness) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case. If a party files a pleading that contains or attaches Protected Information, that filing must be made under seal. For purposes of this paragraph, "discovery material" includes any paper copies, electronic copies, images, or photographs of discovery material.

11. To designate material as Protected Information, the government shall so designate on the material itself, in an accompanying cover letter, or on a digital storage device labeled with the following designation: "CONTAINS PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER."

12. In the event that defense counsel believes that certain materials or documents should not be designated as Protected Information, they may first seek agreement from the government after which, barring agreement, they may raise the issue with the Court. At any hearing or proceeding on this topic, the government will bear the burden of proof that the materials

should be considered Protected Information under the terms of this Protective Order. The parties will treat the information as Protected Information pursuant to this Order until such time as the Court rules.

13. At the conclusion of the case, to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255, all discovery material containing Protected Information provided to defense counsel must be disposed of in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court. To the extent that counsel have ethical obligations under their respective jurisdictions' rules to preserve a copy of a file for a fixed period of time, such counsel may maintain a copy of the Protected Information in their file consistent with such rule, notwithstanding this paragraph. During that time, counsel must retain discovery material containing Protected Information in a manner reasonably designed to prevent unauthorized disclosure, unless directed otherwise by an Order of the Court.

**CONCLUSION**

The government believes a Protective Order with the above terms will adequately protect the privacy and safety interests of the defendants and non-parties to this proceeding. Accordingly, the government respectfully requests that the Court grant the government's Motion for Protective Order and Order Authorizing Disclosure of Tax Return Information Under 26 U.S.C. § 6103(h)(4).

Dated: Brooklyn, New York
       June 30, 2025

JOSEPH NOCELLA, JR.
United States Attorney

By:  /s/  Amanda Shami
Alexander A. Solomon
Robert M. Pollack
Amanda Shami
Assistant U.S. Attorneys
(718) 254-7000