AFM:AAS/RMP/AS
F. #2021R00600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -

LINDA SUN,
  also known as "Wen Sun," "Ling Da
  Sun," and "Linda Hu," and
CHRIS HU,

  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Cr. No. 24-346 (S-2) (BMC)

**[PROPOSED] PROTECTIVE ORDER AND ORDER AUTHORIZING DISCLOSURE OF TAX RETURN INFORMATION UNDER 26 U.S.C. § 6103(h)(4)**

The Court has received, read, and reviewed the government's Motion for Protective Order and Order Authorizing Disclosure of Tax Return Information Under 26 U.S.C. § 6103(h)(4) filed on June 30, 2025.

Federal Rule of Criminal Procedure 16(d)(1) gives the Court broad authority to issue an appropriate protective order governing discovery. The government seeks to disclose discovery materials containing personal identifying information ("PII") and sensitive financial information, as well as returns and return information as those terms are defined in 26 U.S.C. §§ 6103(b)(1) and (b)(2) (collectively, "Tax Return Information").  These types of information are susceptible to misuse.  Distribution of these materials to individuals who do not need the materials to further the legal defense of the defendants in this case could pose an undue risk to the privacy of the defendants.

The Court finds and concludes that the interests in protecting the defendants' privacy interests have merit; that the burden on all parties in controlling the dissemination of such material

disclosed to defense counsel as directed below is not unreasonably burdensome; and that the procedures outlined herein will adequately safeguard the privacy interests of the defendants. Being now sufficiently advised, the Court finds and concludes that it is in the best interest of justice to grant the government's Motion.

    IT IS HEREBY ORDERED that the government's Motion for Protective Order and Order Authorizing Disclosure of Tax Return Information Under 26 U.S.C. § 6103(h)(4) is GRANTED. The discovery materials provided by the government that include returns and return information, as those terms are defined in 26 U.S.C. §§ 6103(b)(1) and (b)(2), are provided pursuant to 26 U.S.C. § 6103(h)(4) for the following reasons: (1) the Tax Return Information sought to be disclosed by the government pertains to the defendants, (2) the treatment of the tax returns sought to be disclosed is directly related to the resolution of issues in this proceeding, and (3) the Tax Return Information sought to be disclosed is otherwise required to be disclosed under Federal Rule of Criminal Procedure 16. The defendants and their counsel of record shall maintain the confidentiality of all Tax Return Information provided by the government in discovery in accordance with this Order.

    IT IS FURTHER ORDERED that the terms of the Protective Order governing discovery in this proceeding shall be as follows:

    1.    The term "PII" refers to the following personal identifying information of any individual: the person's first and last name, maiden name, alias, date of birth, social security number, passport number, alien registration number, permanent resident card number, residence or business address, telephone number, email address, driver license number, license plate number, vehicle identification number, professional license number, names of family members, criminal history records, taxpayer identification number, employer identification number, medical record

number, patient identification number, insurance policy number, biometric records, photographs used for identification purposes, Internet Protocol (IP) address, and Media Access Control (MAC) address.

2. The term "Financial Information" refers to the following information: financial and investment account identifying numbers, credit card or debit card numbers, bank account passwords, usernames, private keys, account recovery information, pins, or other log-in information used to access financial accounts or devices, digital or electronic wallet addresses, cryptocurrency ledger addresses, and transaction hashes.

3. The term "Tax Return Information" includes "returns" as defined in 26 U.S.C. § 6103(b)(1) and "return information" as defined in 26 U.S.C. § 6103(b)(2).

4. For purposes of this Protective Order, the term "Protected Information" includes PII, Financial Information, and Tax Return Information as those terms are defined above in Paragraphs 1 through 3.

5. All Protected Information produced by the government shall be used by the defendants, defense counsel of record, and any employees or agents of defense counsel solely for the preparation and presentation of the legal defense of this case, to include any appeal, and for no other purpose.

6. Defense counsel of record, their investigators, assistants, and employees (collectively, "the defense teams") may review all discovery material produced by the government but shall not permit the defendants to have unsupervised access to paper copies of any discovery material produced by the Government that contains Protected Information pertaining to a third-party. Defense counsel may provide to their client a manner for electronic review of discovery material that contains Protected Information in a form that does not permit printing, downloading,

or saving local copies of the materials, provided, however, that the defendants may have unrestricted access to discovery material that clearly pertains to the defendants and does not contain Protected Information regarding any third-party.

7. The defendants and all members of the defense teams who receive discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

8. Defense counsel may provide unredacted copies of Protected Information to any expert witnesses retained to assist with the preparation of the defense in this case. Any expert witness retained by defense counsel who receives discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

9. The defense teams may review with non-expert witnesses all discovery material produced by the government but shall not provide the witness with copies of—or permit the witness to make copies of, electronically transmit copies of, or have unsupervised access to—any discovery material produced by the government that contains Protected Information unless the Protected Information has been entirely redacted from the discovery materials. Any non-expert witness who reviews discovery materials under this Protective Order shall be provided a copy of this Order along with those materials and shall initial and date the Order reflecting their agreement to be bound by it.

10. Except as otherwise permitted by this Order, no defendant, member of the defense team, expert witness, or non-expert witness shall provide any Protected Information to any third party (*i.e.*, any person who is not a member of the defense team and is not an expert or non-expert witness) or make any public disclosure of the same, other than in a court filing, without the

government's express written permission or further order of this Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case. If a party files a pleading that contains or attaches Protected Information, that filing must be made under seal. For purposes of this paragraph, "discovery material" includes any paper copies, electronic copies, images, or photographs of discovery material.

11. To designate material as Protected Information, the government shall so designate on the material itself, in an accompanying cover letter, or on a digital storage device labeled with the following designation: "CONTAINS PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER."

12. In the event that defense counsel believes that certain materials or documents should not be designated as Protected Information, they may first seek agreement from the government after which, barring agreement, they may raise the issue with the Court. At any hearing or proceeding on this topic, the government will bear the burden of proof that the materials should be considered Protected Information under the terms of this Protective Order. The parties will treat the information as Protected Information pursuant to this Order until such time as the Court rules.

13. At the conclusion of the case, to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255, all discovery material containing Protected Information provided to defense counsel must be disposed of in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court. To the extent that counsel have ethical obligations under their respective jurisdictions' rules to preserve a copy of a file for a fixed period of time, such counsel may maintain a copy of the Protected Information in their file consistent with such rule, notwithstanding this paragraph. During that time, counsel must retain discovery material

containing Protected Information in a manner reasonably designed to prevent unauthorized disclosure, unless directed otherwise by an Order of the Court.

SO ORDERED:

_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK