UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LINDA SUN and CHRIS HU,<br><br>Defendants. | Case No. S2 24 Cr. 346 (BMC) |

**REPLY IN FURTHER SUPPORT OF CHRIS HU AND LINDA SUN'S
MOTION FOR A *MONSANTO* HEARING**

ABELL ESKEW LANDAU LLP

Kenneth M. Abell
Jarrod L. Schaeffer
Scott Glicksman
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7341 / -7339 / -7338

BRACEWELL LLP

Seth D. DuCharme
Nicole Boeckmann
Anissa L. Adas
Kim Kirschenbaum
31 W. 52nd Street, Suite 1900
New York, NY 10019
(212) 508-6100

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...................................................................................................................................1

   I.   MR. HU AND MS. SUN SATISFY THE "MINIMAL" REQUIREMENTS TO OBTAIN A *MONSANTO* HEARING.. ....................................................................................1

CONCLUSION .................................................................................................................................7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*United States v. Aventura Techs., Inc.*,
  No. 19 Cr. 0582 (DRH) (ARL), 2022 WL 2671704 (E.D.N.Y. Mar. 10, 2022) ........................2

*United States v. Bonventre*,
  720 F.3d 126 (2d Cir. 2013)......................................................................................................2, 3

*United States v. Chierchio*,
  No. 20 Cr. 306 (NGG), 2022 WL 624523 (E.D.N.Y. Mar. 3, 2022)..........................................1

*United States v. Daugerdas*,
  No. 09 Cr. 581 (WHP), 2012 WL 5835203 (S.D.N.Y. Nov. 7, 2012) ......................................4

*United States v. Fishenko*,
  No. 12 Civ. 626 (SJ), 2014 WL 4804041 (E.D.N.Y. Sept. 25, 2014) .......................................4

*United States v. Hanratty*,
  No. 24 Cr. 153 (LGS), 2024 WL 4892742 (S.D.N.Y. Nov. 26, 2024)................................2, 4

*United States v. Hatfield*,
  No. 06 Cr. 0550 (JS), 2010 WL 1685826 (E.D.N.Y. Apr. 21, 2010) .......................................3

**Statutes**

Classified Information Procedures Act................................................................................................7

**Constitutional Provisions**

Fifth Amendment ...................................................................................................................................4

## PRELIMINARY STATEMENT

Despite months of negotiations regarding the release of restrained assets, and earnest efforts by Mr. Hu and Ms. Sun to liquidate the few unrestrained assets they still possess, the government perplexingly persists in refusing to resolve a dispute over the defendants' access to some of their money, which they need in order to afford their counsel of choice. The defense had hoped to avoid the time and expense of a hearing—and has made several overtures in that regard—but, as of today, the government remains unwilling to release *any* additional assets for legal expenses. That is unfortunate because as evidenced by Mr. Hu's detailed declaration addressing his and Ms. Sun's income and other assets, their expenses, and their efforts to liquidate their few unrestrained assets, they have met their minimal burden to obtain a *Monsanto* hearing. Faced with the government's continued refusal to free up assets to pay legal fees, and the significant growing legal expenses in this case (exacerbated by the filing of the second superseding indictment), Mr. Hu and Ms. Sun's ability to pay their counsel is in jeopardy. Accordingly, they respectfully request a *Monsanto* hearing at which the government will bear the burden of demonstrating probable cause that the assets seized are in fact forfeitable.

## ARGUMENT

**I.   MR. HU AND MS. SUN SATISFY THE "MINIMAL" REQUIREMENTS TO OBTAIN A *MONSANTO* HEARING.**

The government ignores Mr. Hu and Ms. Sun's foundational right to a *Monsanto* hearing—and the low burden to obtaining such a hearing. Emphasizing that a governmental interest in seized property "vests at the time the crime was committed," the government ignores entirely that the defendants are still presumed innocent of *any* crime. And while "a defendant must go 'beyond the bare recitation of the claim that he or she has insufficient alternative assets to fund counsel of choice,'" *United States v. Chierchio*, No. 20 Cr. 306 (NGG), 2022 WL 624523, at *2 (E.D.N.Y.

Mar. 3, 2022) (alterations and citation omitted), "[t]he importance of the right at issue—to fund one's criminal defense with counsel of choice—counsels in favor of a minimal barrier to contest the restraint of needed monies," *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013). Clearing this barrier does not require a "formal *prima facie* showing that the funds were illegitimately restrained," but rather only a threshold "evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." *Id.*

Ignoring these "minimal" requirements, the government insists that Mr. Hu and Ms. Sun's motion fails "to provide a full accounting of the unrestrained assets available to them to pay defense counsel." ECF No. 118 at 13. "The [g]overnment's arguments for a more detailed showing are unpersuasive because [Mr. Hu] has provided unequivocal statements about his own financial situation." *United States v. Hanratty*, No. 24 Cr. 153 (LGS), 2024 WL 4892742, at *5 (S.D.N.Y. Nov. 26, 2024). Those statements, as set forth in Mr. Hu's declaration, consist of a description of his and Ms. Sun's "estimated income, a comprehensive list of all assets, [and] an estimation of anticipated legal fees." *United States v. Aventura Techs., Inc.*, No. 19 Cr. 0582 (DRH) (ARL), 2022 WL 2671704, at *3 (E.D.N.Y. Mar. 10, 2022); *see* ECF No. 115-2 (Hu Decl.) ¶ 18 (attesting that "[c]urrently, we have no source of monthly income"); *id.*, *e.g.*, ¶¶ 9, 11 (identifying the couple's assets and the respective values of those assets); *id.* ¶ 15 ("[t]o date, our collective legal fees exceed $2 million," and "[w]ith an impending superseding indictment and trial date in November 2025, we expect those fees to be in excess of $3 million.").

With regard to Mr. Hu and Ms. Sun's monthly living expenses, they have been covering them over the last several months by (*i*) utilizing their remaining unseized checking and savings accounts—all of which have since been depleted, save for approximately $7,600; (*ii*) liquidating their bonds totaling approximately $44,000; and (*iii*) relying on the temporary help of their family

and friends who collectively have given the couple approximately $13,000.[1]  *See* Suppl. Hu Decl. ¶¶ 3–6.  The only remaining cash that they have on hand is approximately $7,000, and their only other bank account is a Roth IRA account consisting of approximately $185,000 in cash and securities.  *Id.* ¶ 7.  However, that account cannot be liquidated without incurring significant financial penalties and costs—and which, even if liquidated, would cover only a fraction of their estimated $3 million in legal fees through trial.  *Id.*

Mr. Hu and Ms. Sun have met their burden.  Mr. Hu's declaration establishes his and Ms. Sun's lack of income, unrestrained real property, or other sources of funding sufficient to cover their legal expenses of more than $2 million.  *See, e.g.*, Hu Decl. ¶ 9 ("I have been unable to liquidate any other investments"); ¶ 5 ("[a]t the time of the Indictment, the government seized our funds from multiple bank accounts and our banks subsequently closed all of our remaining accounts and cancelled all credit cards and lines of credit"); *see also, e.g.*, *United States v. Hatfield*, No. 06 Cr. 0550 (JS), 2010 WL 1685826, at *1 (E.D.N.Y. Apr. 21, 2010) (granting a *Monsanto* hearing based on the representations that counsel's "outstanding bills to [defendant] exceed $1 million, while [defendant's] unrestrained assets total only $113,604.32, and includes money that [defendant] needs to live on").  Based on these representations, Mr. Hu and Ms. Sun are entitled to a hearing.

The authorities that the government advances are inapposite.  In each of the government's cited cases, the defendant's motion neglected to include key financial information that Mr. Hu and Ms. Sun have proffered in their submission.  In *United States v. Bonventre*, for example, the

---

[1]  Although the defense maintains that Mr. Hu's declaration filed in connection with the opening papers contains more than sufficient information to justify a *Monsanto* hearing, it is concurrently filing a supplemental declaration ("Suppl. Hu Decl.") appending Mr. Hu's prior financial disclosures, *see infra*, and additional information for the Court's consideration.

defendant's affidavit "d[id] not clarify whether [he] ha[d] access to other accounts and, if so, their value." 720 F.3d at 133.  Similarly, in *United States v. Fishenko*, the court declined to order a *Monsanto* hearing where the corporate defendant provided no more than "a conclusory affidavit from [its president] claiming that [the corporation] ha[d] no additional assets."[2] No. 12 Civ. 626 (SJ), 2014 WL 4804041, at *1 (E.D.N.Y. Sept. 25, 2014).  And in *United States v. Daugerdas*, the defendant's motion was "bereft of any sworn declaration that [the defendant] lack[ed] the financial resources to hire counsel," instead relying on an "unsworn, conclusory assertion that he [wa]s unable to continue to pay legal fees."  No. 09 Cr. 581 (WHP), 2012 WL 5835203, at *2 (S.D.N.Y. Nov. 7, 2012).  As described above, Mr. Hu's declaration goes well beyond the government's cited cases and other authorities in which the motion for a *Monsanto* hearing was denied.[3]

Notably, the information provided to the government in these disclosures *was* sufficient for the government to grudgingly provide a partial release of assets at that time, subject to various conditions.  Moreover, the government has not pointed to a single case in which a court required the defendant to submit a set of disclosures addressing every aspect of their finances.  *See Hanratty*, 2024 WL 4892742, at *5 (rejecting "[t]he Government's arguments for a more detailed showing").  Nonetheless, appended to this submission are Mr. Hu's financial disclosures, containing an accounting of his and Ms. Sun's assets (which the defense already submitted to the government months ago, in a genuine effort to bring this issue to resolution absent court intervention).  *See* Hu

---

[2]   The fact that *Fishenko* concerned corporate financial disclosures further distinguishes that case.  Apart from the potentially wider range of assets that a corporation may possess, corporate entities do not possess the same panoply of constitutional rights—including under the Fifth Amendment with respect to disclosures—that protect individuals.

[3]   The government faults Ms. Sun for not separately submitting evidence regarding her own access to unrestrained assets.  As the government well knows from its discussions with defense counsel, however, Ms. Sun's finances are intertwined with her husband's and she has long relied on his handling of such matters.  To assuage any concern that the Court may have on that front, Ms. Sun likewise provides a supplemental declaration.

Suppl. Decl. Ex. A.[4]

The government's other arguments and proposed alternatives to the release of any assets are unsound. For example, the government has suggested that Mr. Hu and Ms. Sun "seek a loan that could be secured by . . . unrestrained assets" and deems that to be "the more practical option." *See* ECF No. 118 at 18. Even if Mr. Hu and Ms. Sun were able to obtain a loan—a quixotic endeavor for two individuals who have now been subjected to three speaking indictments and a barrage of highly prejudicial press releases and media reports—they would still be obligated to make interest and principal payments on that loan, which would not be feasible when they cannot currently afford their monthly living expenses in addition to their mounting legal fees. Moreover, despite insisting that Mr. Hu and Ms. Sun provide sworn evidence regarding every aspect of their finances, the government's alternatives are all based on speculation divorced from the reality that faces an indicted defendant—from unwarranted assumptions about banking alternatives to subjective conclusions based on what seems to have been casual searches conducted on Zillow. *See id.* at 18–19. The government has offered nothing more than conjecture regarding any of those purported possibilities, and their viability is refuted by Mr. Hu's sworn statement—not to mention common sense.

Mr. Hu and Ms. Sun have faced significant challenges in selling what few unrestrained assets currently are available to them. With respect to the Hawaii Property, while the government agreed in principle to allow Mr. Hu and Ms. Sun to sell it in an interlocutory sale to alleviate tax and homeowners' association fees, the government has refused to lift the *lis pendens*—deterring

---

[4] Because of the personal nature of the Mr. Hu's financial disclosures, he respectfully requests that they be filed under seal.

multiple otherwise interested buyers.[5] And although the government agreed to lift the *lis pendens* on the Forest Hills Property, it did so on the condition that it receive the first $300,000 of any sale. The government has not even offered to return personal property it must assume has a high dollar value, like Ms. Sun's jewelry and the family's cars. It is deeply dismaying that the government refuses to resolve these reasonable requests for access to funds to help support a legal defense without motion practice, ironically incurring even more unnecessary legal fees for Mr. Hu and Ms. Sun. That is especially the case when the government's justification to seize and restrain Mr. Hu and Ms. Sun's assets is questionable; while the government emphasizes that it did so based on a "showing of probable cause based upon a sworn affidavit," ECF No. 118 at 6,[6] the newly filed S-2 alleges that property originally claimed to be proceeds of certain offenses now actually might be proceeds of entirely *new* offenses that allegedly occurred years later. At a minimum, that inconsistency raises questions about the sworn statements that were originally proffered by the government.

Finally, it bears noting that recent material developments in this case have rendered Mr. Hu and Ms. Sun's need for unrestrained funds all the more dire. On June 25, 2025—six days after Mr. Hu and Ms. Sun filed their opening papers seeking access to funds—the government filed its

---

[5] The government seems confused that its letter authorizing an interlocutory sale has not reassured buyers, and speculates that perhaps that letter was not shown to potential buyers. ECF No. 118 at 19 n.5. Those musings fail to appreciate the realistic concerns that ordinary buyers tend to have when informed that the federal government has placed a restraint upon the property to be purchased.

[6] That is only with respect to the property seized pursuant to warrants, of course. As to some of the most valuable property restrained—Mr. Hu and Ms. Sun's real estate holdings—the government admits that it filed *lis pendens* based entirely on its own assessment. *See* ECF No. 118 at 7–8, 18 & n.4.

S-2.[7] *See* ECF No. 116. The S-2 alleges four new counts and an entirely new case theory. There is sure to be substantial discovery following the filing of the S-2, and additional motion practice likely will be necessary as well. The government's S-2 and potential CIPA litigation further substantiate Mr. Hu and Ms. Sun's growing need for access to currently restrained funds. If the government is so confident in the outcome of this case, it should not resist so strenuously the defendants' requests for the ability to mount their defense.

## CONCLUSION

For the reasons set forth above, Mr. Hu and Ms. Sun respectfully request a *Monsanto* hearing, on a date to be determined by the Court.

Dated: July 2, 2025

Respectfully submitted,

/s/ *Jarrod L. Schaeffer*
Kenneth M. Abell
Jarrod L. Schaeffer
Scott Glicksman
ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7341 / -7339 / -7338
kabell@aellaw.com
jschaeffer@aellaw.com
sglicksman@aellaw.com

*Attorneys for Linda Sun*

/s/ *Seth D. DuCharme*
Seth D. DuCharme
Nicole Boeckmann
Anissa L. Adas
Kim Kirschenbaum
BRACEWELL LLP
31 W. 52nd Street, Suite 1900
New York, NY 10019
(212) 508-6100
seth.ducharme@bracewell.com
nicole.boeckmann@bracewell.com
anissa.adas@bracewell.com
kim.kirschenbaum@bracewell.com

*Attorneys for Chris Hu*

---

[7] Given that the government waited to file the S-2 until *after* the defendants' motion, the government's criticism that the motion cites the prior charging instruments is odd. *See* ECF No. 118 at 22.