


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:AAS/RMP/AS
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 11, 2025

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Linda Sun and Chris Hu
             <u>Criminal Docket No. 24-346 (S-2) (BMC)</u>

Dear Judge Cogan:

      The government respectfully submits this letter in opposition to the defendant Linda Sun's July 9, 2025 letter motion to quash a grand jury subpoena issued to DocuSign Inc. ("DocuSign") on June 9, 2025 (the "DocuSign Subpoena") (ECF No. 130). Each of Sun's arguments to quash the DocuSign Subpoena fails.

      *First*, Sun's motion is moot. DocuSign produced the requested documents to the government before Sun filed her motion, and the government is preparing to produce them as a supplemental discovery production imminently. Sun's motion states that "the defense understands that records have not yet been produced," (*id.* at 2), but that understanding is incorrect. The subpoena has already been satisfied and can no longer be quashed. *See, e.g.*, *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19-CV-00275 (FB), 2022 WL 1085508, at *16 (E.D.N.Y. Jan. 10, 2022) ("Plaintiff states that Martin Mack and Apple Bank have both already complied with the subpoenas and produced responsive documents. Thus, VanVorst's motion to quash as to the Mack and Apple Bank subpoenas is denied as moot.").

      *Second*, the Court should also reject Sun's request in a footnote to preclude the government from using any records produced by DocuSign at trial. (*Id.* at 2 n.2). Sun claims that the records were "improperly obtained," (*id.*) but her argument in support of impropriety is baseless.[1] In sum, Sun argues that the DocuSign Subpoena was improper because the return date

---

[1] Additionally, even if there were a defect in the subpoena (and there was not), Sun offers no authority for the proposition that relevant and otherwise admissible evidence should be precluded from use at trial for that reason. Indeed, the government could obtain the same documents with a trial subpoena, so any supposed error in the government's conduct (and there is none) would be harmless.

was June 27, 2025, which is two days after the second superseding indictment (the "S-2 Indictment") was returned by a grand jury sitting in this district. However, as is plain from the face of the DocuSign Subpoena, it was *issued* on June 9, 2025, which is before the S-2 Indictment was returned. The issued date is the date that controls. *See In Re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels)*, 767 F.2d 26 (2d Cir. 1985) (timing of subpoena *issued after indictment* suggested that its purpose was to obtain trial material). Here, the DocuSign Subpoena was issued while the grand jury was convened to investigate the facts underlying the S-2 Indictment (and at a time when the date when the S-2 Indictment itself would be considered and voted upon remained uncertain). As the Court recognized in denying the defendants' earlier motion regarding alleged impropriety in the use of the grand jury (*see* ECF No. 104 at 5-6), there is a "presumption of regularity that attaches to a grand jury proceeding," and the defendant bears the burden of "present[ing] particularized proof of an improper purpose" when the government "issu[ed] a grand jury subpoena." *United States v. Calk*, 87 F.4th 164, 186 (2d Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024) (internal quotation marks and citations omitted). Sun has nowhere alleged an improper purpose on June 9, 2025, at a time when the S-2 Indictment had not yet been presented.

Moreover, it can be inferred that the timing of the S-2 Indictment was informed by the Court's order during the June 16, 2025 status conference (after the issuance of the DocuSign Subpoena) that the government must present the S-2 Indictment within two weeks, *i.e.*, by June 30, 2025. Thus, at the time the DocuSign Subpoena was issued, the grand jury was duly convened, and the return date was consistent with the ongoing investigation that resulted in the S-2 Indictment. Put simply, the government's intention with respect to the grand jury investigation and the DocuSign Subpoena was entirely appropriate.

For these reasons, the government respectfully submits that Sun's motion to quash should be denied as moot, and her request to preclude the government from using the DocuSign documents at trial should be rejected.

              Respectfully submitted,

              JOSEPH NOCELLA, JR.
              United States Attorney

By: /s/ Amanda Shami
    Alexander A. Solomon
    Robert M. Pollack
    Amanda Shami
    Assistant U.S. Attorneys
    (718) 254-7000

cc: Clerk of the Court (BMC) (by ECF)
   Counsel of Record (by ECF)