

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BGK:LDM
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2025

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Linda Sun and Chris Hu
            Criminal Docket No. 24-346 (S-2) (BMC)

Dear Judge Cogan:

      Pursuant to the Court's order dated July 17, 2025, the government respectfully submits this Sur-Reply in further opposition to the Motion for a *Monsanto* Hearing (the "Motion") filed by defendants Chris Hu ("Hu") and Linda Sun ("Sun") and, more specifically, in response to the reply (the "Reply") that the defendants filed on July 2, 2025. ECF No. 127. As set forth below, although the defendants have now filed with the Court the voluminous unsworn financial disclosures that they previously provided to the government, those disclosures and the Reply still fail to address the fundamental deficiencies in the Motion, much less establish a genuine financial need that would entitle the defendants to a hearing in advance of the November 2025 trial, as required under *United States v. Bonventre*, 720 F.3d 126, 131-32 (2d Cir. 2013). Accordingly, the Motion should be denied.

The Defendants Have Failed to Provide a Current, Sworn Accounting of Their Finances

      In support of the Reply, the defendants rely upon the same Unsigned Disclosures[1] that they provided to the government before they filed the Motion. ECF Nos. 127, 134. As previously discussed in the government's Opposition to the Motion, the Unsigned Disclosures are deficient in two key respects, one more formal (but nevertheless dispositive), and the second more substantive. ECF No. 118.

---

[1]   Defined terms used herein shall have the same meaning ascribed to them in the government's Opposition to the Motion (the "Government's Opposition"). *See* ECF No. 118.

First, neither defendant has sworn, under penalty of perjury, that the Unsigned Disclosures provide an accurate and comprehensive accounting of their current unrestrained assets.² *See blank declarations*: HUDISCL-000015, HUDISCL-003001, HUDISCL-003066, HUDISCL-003580, HUDISCL-003979, HUDISCL-004155, HUDISCL-004273, HUDISCL-005525, HUDISCL-005651, HUDISCL-005667. As set forth in the Government's Opposition, such unsworn evidence is inadmissible and insufficient to meet the threshold burden for a *Monsanto* hearing. *See, e.g.*, *United States v. Aventura Techs., Inc.*, 607 F. Supp. 3d 278, 284-85 (E.D.N.Y. 2022); *United States v. Daugerdas*, No. S3 09 Cr. 581 (WHP), 2012 WL 5835203, at *2 (S.D.N.Y. Nov. 7, 2012) (rejecting defendant's "unsworn, conclusory assertion that he is unable to continue to pay legal fees"); *Romero v. H.B. Auto. Grp., Inc.*, No. 11 CIV. 386 CM, 2012 WL 1514810, at *2 (S.D.N.Y. May 1, 2012) (unsigned affidavit "is inadmissible" and court "will not consider it"); *Sam Jin World Trading, Inc. v. M/V Cap San Nicolas*, No. 09 CIV. 3997 (LMM), 2010 WL 2670847, at *3 (S.D.N.Y. July 2, 2010).

Even if the defendants were to cure that formal deficiency, the brief declarations that the defendants submitted with the Reply are also substantively insufficient because they fail to address the key issue of the defendants' access to unrestrained assets, beyond the few personal accounts they discuss therein. *See Bonventre*, 720 F.3d at 133 ("While the affidavits describe the aggregate balances of bank accounts enumerated in the government's submissions, they do not clarify whether [the defendant had] access to other accounts and, if so, their value."). Although the defendants characterize their declarations as "provid[ing] unequivocal statements" about their finances, the declarations contain nothing more than vague, conclusory and sometimes ambiguous statements about their claimed (but unsubstantiated) need to access the Restrained Assets to fund their defense. *See* Reply at 2.

For example, Sun's declaration consists of just two conclusory paragraphs stating, in essence, that she does "not have independent knowledge regarding the finances or operations of [her] husband's business ventures" and that she is "not aware of any unrestrained assets in addition to those that I understand have been disclosed . . . ." *See* Declaration of Linda Sun in Support of Motion, ECF No. 127-2. Meanwhile, Hu's supplemental declaration focuses on his personal accounts and avoids any meaningful discussion of the assets related to the nine separate entities he owns, other than a passing reference to the sale of half of his interest in a commercial real estate venture valued at $2 million without any explanation as to why he did not sell the other half.³ *See* Hu Supp. Decl., ECF No. 127-1. These are exactly the type of vague and conclusory statements that courts have routinely rejected when defendants have sought a *Monsanto* hearing. *See* Government Opposition at 9-10.

---

² While the Unsigned Disclosures are "incorporated by reference into [the] Motion", they were never sworn to under penalty of perjury and no effort has been made to correct that fatal deficiency or provide any sworn update. Declaration of Chris Hu in Further Support of Motion ("Hu Supp. Decl."), ECF No. 127-1.

³ As noted in the Government's Opposition, financial records show that the commercial real estate venture, ███████████, was traceable to the Charged Offenses; now, half of it has been used to fund the defense, according to the defendants. Government Opposition at 3.

### The Unsigned Disclosures Reveal the Defendants Have Access to Unrestrained Assets

Even if the Court were to rely on the Unsigned Disclosures, these documents belie the defendants' claims that they have no access to unrestrained assets. Indeed, the Unsigned Disclosures show that the defendants have access to various unrestrained assets, including:

- ▉▉▉▉▉▉▉ balance sheet indicating $2 million in assets, HUDISCL-004243;
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ financial statements indicating approximately $2 million in assets, HUDISCL-004093;
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ inventory of more than $1.2 million, HUDISCL-005315; and
- ▉▉▉▉▉▉▉▉▉▉ financial statements indicating more than $1.6 million investment, with no information about how the funds are disbursed, HUDISCL-005634.

The records further indicate that these business ventures were previously used to pay the defendants' attorneys in this case. For example, ▉▉▉▉▉▉ has made payments totaling at least $300,000 towards Hu's criminal defense (HUDISCL-002526 - HUDISCL-002527). ▉▉▉▉ paid another $50,000 towards Hu's defense (HUDISCL-002233) and $40,000 towards Sun's criminal defense (HUDISCL-002233). Similarly, as noted above, the defense has already depleted the ▉▉▉▉▉▉▉▉▉▉ balance sheet by $1 million through case expenditures. While the defendants may have submitted 5,500 pages of financial disclosures, the Reply is conspicuously silent as to their failure to cure the documents' basic deficiencies and what these documents reveal in terms of their ability to continue funding their criminal defense.

### The Defendants Are Not Entitled to a Monsanto Hearing

Although the defendants urge that the threshold burden for obtaining a pretrial hearing is "low," they fail to acknowledge that the Second Circuit has held a defendant was not entitled to a hearing when he failed to provide admissible evidence of "his net worth, [a] comprehensive list of his assets, or *explain how he has been paying his significant living expenses.*"[4] *Bonventre*, 720 F.3d. at 133 (emphasis added). The defendants have not done that. And despite their attempt to distinguish what they refer to as "inapposite" cases, the defendants' unsworn and conclusory assertions appear to be quite similar to those of the defendants in *Bonventre*, *Daugerdas*, and *Fishenko*, where courts denied the defendants' motions for *Monsanto* hearings. *See Bonventre*, 720 F.3d at 132-33; *Daugerdas*, 2012 WL 5835203, at *2; *United States v. Fishenko*, No. 12 CV 626 SJ, 2014 WL 4804041, at *1 (E.D.N.Y. Sept. 25, 2014).

---

[4] The defendants do not attempt to explain how they have continued to fund their monthly living expenses of $20,000 – independent of attorney's fees – since the original indictment was returned in August 2024, with the modest sums they claim to have in their checking and savings accounts. This only raises the question of whether they have access to additional assets and/or sources of income.

3

The defendants' also inaccurately claim that the government somehow acknowledged that they met their burden for a *Monsanto* hearing by agreeing to temporarily lift the lien on the Forest Hills Property, provided that the government received the first $300,000 realized from any sale of the property – which corresponds to the amount of ill-gotten proceeds used to pay the mortgage loan on that property. Indeed, that agreement was a good-faith effort to avoid unnecessary litigation, not an acknowledgement that the defendants have shown a genuine need or entitlement to a hearing. The government has consistently taken the position that the defendants have failed to make the required threshold showing, since the time they first provided the Unsigned Disclosures to the government, several months before they filed the Motion.

The defendants' excuses relating to the Hawaii Property also ring hollow. Early on, the government indicated it was amenable to an interlocutory sale of the property, which would have saved the defendants at least $4,400 in monthly expenses, between HOA fees and real estate taxes. The defendants now argue that the government should lift its lien in advance of a sale, thereby leaving the government's vested interest in this forfeitable asset unprotected when the defendants have listed it for sale on and off since February 2024. Although the defendants complain that the government's letter, dated November 6, 2024, has not helped facilitate an interlocutory sale, the defendants fail to mention that it was they who requested the letter, which the government provided to them. Again, if the defendants are still interested in selling the Hawaii Property, the government remains amenable to such a sale pursuant to the draft stipulation it previously circulated.

## Conclusion

In conclusion, a pre-trial hearing to challenge the restraint of assets is only allowed in cases where a defendant can show, through sworn statements, that the government's restraint "actually affects the defendant's right to choose counsel and present a defense." *Bonventre,* 720 F.3d at 131. Given the "strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable" to pay for their defense and the defendants' failure to show that the government's restraint "actually affects [their] right to choose counsel and present a defense," *id.* at 131-32, the Motion should be denied for all the reasons set forth above and in the Government's Opposition.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *Laura Mantell*

Alexander A. Solomon
Robert M. Pollack
Amanda Shami
Laura D. Mantell
Assistant U.S. Attorneys
(718) 254-7000

4

cc: Clerk of the Court (BMC) (by ECF)
Counsel of Record (by ECF)