```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  UNITED STATES OF AMERICA,                      :
                                                 :
                        Plaintiff,               :
                                                 :    MEMORANDUM DECISION AND
                  - against -                    :    ORDER
                                                 :
  LINDA SUN,                                     :    24-cr-346 (BMC)
      also known as "Wen Sun," "Ling Da          :
      Sun," and "Linda Hu," and                  :
  CHRIS HU,                                      :
                                                 :
                        Defendants.              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendants' motion for a hearing pursuant to <u>United States v. Monsanto</u>, 924 F.2d 1186 (2d Cir. 1991). Familiarity with the facts of this case is presumed.

"[T]he Fifth and Sixth Amendments entitle a criminal defendant seeking to use restrained funds to hire counsel of choice to an adversarial, pre-trial hearing at which the court evaluates whether there is probable cause to believe (1) that the defendant committed the crimes that provide the basis for the forfeiture; and (2) that the contested funds are properly forfeitable." <u>United States v. Bonventre</u>, 720 F.3d 126, 128 (2d Cir. 2013) (citing <u>Monsanto</u>, 924 F.2d 1186). Defendants are entitled to such a pre-trial hearing, called a <u>Monsanto</u> hearing, if they can "demonstrate that [they] do[ ] not have sufficient alternative assets to fund counsel of choice." <u>Id.</u> at 131. This is a "minimal barrier," but it still "requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." <u>Id.</u>

Defendants assert that they have $7,600 remaining in their checking and savings accounts, $7,000 in cash, no additional bonds to liquidate (after liquidating "approximately $44,000 in total"), and only one other bank account – a Roth IRA account with $185,000 in cash and securities. When the Government indicted defendants, defendants' banks closed all of their remaining bank accounts and cancelled all of their credit cards and lines of credit. Defendant Hu was able to sell 50% of his "interest in a commercial real estate investment for $1 million," but he has "been unable to liquidate any other investments." Hu used the $1 million to pay legal fees that were in arrears. Furthermore, Hu's businesses are not generating sufficient profits to allow him to draw a salary, and defendant Sun is not working. Defendants thus have no source of monthly income.

However, defendants never actually assert that the above information captures all potential alternative, unrestrained assets that could be used to pay counsel. Despite submitting thousands of pages of financial documents to the Court with their reply in support of their motion for a Monsanto hearing, defendants never attest that they have provided the Court with a "comprehensive list of [their] assets," such that this Court could "evaluate the extent of [their] unrestrained funds." Bonventre, 720 F.3d at 133. In fact, the Government identifies several unrestrained assets which defendants do not identify as assets in their memorandum in support of their motion for a Monsanto hearing or in their reply, including "a 2021 Jeep Gladiator; more than $90,000 in unrestrained stocks; . . . and life insurance." And Hu has used his business accounts to pay at least $400,000 in attorneys' fees, demonstrating that his businesses may provide sufficient assets to fund defendants' counsel of choice, even if Hu is not currently drawing a salary.

Rather than an oversight, then, it seems that defendants' failure to declare that they have provided a comprehensive list of their assets is because they have not provided such a list. Detailed information about a defendant's finances, without a representation that such information captures all potential alternative, unrestrained assets that could be used to pay counsel, is insufficient to warrant a Monsanto hearing. See id. (defendant's affidavit that he was unemployed, listing his assets and monthly expenses, and noting the "aggregate balance of other accounts which the government had stated were not the subject of seizure warrants (but not necessarily the aggregate value of all of his unrestrained accounts)" was insufficient to entitle defendant to a Monsanto hearing because he "provided insufficient information for a court to evaluate the extent of his unrestrained funds" by "not disclos[ing] his net worth, provid[ing] a comprehensive list of his assets, or explain[ing] how he has been paying his significant living expenses").

This is not to say that defendants' motion fails simply because they neglected to recite the magic words that they have provided the Court with a comprehensive list of their assets. Defendants also could have provided more detail about their "net worth, . . . comprehensive list of . . . assets, . . . [and] how [they have] been paying [their] significant living expenses" such that it would have been clear to the Court that no alternative, unrestrained assets were available. Id.; see United States v. Hanratty, No. 24-cr-153, 2024 WL 4892742, at *5 (S.D.N.Y. Nov. 26, 2024) (Defendant "made a sufficient evidentiary showing of no alternative funds" by submitting a declaration stating that he had not received any income since November 2023, "[h]e has no home, car, bank account, brokerage or retirement account[, and he] is selling his possessions, moving back in with his parents and living off an $80,000 loan against his whole life insurance

3

policy.").  But after reviewing the briefing and copious financial documents submitted, this Court still does not have sufficient information to evaluate the extent of defendants' unrestrained funds.

Because defendants have not "demonstrate[d] that [they] do[ ] not have sufficient alternative assets to fund counsel of choice," Bonventre, 720 F.3d at 131, their motion for a Monsanto hearing is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       July 22, 2025