

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

September 5, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   ***United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu,"
> and Chris Hu*, S3 24 Cr. 346 (BMC) (TAM)**

Your Honor:

We represent Linda Sun in the above-referenced matter and, together with counsel for Chris Hu, write respectfully concerning the filing of yet another superseding indictment. (Dkt. 158 ("S-3").) Despite previously assuring the Court that its delay in filing the last superseder stemmed from efforts to be "as accurate as possible," Tr. of Hr'g dated June 16, 2025 at 5:22–23, yesterday the government obtained and filed the S-3.

With a few glaring exceptions, the S-3 largely regurgitates the prior indictment. (*Compare generally* S-3 *with* Dkt. 116 ("S-2").) Ms. Sun therefore renews her motion to dismiss (Dkts. 144, 145) as to the S-3, and Mr. Hu joins that motion as before. (Dkt. 146.) That said, however, where amendments were made in the S-3 they are both galling and consequential. And the government has not been candid about them.

At the last conference, the Court inquired regarding the government's ongoing grand jury activity and any intent to supersede again prior to trial. Specifically, as relevant here, the following exchange occurred:

> THE COURT:      So there's still an investigation going on.
>
> MR. SOLOMON:    Yes.
>
> THE COURT:      Does that mean that we are at risk of another superseding indictment?
>
> MR. SOLOMON:    *I believe, Your Honor, at most what we would do with respect to the instant prosecution is to return a trial indictment that may clean up a couple of minor matters.*

THE COURT:         Okay.

MR. SOLOMON:     *But nothing really substantive added, no new substantive charges.*

Tr. of Hr'g dated Aug. 26, 2025 ("8/26 Tr.") at 6:12–24 (emphasis added).  Consistent with those representations to the Court, when the government sent a copy of the filed S-3 to the defense yesterday, it stated, in relevant part, that "[t]he grand jury just returned a third superseding indictment, *which makes minor changes to the second superseding indictment*."  (Emphasis added.)

Those representations were misleading.  The S-3 in fact introduces critical new allegations that seek to supply missing essential elements absent from the S-2.  For instance, the S-3 made the following changes to Count Eight, which alleges conspiracy to commit honest services wire fraud:

| S-2 | S-3 |
|---|---|
| 141.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, contrary to Title 18, United States Code, Sections 1343 and 1346. | 141.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, ***and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds***, contrary to Title 18, United States Code, Sections 1343 and 1346. |

In short, the government sought to add a missing essential element that was never previously alleged:  the "use of the mails or wires to further [a] scheme."  *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (quoting *United States v. Binday*, 804 F. 3d 558, 569 (2d Cir. 2015)).

Similarly, the S-3 modified Count Nine, which alleges substantive honest services wire fraud, as follows:

| S-2 | S-3 |
|---|---|
| 143.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative. | 143.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution- I in the name of the Relative*, and for the purpose of executing such scheme and artifice, the defendants transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, to wit: (a) a March 24, 2020 email SUN sent with the subject line "Already VERIFIED by Linda Sun," to NYS procurement officers about the Cousin Company; and (b) multiple emails SUN sent in or about and between April 7, 2020, and April 30, 2020, to NYS accounts payable personnel regarding the status of payment to the Cousin Company.* |

Here, the government sought to insert both a missing essential element and additional factual allegations to try to expand the scope of alleged misrepresentations and omissions that might be considered in connection with the charged offense.

With respect to Count Ten, which alleges federal program bribery, the S-3 made the following changes:

| S-2 | S-3 |
|---|---|
| 145.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, with SUN being an agent of the NYS government, together with others, did knowingly, intentionally, and corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance. | 145.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, with SUN being an agent of the NYS government, together with others, did knowingly, intentionally, and corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, ***to wit: kickback payments from the Cousin in exchange for SUN's facilitation of contracts between the Cousin Company and the NYS government,*** while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance. |

Thus, the government attempted to insert another missing essential element—this time, by trying to identify a quid pro quo agreement required to sustain any bribery charge.  *See United States v.*

*Benjamin*, 95 F.4th 60, 74 (2d Cir.), *cert. denied*, 145 S. Ct. 982 (2024) (assessing whether the indictment "sufficiently alleged an explicit quid pro quo").

Likewise, with respect to Count Eleven, which alleges conspiracy to commit federal program bribery, the S-3 injects the same new allegations regarding a purported quid pro quo:

| S-2 | S-3 |
|---|---|
| 147.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire: | 147.  In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and ***willfully*** conspire: |
| [ . . . ] | [ . . . ] |
| b.    SUN, being an agent of the NYS government, to corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance, contrary to Title 18, United States Code, Section 666(a)(1)(B). | b.    SUN, being an agent of the NYS government, to corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, ***to wit: kickback payments from the Cousin in exchange for SUN's facilitation of contracts between the Cousin Company and the NYS government,*** while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance, contrary to Title 18, United States Code, Section 666(a)(l)(B). |

In no world can those amendments be truthfully characterized as "nothing really substantive" or "minor changes."  As argued in Ms. Sun's motion to dismiss, the "in exchange for"

language surreptitiously slipped into Counts Ten and Eleven concerns the critical quid pro quo element that is essential to any bribery charge but was notably absent from the S-2. (*See* Dkt. 145 at 42–47).) The additions to Counts Eight and Nine likewise insert missing essential elements. And the further amendments to Counts Nine are obviously intended to inject new bases for arguing materiality, which Ms. Sun also identified as an essential element absent from the S-2. (*See id.* at 26–34.) Those are meaningful and legally significant changes added in an attempt to rescue offenses that the government failed to properly allege. The government's minimization and deflection to the Court and counsel regarding such significant alterations are troubling.

But put aside, for a moment, the government's misrepresentations and its sharp practice in (somehow) filing another superseding indictment the day before its already tardy response to Ms. Sun's motion was due.[1] Because whatever other relief maybe appropriate here, the government's amendment of the S-2 to insert missing essential elements has important legal consequences. As Ms. Sun explained in her motion, Counts Eight, Nine, and Eleven in the S-2 were all barred by the statute of limitations. (*See* Dkt. 145 at 41–42, 49.) At the last conference, however, the government suggested that it could circumvent that obstacle by invoking wire transfers allegedly occurring in August 2020. 8/26 Tr. at 14:5–8 ("MR. SOLOMON: So the kickback payments, which were received through a transfer from the Cousin Company, the entity called the Cousin Company, to Mr. Hu, those occurred as late as August 2020.").[2] In other words, as the Court summarized, the government's position was that it had "made it by a couple of weeks." *Id.* at 14:9–10; *see also id.* at 14:11.

The S-3, however, was returned on September 4, 2025. That is well outside even the buffer zone that the government tried to claim—and more than five years beyond the period alleged with respect to Count Ten.[3] "A superseding indictment will relate back to the date of the original indictment only if the superseding indictment does not broaden or substantially amend the original charges." *United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999) (quoting *United States v. Gengo*, 808 F.2d 1, 3 (2d Cir. 1986)) (internal quotation marks omitted); *accord United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003) (citing *Gengo*, 808 F.2d at 3) (explaining that "a superseding indictment . . . relates back to the original pleading and inherits its timeliness as long as the later indictment does not materially broaden or substantially amend the original charges").[4]

---

[1] Curiously, it seems that the government was able to prepare, seek, and procure the S-3 prior to the deadline for its opposition, even though its explanation for why it could not timely file its opposition—*i.e.*, that necessary supervisory personnel were away "on vacation" and unable to review the opposition—begs the question of how the government nevertheless was able to obtain earlier review and approval of the S-3. 8/26 Tr. at 4:10–12.

[2] Prior to the amendments in the S-3, this argument would have been immediately hobbled by the fact that—as noted above—the S-2 did not allege the use of any wires in Counts Eight and Nine. (*See* S-2 ¶¶ 142, 143.)

[3] In any event, Ms. Sun's motion already noted why the government's anticipated response about later wire transfers would fail, too. (*See* Dkt. 145 at 41 n.21.)

[4] For the reasons already explained in Ms. Sun's unopposed motion to dismiss, the government failed to properly charge Counts Eight through Eleven in the S-2, so arguably there is

When making that determination, courts "consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *Salmonese*, 352 F.3d 608 at 622.

While the S-3 does not cite different statutes, it does contain different elements that were missing from the S-2 and inserts new allegations to serve as evidence of materiality. Those are not "amendments of 'form' as opposed to substance." *Grady*, 544 F.2d at 602 (quoting *United States v. Colasurdo*, 453 F.2d 585, 591 (2d Cir. 1971)). Nor can it be said that the defendants had notice of what the government added, because—as Ms. Sun's motion explained—the missing elements were not alleged in the S-2. Moreover, apart from amending critical statutory allegations for the referenced counts, the S-3 also adds "additional transactions" to underlying factual allegations (*see* S-3 ¶ 120), which also were absent from the prior indictment. *United States v. Abakporo*, 959 F. Supp. 2d 382, 389 (S.D.N.Y. 2013) (finding second superseding indictment did not relate back where it "charge[d] additional transactions over a longer time period than the earlier indictments").

A superseding indictment that adds missing essential elements that were not previously alleged "substantially amend[s] the original charges." *Zvi*, 168 F.3d at 54; *cf. United States v. Sorcher*, 498 F. Supp. 2d 603, 611 (E.D.N.Y. 2007) (noting the relation back doctrine applies where "a change does not alter the essential elements of the charge"); *United States v. O'Neill*, 463 F. Supp. 1205, 1208 (E.D. Pa. 1979) (finding count was time-barred where misrepresentations alleged in a superseding indictment "were not charged in . . . the original indictment, which alleged a single, different misrepresentation (albeit in aid of the same loan application)"). That is precisely what the government attempted to do here. Indeed, it appears that the whole purpose of the S-3 was to supply missing elements and factual allegations in order to amend the original charges in substantive ways. Under those circumstances, a superseding indictment does not relate back to the prior pleading. And because it does not, Counts Eight through Eleven—most of which were already outside the statute of limitations—are now indisputably barred. The defense asks the Court to dismiss those counts on that independent basis.

At the end of the last conference, counsel for Mr. Hu implored the Court:

[A]t some point, and we appreciate . . . your prodding of the Government, we appreciate that you are not overly deferential to them in the CIPA practice and that you've ordered they turn over information to us that otherwise we could never find.[5] So we continue to rely on you and appreciate you, Judge, for the stern warnings

---

nothing for the new charges to relate back to anyway. *See, e.g.*, *United States v. Grady*, 544 F.2d 598, 601–02 (2d Cir. 1976) (noting that relation back applies for "a superseding indictment brought at any time while the first indictment is still *validly* pending" (emphasis added)). Ms. Sun raises but reserves that argument for now, because the relation back doctrine so clearly cannot apply to the substantive amendments made by the government in the S-3.

[5]    Separately, the Court previously indicated that it expected the government would provide "disclosures . . . in the form of unclassified summary substitutions" to the defense. 8/26 Tr. at 12:20–13:8. Since the conference, however, it appears government will only be providing classified material.

that you are putting to the Government, but when you look at this pattern . . . . We are assured by you, Judge, but at some point, enough is enough. And you've given stern warnings. At some point, there has to be a consequence.

The law provides that consequence here. The government substantially amended the original charges in the S-2 by superseding to add missing essential elements that were not previously alleged. When that happens, the superseding indictment does not relate back to the prior pleading. And the S-3 was filed well after five years had elapsed since the offenses allegedly were complete. While the defense maintains most of those offenses were already time-barred, the government's own actions have ensured that they are outside the statute of limitations. Counts Eight through Eleven must be dismissed. *See also Toussie v. United States*, 397 U.S. 112, 115 (1970) (quoting *United States v. Scharton*, 285 U.S. 518, 522 (1932)) (acknowledging "that criminal limitations statutes are to be liberally interpreted in favor of repose" (cleaned up)).

With respect to the remainder of the S-3, the government previously missed its deadline to oppose Ms. Sun's motion to dismiss and the Court had already ordered it to file any belated opposition by today. The defense respectfully requests that the Court retain that deadline, as the government's opposition should already be complete (unless it never really planned to oppose the motion despite asking for an extension). To the extent the government wishes to supplement its opposition based on new information in the S-3, the defense asks that the government be directed to file any such supplement by September 9, 2025. And Ms. Sun requests that her reply in further support of her renewed motion to dismiss be due by September 19, 2025.

Finally, the defendants must now be arraigned again on the S-3. Since it is increasingly unclear whether the government will continue superseding before trial, each court appearance generates more unwelcome publicity for the defendants, and every appearance entails additional time and cost, the defense respectfully requests that the defendants be arraigned on the S-3 at the final pretrial conference scheduled for October 20, 2025.

We thank the Court for its consideration of this letter and are available to provide any additional information that may be helpful.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com
*Counsel for Linda Sun*

cc:    Counsel of Record (via ECF)