```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
 UNITED STATES OF AMERICA,                               :
                                                         :
                           Plaintiff,                    :
                                                         :   MEMORANDUM DECISION AND
              - against -                                :   ORDER
                                                         :
 LINDA SUN,                                              :   24-cr-346 (BMC)
       also known as "Wen Sun," "Ling Da                 :
       Sun," and "Linda Hu," and CHRIS HU,               :
                                                         :
                           Defendants.                   :
----------------------------------------------------------X
```

**COGAN**, District Judge.

This case is before the Court on the Government's motion to quash four subpoenas *duces tecum* which defendant Linda Sun issued to non-parties pursuant to Federal Rule of Criminal Procedure 17(c) (the "Subpoenas"). The subjects of the Subpoenas are the New York State Executive Chamber ("NYEC"), the New York State Office of General Services ("OGS"), the New York State Department of Financial Services ("DFS"), and Empire State Development ("ESD").

The Government challenges the Subpoenas on several grounds. First, the Government argues that the Subpoenas are facially invalid because they improperly direct the recipients to produce the materials to a place other than to the Court and by an arbitrary deadline. Second, the Government argues that the Subpoenas improperly seek to circumvent the federal discovery process, namely because the Subpoenas seek witness statements protected from pretrial disclosure under Federal Rule of Criminal Procedure 26.2 and 18 U.S.C. § 3500. Third, the Government argues that the Subpoenas fail to

meet the requirements of relevance, admissibility and specificity set forth in <u>United States v. Nixon</u>, 418 U.S. 683 (1974).

The Government moves to quash the Subpoenas[1] and to compel disclosure of all Rule 17(c) subpoenas issued and any responses received to date. For the reasons set forth below, the Court grants the Government's motion to quash and denies the Government's motion to compel.

## BACKGROUND

On September 11, 2025, Sun filed an *ex parte* application requesting the issuance of the Subpoenas pursuant to Rule 17(c). The Court inquired as to Sun's justification for proceeding *ex parte* and without notice to the Government. It was satisfied with the answers Sun provided. At that time, the Court was also satisfied with Sun's explanation of why the materials she was seeking met the <u>Nixon</u> requirements. The Court therefore authorized the issuance of the Subpoenas.

NYEC counsel accepted service on behalf of all entities. NYEC counsel then notified the Government of the Subpoenas.

## STANDARD

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates," and that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." "Rule 17(c) subpoenas are intended to 'expedite the trial by providing a time and place

---

[1] The Government argues, as a preliminary matter, that it has standing to move to quash the Subpoenas. Because Sun does not challenge the Government's standing to bring this motion, the Court assumes that the Government has standing.

2

before trial for the inspection of subpoenaed materials.'" United States v. Dupree, No. 10-cr-627, 2011 WL 2006295, at *3 (E.D.N.Y. May 23, 2011) (quoting United States v. Nixon, 418 U.S. 683, 698-99 (1974)). "Rule 17(c) is not 'a means of discovery in a criminal trial.'" Id. (quoting Nixon, 418 U.S. at 698).

A party seeking documents through subpoenas issued pursuant to Rule 17(c) has the burden of showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 699-700. Summarized, these requirements are "(1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

Rule 17 "provides no requirement that the non-moving party be notified, and no right for the Government to oppose or move to quash *ex parte* subpoenas." United States v. Ray, 337 F.R.D. 561, 569 (S.D.N.Y. 2020) (italics added). But "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

## DISCUSSION

The Court first addresses the Government's arguments concerning the facial invalidity of the Subpoenas: that the Subpoenas (1) improperly direct the recipients to produce the materials to the office of Sun's defense counsel, not to the Court; and (2) improperly direct the recipients to produce the materials by September 30, 2025, an "arbitrary" deadline given that the Court did not so-order the Subpoenas.

3

The Government's latter complaint is resolved. As explained by Sun in her opposition and as the Court now confirms, the Court did authorize Sun's Subpoenas before she issued them. The Government's concern about the "misuse or improvident use" of Rule 17 subpoenas without court authorization is thus unwarranted.

As for the Government's former complaint, the Government is wrong that directing the recipients to produce the materials to Sun's counsel rather than the Court "contradicts Rule 17." Rule 17(c)(1) plainly states that "[t]he court *may* direct the witness to produce the designated items in court[.]" (emphasis added). In fact, Rule 17(c)(1) does not even require that the opposing party have an opportunity to examine the materials produced in response to a Rule 17 subpoena. Rather, Rule 17(c)(1) states only that "the court *may* permit the parties and their attorneys to inspect all or part of" the responsive materials. (emphasis added). The Court exercised its discretion in allowing Sun to issue the Subpoenas directing the recipients to produce responsive materials to her rather than to the Court.

The Court next addresses the Government's argument that the Subpoenas are an inappropriate attempt to circumvent the discovery process. In particular, the Government claims that the Subpoenas seek witness statements that are protected from pretrial disclosure under Rule 26.2 and 18 U.S.C. § 3500.

Rule 17(h) provides, "No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." Rule 26.2 and 18 U.S.C. § 3500 require the government to turn over witness statements to a defendant if certain conditions are met, and define "witness statement" as:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;

4

>(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f); accord 18 U.S.C. § 3500(e) (substantially the same).

The Government argues that "interactions with PRC and Taiwanese government officials, the award of PPE contracts, and the scheduling of meetings" constitute or implicate witness statements. Although the Government has offered several cases where courts have rejected defendants' attempts to subpoena witness statements, the Government has not shown how the materials Sun seeks actually *are* or *contain* witness statements. By contrast, Sun maintains that she is seeking state records, not witness statements, and that she has no idea who the Government might call as witnesses at trial. On balance, the Court is not convinced that Sun's Subpoenas constitute an inappropriate attempt to circumvent the discovery process on the stated basis. But to the Government's credit, it is difficult to discern which of Sun's requests implicate witness statements because of their overbreadth.

Thus, the Court finally addresses the Government's argument that the Subpoenas fail to meet Nixon's requirements of relevance, admissibility, and specificity, and holds that Sun fails to satisfy the specificity requirement.

The party seeking a subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought" rather than "merely hop[e] that something useful will turn up." United States v. Sawinski, No. 00-cr-499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000). "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the

defense is engaging in the type of 'fishing expedition' prohibited by Nixon." United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013).

The Subpoenas are overbroad in the time periods they cover and the categories of documents they seek. The NYEC subpoena, for example, identifies three relevant time periods (one of which is 18 years long) and 24 categories of documents. These categories do not pinpoint specific documents – quite to the contrary, they repeatedly use the word "any" ("*any* meetings," "*any* written policies, rules, or guidance," "employees or representatives of *any* foreign nation, consulate, or embassy") to resist limiting their scope. Sun should have requested "identifiable pieces of evidence," not *any* documents that might fall into one of many broadly defined categories over a years-long period. See United States v. Barnes, No. 04-cr-186, 2008 WL 9359654, at *4 (S.D.N.Y. Apr. 2, 2008).[2]

The Subpoenas, "crafted to encompass such a broad swath of items," indicate that they were intended "as a discovery device rather than as a mechanism for obtaining specific admissible evidence." Barnes, 2008 WL 9359654, at *4. As a result, the Subpoenas do not meet the specificity requirement. The Court thus concludes that compliance with the Subpoenas would be unreasonable or oppressive, and grants the Government's motion to quash.

Lastly, the Court will not grant the Government a blanket ruling that defendants disclose all issued Rule 17(c) subpoenas and any responses received to date. There are

---

[2] The Subpoenas' failure to sufficiently specify the materials they seek likely dooms the relevance requirement as well. Even if Sun could establish the relevance of *some* of the evidence sought by the Subpoenas, the Subpoenas' overbreadth would prevent her from demonstrating the relevance of *all* of the evidence sought by the Subpoenas. See United States v. Maxwell, No. 20-cr-330, 2021 WL 1625392, at *3 (S.D.N.Y. Apr. 27, 2021).

no other Rule 17(c) subpoenas presently before the Court. If defendants request the issuance of a future subpoena for which there is no basis to proceed *ex parte*, the Court will provide notice to the Government and the Government will have an opportunity to object. If defendants request the issuance of a future subpoena for which there is basis to proceed *ex parte*, the Court will resolve the request without notice to the Government, see Ray, 337 F.R.D. at 569, and the Government will have a later opportunity to move to quash under Rule 17(c)(2) as they have had in this instance. As a result, the blanket ruling sought by the Government is denied.

## CONCLUSION

The Court grants the Government's motion to quash the Subpoenas and denies the Government's motion to compel disclosure of all Rule 17(c) subpoenas and responses.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
October 7, 2025