

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:AAS/RMP/ADR/AS
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 11, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Linda Sun, et al.
     Criminal Docket No. 24-346 (S-3) (BMC)

Dear Judge Cogan:

   The government respectfully submits this letter to provide updated information regarding the government's motion to compel filed earlier this morning. Minutes after the government filed its motion, the defense informed the government, *inter alia*, that the defense (1) would indeed be seeking a jury instruction on the registration exception embodied in 22 U.S.C. § 613(d)(2), (2) may raise inconsistent defenses at trial, and (3) sees no reason for a pretrial hearing on admissibility.

   For the reasons articulated in the motion to compel, most primarily the extreme likelihood that improper defense arguments will inevitably cause juror confusion and subvert the trial's truth-seeking function, the government believes a pretrial hearing on admissibility (or at least a hearing to establish proper boundaries or timings of permissible argument and introduction of evidence) remains prudent. This is particularly true where the defense arguments in the opposition to the government's motions *in limine* improperly meld elements of the affirmative defense with the substantive requirements for a criminal violation of the Foreign Agents Registration Act ("FARA") statute.

   This heightened risk of juror confusion is encapsulated in Sun's contention that "[e]vidence that Ms. Sun acted in accordance with federal foreign policy goes to the heart of that inquiry, and thus tends to disprove a central element of the government's case: control by a foreign principal." (ECF No. 190 at 14-15). As discussed in the motion to compel, this argument improperly incorporates the condition for a registration exception into the elements for a criminal FARA violation. At bottom, any alignment of political activities with federal interests has no relevance to the question of agency, where FARA defines "political activity" as "*any* activity" that may "in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing

the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party." *Id.* (emphasis added).  Permitting Sun to present evidence and to argue to the jury that she lacks agency because her political activities were in the U.S. interest is legally incorrect and constitutes nothing more than an invitation for juror nullification.

Accordingly, the government respectfully requests that the Court set a pretrial hearing to determine how it will police the introduction of evidence and argument by the defense in a manner such that the issues of agency and eligibility for an exemption remain properly segregated and delineated for the jury.  To facilitate this important exercise in maintaining the core function of the jury trial as a truth-seeking exercise, the Court should order the defense to disclose by October 20, 2025 any evidence supporting the affirmative defense under Section 613(d)(2).

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:   /s/ Alexander A. Solomon
    Alexander A. Solomon
    Robert M. Pollack
    Andrew D. Reich
    Amanda Shami
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of the Court (by ECF)
        Defense counsel (by ECF)