```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  UNITED STATES OF AMERICA,                   :
                                              :
                        Plaintiff,            :
                                              :   MEMORANDUM DECISION AND
                - against -                   :   ORDER
                                              :
  LINDA SUN,                                  :   24-cr-346 (BMC)
      also known as "Wen Sun," "Ling Da       :
      Sun," and "Linda Hu," and CHRIS HU,     :
                                              :
                        Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendant Linda Sun's motion for the issuance of Rule 17(c) subpoenas *duces tecum* to the New York State Executive Chamber ("NYEC") and Empire State Development ("ESD") and the Government's motion to quash the NYEC subpoena. Sun maintains that the proposed subpoenas have been "revised significantly in light of the Court's admonitions regarding specificity," and "are substantially more limited than the prior subpoenas that were quashed."

For the reasons stated below, Sun's motion is granted in part and denied in part, and the Government's motion is denied. The ESD subpoena is issued as-is, and the NYEC subpoena will be issued with certain modifications.

## BACKGROUND

Sun previously filed an *ex parte* application requesting the issuance of four Rule 17(c) subpoenas, of which one was directed to NYEC and another to ESD. The Court authorized issuance of the subpoenas. The Government learned of the subpoenas soon after and moved to quash them. The Court granted the Government's motion to quash,

finding that the subpoenas failed to meet the requirement of specificity set forth in United States v. Nixon, 418 U.S. 683 (1974).

On October 17, Sun filed a public motion requesting the issuance of Rule 17(c) subpoenas to NYEC and ESD. On October 20, the Government moved to quash only the subpoena to NYEC (and has since represented to the Court that it is not challenging the subpoena to ESD). The Government objects to only three of the NYEC subpoena's requests:

1. "Communications between foreign consulates" and five former New York State employees for the period from January 1, 2015 through December 31, 2023 ("Request B6");

2. "Copies of performance reviews or evaluations of" an employee from the proclamations office for the period from January 1, 2015 through December 31, 2023 ("Request B8"); and

3. "Communications directing Executive Chamber personnel to identify or locate potential vendors for obtaining or providing PPE" for the period from March 1, 2020 through August 31, 2020 ("Request C3").

## DISCUSSION

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates," and that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." "Rule 17(c) subpoenas are intended to 'expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'" United States v. Dupree, No. 10-cr-627, 2011 WL 2006295, at *3 (E.D.N.Y. May 23, 2011) (quoting Nixon, 418 U.S. at 698-99). "Rule 17(c) is not 'a means of discovery in a criminal trial.'" Id. (quoting Nixon, 418 U.S. at 698).

2

A party seeking documents through a Rule 17(c) subpoena has the burden of showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 699-700. Summarized, these requirements are "(1) relevancy; (2) admissibility; (3) specificity." Id. at 700.

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Because the Government challenges only three of the NYEC subpoena's requests, the Court is not going to quash the subpoena. Instead, the Court will evaluate whether compliance with the three challenged requests would be "unreasonable or oppressive," then modify the subpoena as necessary.

Request B6 does not satisfy the Nixon requirement of relevancy. Sun argues that these communications would show that Sun's conduct was consistent with a common practice, such that Sun "had no notice that she needed to register under FARA because no one else [engaging in similar conduct] did." This theory is too attenuated: Sun cannot infer a common practice from the communications of only five employees with select foreign consulates. Sun's alternative theory, that these employees "are people that [she] worked with, ... whose actions she was familiar with, and, therefore, the ones that would influence her own state of mind," is also too attenuated. For the requested communications to be relevant under this theory, Sun would have to establish that she

3

was familiar not just with these employees' actions, but with their communications to foreign consulates. Communications of which Sun was not aware could not have influenced her state of mind. Accordingly, the court excises Request B6 from the subpoena.

Request B8 does not satisfy the Nixon requirements of relevancy and specificity. Sun may call the employee as a witness, and thus seeks the employee's performance reviews, which are "most likely ... glowing," to rehabilitate the witness if impeached. But because Sun has not yet decided whether she will call this employee as a witness, the Court cannot conclude that the employee's performance reviews *are* relevant, as opposed to potentially relevant. Further, whether Sun chooses to call this employee as a witness may very well depend on the nature of the performance reviews. If the reviews are not "glowing" as Sun hopes them to be, but, in fact, reveal poor performance or even improprieties, Sun may choose not to call the employee as a witness. A Rule 17(c) subpoena may not be used as a discovery device, and the Court suspects that is what's happening here. Accordingly, the court excises Request B8 from the subpoena.

Request C3 also does not satisfy the Nixon requirements of relevancy and specificity. It seeks all communications to all personnel regarding obtaining PPE in 2020 at the height of the COVID-19 pandemic. This request is too broad. Sun seeks these communications as "context for what was happening during that period." This is not a relevant purpose. Sun has, however, offered to narrow Request C3 to request directives that she personally received. The Court finds that, if narrowed this way, Request C3 would be sufficiently specific and would lead to relevant evidence regarding Sun's understanding of her responsibilities and overall state of mind when she was tasked with

4

obtaining PPE from China. Therefore, Request C3 is modified to state, "Communications directing Linda Sun to identify or locate potential vendors for obtaining or providing PPE."

## CONCLUSION

The Court hereby grants-in-part and denies-in-part Sun's motion and denies the Government's motion. The ESD subpoena is issued as-is, and the NYEC subpoena will be issued once Sun revises it consistent with this opinion.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 22, 2025