# BRACEWELL

November 5, 2025

**BY ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *United States v. Linda Sun and Chris Hu*, 24 CR-346 (S-4) (BMC)

Dear Judge Cogan:

Defendant Chris Hu, on behalf of both defendants, respectfully submits this motion to preclude the government from using at trial the contents of a computer (the "Computer") that was seized from defendants' residence in July 2024, but from which material was only recently provided to the defense on November 4, 2025, six days before trial is scheduled to begin. Based on conversations with the government and an initial review of metadata for the drive, the defense understands that the data on the drive—which we have not yet even been able to review as it was produced by the government in an unusable file format—totals approximately 1 terabyte (TB).[1]

## I. Background

Jury selection begins on November 10, 2025. Months ago, the Court warned the government that "[y]ou've got to get them the discovery on which the new counts are based right away, because I do want to try this case in the fall." Tr. of Proceedings dated June 16, 2025 at 6:7. Since then, the government has given every indication that it is prepared to try this case based on the evidence already produced to the

---

[1] For context, 1 TB can store between several million to tens of millions of pages depending on file type and size. The government has informed the defense that it is considering whether it is able to provide the Computer data in a different format.

**David A. Shargel**
*Partner*

T: +1.212.508.6154     F: 800.404.3970
31 W. 52nd Street, Suite 1900, New York, New York 10019-0019
david.shargel@bracewell.com     bracewell.com

AUSTIN  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  PARIS  SAN ANTONIO  SEATTLE  WASHINGTON, DC

# BRACEWELL

Hon. Brian M. Cogan
November 5, 2025
Page 2

defense. *See* Tr. of Proceedings dated Aug. 26, 2025 at 11:17 (representing that "little odds and ends may trickle in, but they essentially have all of the discovery that we will be using to try this case").[2]

Nevertheless, as discussed at the final pretrial conference on October 20, 2025, the government has produced upwards of 30,000 pages of materials just since the beginning of October. *See* Tr. of Proceedings dated Oct. 20, 2025 at 6–11. As the Court noted, the volume of the government's recent pretrial productions is unusual. *See id.* at 10:9–12 ("What troubles me from what you have said, and this is what I want the government specifically to respond to, is this does not seem like last minute cleanup. This seems like a ton of documents . . . .").

Recent disclosures by the government have again put the defense in a difficult position. On October 31, 2025, the government informed the defense that it had recently gained access to the Computer, and that the defense would need to provide a drive to receive a copy of the data. The defense promptly did so, and a copy was produced to the defense on November 4, 2025. *See* Dkt. 244. As noted, the size of the extraction of the Computer appears to be 1 TB, but the defense has not yet been able to access the contents due to the format in which the data was provided. On November 3, 2025, the government sought and obtained a warrant to expand its review of the Computer to include evidence related to charges later added via superseding indictments months after the Computer was seized. *See* Dkt. 243.

Upon reviewing metadata in the production, the defense learned that the Computer was actually accessed weeks earlier on October 17, 2025. Although this was prior to the final pretrial conference on October 20—at which the Court and the parties specifically discussed belated access to additional devices, *see id.* at 11:18–13:2—the government made no mention of the newly-accessed Computer, and neither the Court nor the defense was alerted that another significant tranche of data was looming. After inquiring further with the government, the defense understands that between October 17 and October 31 the government struggled with technical issues related to preparing the Computer extraction for review; however, it appears that the government was (or should have been) aware that the Computer had been accessed before the conference on October 20.

II.   Discussion

The defense has attempted to mitigate any prejudice from this course of events. Given the prior discussion during the final pretrial conference, the government's repeated representations that discovery was "essentially complete" and the defense had all information that would be used to try this case, and proximity of the sizeable production to trial, the defense asked whether the government would agree to self-suppress the contents of the Computer. The government declined.

---

[2] The Court had previously warned the government that "[y]ou've got to get them the discovery on which the new counts are based right away, because I do want to try this case in the fall." Tr. of Proceedings dated June 16, 2025 at 6:7.

# BRACEWELL

Hon. Brian M. Cogan
November 5, 2025
Page 3

The defense then inquired when the government would complete its review of responsive material, so that the defense could see what the government had seized and assess any grounds for suppression. The government responded that it would provide responsive records on a rolling basis, rather than one complete report. As the government seemingly anticipates providing rolling productions throughout the trial, the defense then asked if the government would waive objections to the defense advancing suppression arguments during trial. *See* Fed. R. Crim. P. 12(a)(3)(C), (E) (indicating that motions for "suppression of evidence" or relating to "discovery under Rule 16" generally should be made before trial). The government again declined, stating that if the defense wishes to seek suppression it must do so before a jury is empaneled.

The Computer is undoubtedly covered by Rule 16; not only does it belong to the defendants, but the government has indicated its intent to obtain and produce material from the Computer pursuant to its discovery obligations that it may seek to use at trial. *See* Fed. R. Crim. P. 16(a)(1)(E). Among other remedies available to the Court under Rule 16(d)(2)(C) is the discretion to prohibit the introduction of evidence at trial. *See* Fed. R. Crim. P. 16(d).

Defendants should not be forced to abandon their right to a speedy and public trial merely because the government continues to acquire and produce large quantities of material that may or may not be relevant. They certainly should not have to make that choice based on material that was accessed weeks ago. And there is significant prejudice to the defense given the quantity of data, the government's apparent intention to review and produce new material throughout trial, and the government's opposition to any effort to seek suppression once trial begins (even though the defense will not yet know what was seized).

### III.     Conclusion

As noted, the defense has tried to address this issue with the government, but has been unable to reach a resolution that does not prejudice the defendants. Accordingly, the defense respectfully requests that the Court either (i) preclude any party from offering evidence obtained from the Computer at trial or (ii) require the government to complete its responsiveness review no later than November 9, 2025, and permit the defense to raise any suppression arguments no later than November 16, 2025.[3] If the Court declines either form of relief defendants remain prepared to proceed to trial as scheduled.

---

[3] The government also should not be permitted to offer evidence obtained from the Computer during its case-in-chief prior to a ruling on any suppression arguments.

# BRACEWELL

Hon. Brian M. Cogan
November 5, 2025
Page 4


Respectfully submitted,

/s/ David A. Shargel

David A. Shargel


cc:	Counsel of Record (via ECF)