AFM:AAS/RMP/ADR/AS
F. #2021R00600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | PROPOSED JURY CHARGE |
| - against - | No. 24-CR-346 (S-4) (BMC) |
| LINDA SUN,<br>　　　also known as "Wen Sun," "Ling Da<br>　　　Sun," and "Linda Hu," and<br>CHRIS HU, | |
| 　　　　　Defendants. | |

– – – – – – – – – – – – – – – – –X

## THE GOVERNMENT'S REQUESTS TO CHARGE

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Alexander A. Solomon
Robert M. Pollack
Andrew D. Reich
Amanda Shami
Assistant United States Attorneys

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 4

PART ONE: GENERAL INSTRUCTIONS ........................................................... 5

REQUEST NO. 01 — General Instructions ........................................................ 5

PART TWO: ADDITIONAL GENERAL INSTRUCTIONS ............................... 7

REQUEST NO. 02 — Testimony of Law Enforcement Witnesses ........................ 7

REQUEST NO. 03 — Particular Investigative Technique Not Required ............... 8

REQUEST NO. 04 — Evidence Obtained Lawfully ............................................ 9

REQUEST NO. 05 — All Available Evidence Need Not Be Produced ................. 10

REQUEST NO. 06 — Persons Not on Trial ...................................................... 11

REQUEST NO. 07 — Expert Witness .............................................................. 12

REQUEST NO. 08 — Witness Interviews (If Applicable) ................................. 13

REQUEST NO. 09 — Transcripts of Recordings (If Applicable) ....................... 14

REQUEST NO. 10 — Charts and Summaries .................................................... 15

REQUEST NO. 11 — Translations (If Applicable) ........................................... 16

REQUEST NO. 12 — Admission of Codefendant Statement (If Applicable) ........ 17

PART THREE: INSTRUCTIONS RELATING TO THE ALLEGED CRIMES ........ 18

REQUEST NO. 13 — The Indictment ............................................................. 18

REQUEST NO. 14 — Venue ........................................................................... 20

REQUEST NO. 15 — Knowingly, Intentionally and Willfully ........................... 22

REQUEST NO. 16 — Conscious Avoidance (If Applicable) ............................... 24

REQUEST NO. 17 —Conspiracy Generally ..................................................... 25

REQUEST NO. 18 — Count One: Conspiracy to Violate FARA ........................ 31

REQUEST NO. 19 — Count Two: Failure to Register Under FARA ................... 34

REQUEST NO. 20 — Count Three: Visa Fraud ............................................... 40

REQUEST NO. 21 — Counts Four through Seven: Bringing in Aliens ................ 43

REQUEST NO. 22 — Count Eight: Conspiracy to Commit Honest Services Wire Fraud ...... 46

REQUEST NO. 23 — Count Nine: Honest Services Wire Fraud ........................ 48

REQUEST NO. 24 — Count Ten: Federal Program Bribery .............................. 58

REQUEST NO. 25 — Count Eleven: Conspiracy to Commit Federal Program Theft or Bribery ........ 63

REQUEST NO. 26 — Count Twelve: Conspiracy to Commit Bank Fraud ............ 70

REQUEST NO. 27 — Count Thirteen: Misue of Means of Identification ............. 76

REQUEST NO. 28 — Count Fourteen: Money Laundering Conspiracy ................................. 80

REQUEST NO. 29 — Counts Fifteen through Seventeen: Money Laundering ..................... 85

REQUEST NO. 30 — Counts Eighteen and Nineteen: Tax Evasion ...................................... 89

REQUEST NO. 31 — Aiding and Abetting ........................................................................... 92

REQUEST NO. 32 — Co-Conspirator Liability .................................................................... 95

## **PRELIMINARY STATEMENT**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury and requests leave to offer additional instructions as they become appropriate during the course of the trial.   The government further respectfully requests that copies of the jury instructions be provided to the jurors during their deliberations.

# PART ONE: GENERAL INSTRUCTIONS

### REQUEST NO. 01 — General Instructions

The government requests that the Court charge the jury in its usual manner on the following general rules and principles:

1. Function of the Court and the Duties of the Jury

2. The Court Has No View

3. Parties Equal

4. No Sympathy or Bias

5. No Questioning Wisdom of Law

6. Indictment as Accusation Only

7. Burden of Proof

8. Defendants' Right Not to Testify (*if applicable*)

9. Defendants' Testimony (*if applicable*)

10. Reasonable Doubt

11. Presumption of Innocence

12. What Is Evidence

13. What Is Not Evidence

14. Types of Evidence – Direct and Circumstantial Evidence

15. Weigh All Evidence

16. Separate Counts

17. Dates Approximate

18. Credibility

19. Inconsistent Statements

20.    Character Evidence (*if applicable*)

21.    Stipulations (*if applicable*)

22.    Cautionary and Limiting Instructions (*if applicable*)

23.    Statements and Conduct of Counsel

24.    Objections

25.    Punishment

26.    Jurors' Recollection Governs

27.    Permissible Inferences Drawn from Evidence

28.    Ignore External Sources of Information

29.    Jury Communications with Lawyers and the Court

30.    Deliberations

31.    Unanimous Verdict

## **PART TWO: ADDITIONAL GENERAL INSTRUCTIONS**

### REQUEST NO. 02 — Testimony of Law Enforcement Witnesses

During the trial, you heard the testimony of law enforcement witnesses. The fact that a witness is or was employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration, or greater or lesser weight, than that of non-law enforcement witnesses. You should evaluate such testimony in the same manner as you would the testimony of any other witness.

Authority: Adapted from Sand et al., Modern Federal Jury Instructions—Criminal ("Sand Instr.") 7-16; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 12 (E.D.N.Y. Aug. 7, 2024); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7237 (E.D.N.Y. Oct. 14, 2022); *United States v. Harris*, *United States v. White*, No. 09-CR-351 (ILG), ECF No. 144, Tr. at 334 (E.D.N.Y. Aug. 8, 2012); *United States v. Wilson*, 08-CR-690 (BMC) (E.D.N.Y. Mar. 17, 2009).

REQUEST NO. 03 — Particular Investigative Technique Not Required

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means. While you are carefully to consider the law enforcement evidence introduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern. Your concern is to determine whether, on the evidence or lack of evidence, the government has proven its case beyond a reasonable doubt.

Authority:  Adapted from Sand Instr. 4-4; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 15 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 9 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7238 (E.D.N.Y. Oct. 14, 2022).

<u>REQUEST NO. 04 — Evidence Obtained Lawfully</u>

During the trial in this case, you have heard evidence concerning a variety of investigative techniques and methods of collecting evidence, including evidence seized or obtained in connection with certain searches conducted by law enforcement officers, or otherwise obtained by law enforcement. Evidence was properly admitted in this case and may be considered by you. I instruct you that any evidence that was presented to you was obtained legally and you may consider it. The propriety of the methods used to collect evidence or investigate should not enter into your deliberations in any respect.

You must, therefore, regardless of your personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the government has proved the defendants guilty beyond a reasonable doubt.

<u>Authority</u>: Adapted from *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 16 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 10 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7237 (E.D.N.Y. Oct. 14, 2022).

<u>REQUEST NO. 05 — All Available Evidence Need Not Be Produced</u>

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Both the Government and the defense have the same right to subpoena witnesses to testify on their behalf. There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. Nor does the law require the government to produce as exhibits all papers and things mentioned during the course of the trial. Your concern is to determine whether or not, on the evidence presented or lack of evidence, the defendants' guilt has been proved beyond a reasonable doubt.

I remind you, however, that because the law presumes that the defendants are innocent, the burden of proving their guilt beyond a reasonable doubt is on the government throughout the trial. The defendants do not have the burden of proving their innocence or of producing any evidence or calling any witnesses at all.

<u>Authority</u>: Adapted from Sand Instr. 6-7; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 15 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 9, 13 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7242-43 (E.D.N.Y. Oct. 14, 2022).

<u>REQUEST NO. 06 — Persons Not on Trial</u>

During this trial, you have heard evidence about the involvement of certain other people in the conduct referred to in the Indictment besides the defendants. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that certain persons are not on trial before you. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial. Your concern is solely the defendants on trial before you.

<u>Authority</u>: Adapted from *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 8 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 11 (E.D.N.Y. June 20, 2023).

<u>REQUEST NO. 07 — Expert Witness</u>

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

<u>Authority</u>: Adapted from Sand Instr. 7-21; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 13 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 6 (E.D.N.Y. June 20, 2023).

<u>REQUEST NO. 08 — Witness Interviews (If Applicable)</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual to call a witness without such consideration.

<u>Authority</u>: Adapted from *United States v. Dieuverson Caille*, No. 20-CR-547 (DC), ECF No. 194, Tr. at 1018 (E.D.N.Y. June 5, 2023); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 8 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7240 (E.D.N.Y. Oct. 14, 2022).

<u>REQUEST NO. 09 — Transcripts of Recordings (If Applicable)</u>

The Government has been permitted to distribute or use transcripts, some in the form of subtitles, containing the Government's interpretation of what was said on English-language audio or video recordings that were received into evidence. Those transcripts were provided to you as an aid or guide to assist you in listening to the recordings. However, they are not in and of themselves evidence. You alone should decide what appears on the recordings based on what you heard. If you think you heard something differently than it appeared on the transcript, then what you heard controls.

<u>Authority</u>: Adapted from Sand Instr. 5-9; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 18 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 11 (E.D.N.Y. June 20, 2023).

REQUEST NO. 10 — Charts and Summaries

The government has presented exhibits in the form of charts and summaries.  These charts and summaries were admitted in place of the underlying documents that they represent to save time and avoid unnecessary inconvenience.  You should consider the charts and summaries received into evidence as you would any other evidence.

Authority: Adapted from Sand Instr. 5-12; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 18 (E.D.N.Y. Aug. 7, 2024).

<u>REQUEST NO. 11 — Translations (If Applicable)</u>

During the trial, you have heard from some witnesses who testified in Mandarin or Cantonese, and whose testimony was translated into English. You have also been shown documents and recordings that were partially or entirely written in Chinese, and you were provided with English translations of those documents or portions of documents and recordings. The English translations of those documents and recordings have been agreed upon by the parties. Chinese-to-English translations of that evidence have been admitted into evidence. All jurors must consider the same evidence. If any of you speak Mandarin or Cantonese or read Chinese, you must all base your decision on the evidence presented in the English translations. These translations are evidence, not just guides, and I instruct you to consider them just like any other evidence in this case.

<u>Authority</u>: Adapted from *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 17 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 10 (E.D.N.Y. June 20, 2023).

<u>REQUEST NO. 12 — Admission of Codefendant Statement (If Applicable)</u>

The government introduced evidence that the defendants each made statements to law enforcement prior to their arrests. You are cautioned that the evidence of each defendant's statement to law enforcement about his or her own conduct may not be considered or discussed by you in any way with respect to the other defendant. In other words, you may consider Linda Sun's statement to law enforcement only in resolving whether Linda Sun is guilty or not guilty of a charge, and not in resolving whether Chris Hu is guilty or not guilty of a charge. And you may consider Chris Hu's statement to law enforcement only in resolving whether Chris Hu is guilty or not guilty of a charge, and not in resolving whether Linda Sun is guilty or not guilty of a charge.

<u>Authority</u>: Adapted from Sand Instr. 5-20; Third Circuit Model Criminal Jury Instruction 4.33.

## PART THREE: INSTRUCTIONS RELATING TO THE ALLEGED CRIMES

### REQUEST NO. 13 — The Indictment

The defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is not evidence—it is a charge or accusation. The Indictment in this case charges nineteen separate counts, or offenses, and you will be called upon to render a separate verdict on each count as to each defendant named in that count. I will go over them in detail, but let me summarize them now.

- Count One charges defendant Linda Sun with conspiracy to violate the Foreign Agents Registration Act.

- Count Two charges Ms. Sun with failing to register under the Foreign Agents Registration Act.

- Count Three charges Ms. Sun with visa fraud.

- Counts Four through Seven charge Ms. Sun with illegally bringing aliens into the United States.

- Count Eight charges both defendants with conspiracy to commit honest services wire fraud.

- Count Nine charges both defendants with honest services wire fraud.

- Count Ten charges both defendants with federal program bribery.

- Count Eleven charges both defendants with conspiracy to commit federal program theft or bribery.

- Count Twelve charges defendant Chris Hu with conspiracy to commit bank fraud.

- Count Thirteen charges Mr. Hu with misuse of a means of identification.

- Count Fourteen charges both defendants with money laundering conspiracy.

- Counts Fifteen through Seventeen charge Mr. Hu with money laundering.

- Counts Eighteen and Nineteen charge Mr. Hu with tax evasion.

You must consider each count of the Indictment and each defendant's alleged involvement in that count separately, and you must return a verdict on each count as to each defendant named in that count. Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other counts.

There is one last point I want to make about the Indictment. Some of the counts in the Indictment accuse the defendants of committing an offense in more than one way, where the various ways are joined by the word "and." This is a result of how the government formalizes its charges, and it is not a statement of the law. In these instances, it is enough for a finding of guilt if the evidence establishes beyond a reasonable doubt the violation of the statute by any one of the different ways charged. A shorter way of saying this is that in the Indictment, and in this situation, "and" means "or."

Authority:  Adapted from Sand Instr. 3-1; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 19 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 19 (E.D.N.Y. June 20, 2023); *United States v. Asainov*, No. 19-CR-402 (NGG), ECF No. 168-2 at 10 (E.D.N.Y. Feb. 7, 2023) (meaning of "and").

## REQUEST NO. 14 — Venue

In addition to the elements of the crimes charged that I have described for you, you must decide whether each of the charged crimes occurred, in whole or in part, within the Eastern District of New York. This is a concept known as "venue." You are instructed that the Eastern District of New York includes the following counties: Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk. In addition, the Eastern District of New York includes the waters within New York and Bronx Counties, which include the waters surrounding the island of Manhattan that separate Manhattan from the other boroughs of New York City and from the State of New Jersey, as well as the air space above the district or the waters in the district.

To establish that venue for each of the charged crimes is appropriate in the Eastern District of New York, the government must prove that some act in furtherance of the crime occurred here. This means that with respect to each of the crimes charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York so long as some act in furtherance of the crime took place in this district. Indeed, a defendant need not personally have been present in the district for venue to be proper. Venue turns on whether any part of the crime or any act in furtherance of the offense was committed in the district.

In a conspiracy, such as the conspiracies charged in Counts One, Eight, Eleven, Twelve and Fourteen, actions of co-conspirators, as well as actions caused by co-conspirators, are sufficient to confer venue if it was reasonably foreseeable to the defendant that the acts would occur in the Eastern District of New York.

Venue can be conferred in a number of different ways. Venue can be conferred based on physical presence or conduct, and passing through a district in furtherance of a crime or a criminal conspiracy, including passing through or over waters, can be sufficient to confer venue. Venue also lies in any district where electronic communications in furtherance of a crime or criminal conspiracy are sent or received and any district through which electronic communications are routed. Venue is also proper where a telephonic communication in furtherance of a crime was made and where it was received. The government need not prove all of these bases of venue; any one is sufficient.

While the government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, venue need only be proved by the lesser standard of "preponderance of the evidence." To prove something by a preponderance of the evidence means simply to prove that the fact is more likely true than not true.

Authority: Adapted from *United States v. Full Play Group, S.A., et al.*, No. 15-CR-252 (PKC), ECF No. 1963 at 23 (E.D.N.Y. Mar. 9, 2023); *United States v. Ng Chong Hwa*, No. 18-CR-538 (MKB), ECF No. 197 at 20 (E.D.N.Y. April 7, 2022); *see also United States v. Royer*, 549 F.3d 886, 896 (2d Cir. 2008); *United States v. Ramirez*, 420 F.3d 134, 147 n.11 (2d Cir. 2005).

<u>REQUEST NO. 15 — Knowingly, Intentionally and Willfully</u>

During these instructions, you will hear me use the terms "knowingly," "intentionally" and "willfully." I will define these terms for you now.

<u>Knowingly</u>

To act "knowingly" means to act purposefully and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by his or her conduct and by all of the facts and circumstances surrounding the case.

<u>Intentionally</u>

A person acts "intentionally" when he or she acts deliberately and purposefully. That is, the person's acts must have been the product of his or her conscious, objective decision, rather than the product of a mistake or accident. You may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done. It is sufficient that a defendant intentionally engages in conduct that the law forbids. The defendant need not have been aware of the specific law that his or her conduct may have violated.

<u>Willfully</u>

An act is done "willfully" if it is done with a wrongful purpose, that is, with awareness that the defendant was doing an unlawful act. While the government must show that the defendant knew that the conduct was unlawful, it is not necessary for the government to show that the defendant was aware of the specific law, rule, or regulation that the conduct may have violated. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake. A defendant who has a good faith belief that the underlying conduct was lawful does not act willfully.

Whether a person acted knowingly, intentionally or willfully is a question of fact for you to determine, like any other fact question. Direct proof of a defendant's state of mind is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and intent may be established by circumstantial evidence, such as a person's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Authority: Adapted from Sand Instr. 3A-1, 3A-3, 3A-4; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 20 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 17 (E.D.N.Y. June 20, 2023); *United States v. Gentile et al.*, No. 21-CR-54 (RPK), ECF No. 466 at 20 (E.D.N.Y. July 28, 2024).

<u>REQUEST NO. 16 — Conscious Avoidance (If Applicable)</u>

In determining whether a defendant acted knowingly, you may also consider whether the defendant deliberately closed his or her eyes to what would otherwise have been obvious to him or her. This element may be satisfied if you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid learning the truth (or that the defendants' ignorance was solely and entirely the result of a conscious purpose to avoid learning the truth). However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

For an example applicable to the fraud charges in the Indictment, if you find beyond a reasonable doubt that a defendant was aware that there was a high probability that false or misleading statements, representations or omissions were being made, and that the defendant acted in deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that a defendant actually believed that the false or misleading statements, representations or omissions were true, he or she may not be convicted. It is entirely up to you whether you find that a defendant deliberately closed his or her eyes and any inferences to be drawn from the evidence on this issue.

<u>Authority</u>: Adapted from Sand Instr. 3A-2; *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 18 (E.D.N.Y. June 20, 2023); *United States v. Gentile et al.*, No. 21-CR-54 (RPK), ECF No. 466 at 28 (E.D.N.Y. July 28, 2024).

<u>REQUEST NO. 17 —Conspiracy Generally</u>

Counts One, Eight, Eleven, Twelve and Fourteen charge one or both defendants with entering into conspiracies.  A conspiracy is an agreement or an understanding, between two or more people, to accomplish a criminal or unlawful purpose.  In this case, Count One charges defendant Sun with conspiracy to violate the Foreign Agents Registration Act; Count Eight charges both defendants with conspiracy to commit honest services wire fraud; Count Eleven charges both defendants with conspiracy to commit federal program theft or bribery; Count Twelve charges defendant Hu with conspiracy to commit bank fraud; and Count Fourteen charges both defendants with money laundering conspiracy.

In other counts in the Indictment, one or more defendant is charged with the substantive offenses of failing to register under the Foreign Agents Registration Act (Count Two), and committing honest services wire fraud (Count Nine), federal program bribery (Count Ten) and money laundering (Counts Fifteen through Seventeen).  However, the crime of conspiracy, an agreement to violate a law, is an independent offense separate and distinct from the violation of any specific law.  Thus, for example, Count Eight, which charges the defendants with conspiring to commit honest services wire fraud, is separate and distinct from Count Nine, which charges the defendants with committing honest services wire fraud.  The government need not prove that the defendant actually committed the unlawful act charged as the object of the conspiracy to have engaged in a conspiracy.  Rather, if you find that the defendant agreed to commit the crime that is the object of the conspiracy, then you should find the defendant guilty of conspiracy.

If a conspiracy exists, even if it fails to achieve its purpose, it is still a punishable crime.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime

even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct and it increases the likelihood of success of a particular criminal venture. Accordingly, you may find one or both defendants guilty of the honest services wire fraud conspiracy charged in Count Eight even if you find that they did not violate the law prohibiting honest services wire fraud, as charged in Count Nine. Similarly, you may find defendant Sun guilty of conspiring to violate the Foreign Agents Registration Act even if you find that she did not violate the Foreign Agents Registration Act. You may find defendant Hu guilty of conspiring to commit bank fraud even if you find that he did not violate the law prohibiting bank fraud. And you may find either defendant guilty of conspiring to commit federal program theft or bribery, or conspiring to commit money laundering, even if you find that neither defendant violated the laws prohibiting federal program theft or bribery and money laundering.

All of the conspiracies charged by the government in the Indictment have at least two elements. The conspiracies charged in Counts One and Eleven have additional elements, and I will instruct you on those later.

The following are the two elements shared by all of the charged conspiracies that the government must establish beyond a reasonable doubt:

First, that two or more persons entered into the unlawful agreement to commit a crime; and

Second, that the defendant was a member of that conspiracy knowingly and, depending on the Count, either intentionally or willfully.

First Element:  The Existence of a Conspiracy

The first element requires that the government prove that at least two conspirators had a meeting of the minds and that they agreed to work together to accomplish the object of the charged conspiracy.

You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  To establish a conspiracy, the government is not required to prove that the conspirators sat around a table and entered into a solemn contract orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plan, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.  Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding.  A conspiracy, by its very nature, is almost invariably secret in both origin and execution.  Therefore, it is sufficient for the government to show that the conspirators somehow came to a mutual understanding, even if unspoken, to accomplish an unlawful act by means of a joint plan or common scheme.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the object of the conspiracy.  You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to

be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Second Element:  Membership in a Conspiracy

The second element that the government must prove is that the defendant was a member of the conspiracy.  Proof of financial interest in the outcome of the scheme is not essential. Although, if you find that the defendant did have a financial interest in the outcome of a scheme, you may consider that as evidence of a defendant's motive to join the conspiracy.

The defendant's knowledge is a matter of inference from the facts proved.  To become a member of the conspiracy, a defendant need not have known the identities of every other member, nor need he have been apprised of all of their activities.  A defendant need not have been fully informed of all the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

In addition, the extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  A defendant need not have joined in all of a conspiracy's unlawful objectives.  In other words, the law does not require a defendant to play an equal role in the conspiracy as another conspirator.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the circle of the conspiracy.  The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.  Thus, if you find that the

conspiracy existed, and if you further find that a defendant participated in it, the extent or degree of his or her participation is not material.

However, mere association with another member of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself or herself. The mere presence at a place where criminal conduct is underway does not, by itself, make a person a member of a conspiracy to commit that crime either. Similarly, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and, depending on the count, either intentionally or willfully joined the conspiracy to aid in the accomplishment of its objectives. I have already instructed you as to the definitions of "knowingly," "intentionally" and "willfully" and you should apply those instructions here.

Co-Conspirator Statements and Criminal Liability

The charges against the defendants allege that they participated in conspiracies. In that regard, I admitted into evidence the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an

unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy, and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. Whether the acts, declarations, statements and omissions of any member of the conspiracy are reasonably foreseeable to the defendant are factual questions for your determination.

Thus, if you find beyond a reasonable doubt that a defendant was a member of a conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy at the time those acts were committed or statements were made may be considered against that defendant so long as the acts or statements were reasonably foreseeable to the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his or her knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence of, and in furtherance of, the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a defendant.

Authority: Adapted from Sand Instr. 19-2, 19-3, 19-4, 19-6, 19-7, 19-8; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 22 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 20 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7212 (E.D.N.Y. Oct. 14, 2022); *United States v. Full Play Group, S.A., et al.*, No. 15-CR-252 (PKC), ECF No. 1963 at 26 (E.D.N.Y. Mar. 9, 2023).

<u>REQUEST NO. 18 — Count One: Conspiracy to Violate FARA</u>

Count One of the Indictment charges Ms. Sun with conspiring to violate the Foreign Agents Registration Act, as follows:

> In or about and between January 2015 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, did knowingly and willfully conspire to commit an offense against the United States, to wit, to knowingly and willfully act as an agent of a foreign principal, namely, the Government of the People's Republic of China and the Chinese Communist Party, without registering with the Attorney General, as required by law, in violation of Title 22, United States Code, Sections 612 and 618.

The relevant portion of the conspiracy statute, Title 18, United States Code, Section 371, provides that:

> If two or more persons conspire [] to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a crime].

In order for you to find the defendant guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, a conspiracy existed;

<u>Second</u>, the defendant knowingly and willfully became a member of the conspiracy; and

<u>Third</u>, an overt act was committed in furtherance of the conspiracy.

I will now explain each element in more detail.

<u>First Element – Existence of a Conspiracy</u>

The first element is that a conspiracy existed. That is, that two or more persons entered into an unlawful agreement to violate the Foreign Agents Registration Act. I will describe

the elements of such a violation in connection with Count Two. I have already instructed you on the definition of conspiracy and you should apply that instruction here.

Second Element – Membership in the Conspiracy

The second element is that the defendant knowingly and willfully became a member of the conspiracy. I have previously instructed you on the terms "knowingly" and "willfully," and you should apply those instructions here.

Third Element – Commission of Overt Act

The third element requires that the government prove one overt act. An overt act is any action intended to help the object of the conspiracy. To sustain its burden of proof with respect to Count One, the government must prove beyond a reasonable doubt that at least one overt act was knowingly committed in furtherance of that conspiracy by at least one of the co-conspirators, either the defendant or any other member of the conspiracy. The defendant need not be the person who committed the act.

Count One of the Indictment alleges the following overt acts with respect to conspiring to violate the Foreign Agents Registration Act:

a.   On or about August 30, 2018, SUN drafted a fake employment letter for CC-1.

b.   On or about August 7, 2019, in a message to PRC Official-1, SUN explained, "[a]s you know, I have successfully blocked all formal and informal meetings between [Politician-1, Politician-2,] and TECO. I myself have maintained a bare minimum of a relationship with them." In the same message, SUN also asked for direction as to how to address a request from TECO.

c.   In or about 2019, SUN drafted an invitation letter dated September 18, 2019, in support of a visit by a delegation from Henan Province to New York State.

d.　　On or about March 6, 2020, SUN arranged for PRC Official-4 to listen to a non-public New York State government conference call.

e.　　In or about January 2021, SUN removed references to the plight of the Uyghur people from Politician-2's Lunar New Year message.

It is not required that all of the overt acts alleged in the Indictment be proven; indeed, the government is required to prove only that one overt act occurred. Nor is it required that the government prove that the overt act was committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated. Similarly, you need not find that the defendant herself committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, because, under the law, such an act becomes the act of all the members of the conspiracy.

An overt act does not have to be a criminal act, but it must contribute to advancing a goal of the conspiracy. You should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

Authority: Adapted from *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 23 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 23 (E.D.N.Y. June 20, 2023); *United States v. Pikus*, No. 16-CR-329 (AMD), ECF No. 382 at 50 (E.D.N.Y. Nov. 15, 2019).

<u>REQUEST NO. 19 — Count Two: Failure to Register Under FARA</u>

Count Two of the Indictment charges Ms. Sun with acting as an unregistered agent for the Government of the People's Republic of China and/or the Chinese Communist Party in violation of the Foreign Agents Registration Act.   As I previously instructed, Ms. Sun is also charged in Count One with conspiring to violate the Foreign Agents Registration Act.   The indictment reads as follows with respect to Count Two:

> In or about and between August 2019 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, knowingly and willfully acted and caused others to act as an agent of a foreign principal, namely, the Government of the People's Republic of China and the Chinese Communist Party, without registering with the Attorney General, as required by law.

The relevant statute on this topic is Title 22, United States Code, Section 612, which states in relevant part that:

> No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto as required by [law].

In order for you to find the defendant guilty of Count Two, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant acted in the United States as an agent of a foreign principal, in this case the Government of the People's Republic of China and/or the Chinese Communist Party;

<u>Second</u>, that the defendant failed to submit a true and complete registration statement with the Attorney General of the United States detailing information about the defendant's agency as required by law; and

<u>Third</u>, that the defendant acted willfully.

A "foreign principal" includes a government of a foreign country, along with that government's officials, officers and employees; a foreign political party; and a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country. A "foreign principal" also includes a person outside of the United States who is not a citizen of and is not domiciled within the United States.

An "agent of a foreign principal" is any person who acts as an agent, representative, employee, or servant of a foreign principal, or who acts in any other capacity at the order or request, or under the direction or control, of a foreign principal or of a person whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal. An agent of a foreign principal also includes any person who agrees, consents, assumes, or purports to act as, or holds him or herself out to be, whether or not pursuant to a contractual relationship, an agent of a foreign principal.

To act as an agent of a foreign principal, the person must, within the United States, engage in or agree to engage in political activities for or in the interests of the foreign principal.

The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party. I instruct you that New York State lawmakers and members of the New York State executive branch (the governor's office) are a "section of the public within the United States."

The term "influence" has its common meaning, which is to affect or alter by indirect or tangible means.

A person acts as an "agent of a foreign principal" if he or she acts under the order, direction, or control of a foreign principal, or at the request of a foreign principal. The ultimate question is whether an individual is not acting independently, such as by simply stating or believing his or her own views, but is instead taking direction or acting in response to a request. It is not necessary that the foreign principal have control over the individual. It is sufficient to establish agency by showing that a person is a representative of the foreign principal or acts at its request.

In this regard, to be an "agent of a foreign principal," a person must do more than act in parallel with a foreign principal's interests or independently pursue a mutual goal. However, a foreign principal or official's role in the relationship does not need to mirror an employer's control over the workings of an employee, with the foreign principal dictating both the desired outcome and the precise means of achieving it. Nor does there need to be any legal duty, such as a contract, requiring the agent to comply with the foreign principal's directives.

The agency relationship between a defendant and a foreign principal may be established either by direct contact between the agent and foreign principal or through an intermediary or intermediaries. An agreement to act as an agent of a foreign principal need not be contractual or formalized, nor must payment or other compensation or specific benefit be received or bargained for. The law also does not require that an agent be effective or successful, or that they act with any particular motive, and the effect of their actions need not be explicitly contrary to rational American government interests. The actions taken on behalf of a foreign principal do not have to be done in secret. Moreover, given the often clandestine nature of this type of conduct,

and the difficulty of proving explicit agreements generally, such an agreement may be proven by circumstantial evidence.

You do not need to find that Ms. Sun was an agent during the entire time period of August 2019 through December 2023 involving the alleged criminal conduct. If all jurors agree that the government has shown beyond a reasonable doubt that Ms. Sun was an agent of the People's Republic of China and/or the Chinese Communist Party at any time within that period, and the government has proven beyond a reasonable doubt all other elements of the offense as set forth in these instructions, then you must find that Ms. Sun is guilty on Count Two.

With regard to the third element, to find Ms. Sun guilty of this offense, you must find that Ms. Sun acted willfully in the United States as an agent of a foreign principal and failed to submit a true and complete registration statement with the Attorney General of the United States detailing information about Ms. Sun's agency, as required by statute.

As I previously instructed you, the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating. Put another way, it is not necessary for the government to prove that Ms. Sun knew that there was a law that required her to provide prior notification to the Attorney General. It suffices that a person knew their action was illegal and took the action anyway.

Direct proof of knowledge and willfulness is almost never available. Such direct proof is not required. The ultimate facts of willfulness, although subjective, may be established by circumstantial evidence, based on someone's outward manifestations, such as his or her words,

conduct, acts, and all the surrounding circumstances disclosed by the evidence in this case and the rational or logical inferences that you may draw from them. For example, you may consider lies or misleading statements by the defendant as circumstantial evidence in assessing whether her conduct was willful. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case – that is, in the case of circumstantial evidence and in the case of direct evidence – the essential elements of the crime must be established beyond a reasonable doubt.

<u>Affirmative Defense</u>

Ms. Sun has raised the defense of an exemption under FARA that applies to certain agents of foreign principals. In particular, pursuant to Title 22, United States Code, Section 613(d), the registration requirements of FARA "shall not apply" to "[a]ny person engaging or agreeing to engage only . . . in [] activities not serving predominantly a foreign interest."

Therefore, if you conclude that the government has proved that Ms. Sun acted as an agent of a foreign principal, namely the Government of the People's Republic of China and/or the Chinese Communist Party, then you must consider whether she was exempt from registering as an agent of a foreign principal under this exemption. In other words, Ms. Sun must prove that none of the activities she engaged in (or agreed to engage in) were activities that mainly, or mostly, served the interests of a foreign country. I instruct you that, for an activity to serve predominantly a foreign interest, it is not necessary that it be contrary to United States policies or interests. An activity can both serve predominantly a foreign interest and also be consistent with United States interests.

As a defense to Counts One and Two in the indictment, Ms. Sun must prove she qualified for this exemption by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true. It is

determined by considering all of the evidence and deciding which evidence is more convincing. In determining whether the defendant has proven this defense, you may consider the relevant testimony of all of the witnesses, regardless of who may have called them, and all of the relevant exhibits, regardless of who may have produced them. If the evidence of the exemption appears to be equally balanced, or you cannot say upon which side it weighs heavier, you must resolve this question against the defendant. However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of the burden of proving all of the elements of the crime as I have defined them for you. These are things that the government still must prove beyond a reasonable doubt.

Authority: Adapted from 22 U.S.C. §§ 612(a), 618(a)(1), 611(c) (definitions); *United States v. Michel*, No. 19-CR-148 (CKK), ECF No. 290 at 59 (D.D.C. Apr. 25, 2023); *United States v. Menendez, et. al*, No. 23-CR-490 (SHS), ECF No. 583, Tr. at 7124 (S.D.N.Y. July 12, 2024); *see also United States v. Lira,* 22-CR-151 (LGS), 2022 WL 17417129, at *5 (S.D.N.Y. Dec. 5, 2022) (quoting Merriam-Webster.com Dictionary) (definition of "influence"); *Att'y Gen. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 256 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159, 161 (2d Cir. 1982) (agency).

Authority (Affirmative Defense): Adapted from Sand Instr. 4-5; 22 U.S.C. § 613(d); 22 U.S.C. § 611(0); *Attorney General of the United States v. Covington & Burling*, 411 F. Supp. 371, 374 (D.D.C. 1976) ("[Section] 613(d) is, by its terms, limited to situations where the agent is engaged 'only' in those particular activities. Of course, it would be absurd to interpret the word 'only' here to mean that even if an agent engaged in other exempt activities the exemption would not apply. But it does appear reasonable to interpret the word to mean that if the agent engaged in other nonexempt activities the exemption would not apply."); *United States v. Skelos*, No. S1 15 Cr. 317 (KMW), 2016 WL 1532253, at *6 (S.D.N.Y. Apr. 14, 2016) (not a defense to bribery that charged actions allegedly "were consistent with 'the best interest of [defendant's] constituency and the citizens of New York State'"), *vacated on other grounds*, 707 Fed. App'x 733 (2d Cir. 2017); *Meese v. Keene*, 481 U.S. 465, 469-70 (1987) (FARA registration is "comprehensive, applying equally to agents of friendly, neutral, and unfriendly governments."); *see also Block v. Meese*, 793 F.2d 1303, 1312 (D.C. Cir. 1986) (as of the 1980s, registration had occurred in connection with "material disseminated by our closest friends . . . (such as Canada) [that often] fostered policy positions consistently supported by the United States," including then-allies Israel, Germany, and Japan").

<u>REQUEST NO. 20 — Count Three: Visa Fraud</u>

Count Three of the Indictment charges Ms. Sun with visa fraud, as follows:

> In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, did knowingly and intentionally present one or more applications and other documents required by the immigration laws and regulations prescribed thereunder which contained one or more false statements with respect to one or more material facts, to wit: a falsified invitation letter for a delegation from Henan Province, PRC, purportedly signed by Politician-2.

The relevant statute on this subject is Title 18, United States Code, Section 1546(a), which provides, in relevant part, that:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact [shall be guilty of a crime].

In order for you to find the defendant guilty of Count Three, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant either (a) made, under penalty of perjury, a false statement in an application, affidavit, or other document, or (b) presented an application, affidavit, or other document containing a false statement or a statement that had no reasonable basis in law or fact;

<u>Second</u>, that the defendant acted knowingly when she made or presented the false statement;

<u>Third</u>, that the false statement related to a material fact; and

<u>Fourth</u>, that the application, affidavit or other document was required by immigration laws or regulations.

The first element that the government must prove beyond a reasonable doubt is that the defendant either (1) made a false statement in an application, affidavit, or other document under penalty of perjury, or (2) presented an application, affidavit, or other document that contained a false statement or a statement that had no reasonable basis in fact or law. For the purposes of your deliberations, to present an application, affidavit or other document means to submit the document to the immigration authorities. The government must prove that the defendant, or those she aided and abetted, knowingly presented an application, affidavit or other document that contained false statements or failed to contain any reasonable basis in law or fact.

The second element that the government must prove beyond a reasonable doubt is that the defendant herself acted knowingly. I have already instructed you on the term knowingly and you should apply that instruction here. In deciding whether the defendant acted knowingly, you should ask yourself whether the defendant knew that the statement was false at the time that the document containing that statement was presented to the immigration authorities, and nonetheless made or presented the statement.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed her eyes to what would otherwise have been obvious to her. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth - for example, that a statement in a visa application was false - then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.

If you find beyond a reasonable doubt that the defendant was aware of a high probability that a statement in a visa application was false and that she deliberately and consciously avoided confirming this fact, then you may find that she acted knowingly. However, if you find that the defendant actually believed that the statements in the visa applications were true, you must find her not guilty. And, of course, bear in mind that it remains the government's burden to prove knowledge beyond a reasonable doubt.

The third element that the government must prove beyond a reasonable doubt is that the false statement related to a material fact. A fact is material if it could have affected or influenced the government's decisions or activities. However, proof that the government actually relied on the statement is not required.

The fourth element that the government must prove beyond a reasonable doubt is that the application, affidavit, or other document containing the false statement was required by immigration laws or regulations. It is not required that the statement be in an official form of the United States Citizenship and Immigration Services agency. Instead, it is sufficient if the false statement was included in any affidavit or other statement required to be attached to an application.

<u>Authority</u>: Adapted from Sand Instr. 47-8; *United States v. Tsirlina*, No. 13-CR-305 (RJD), ECF No. 84 at 12, 2014 WL 7895751 (E.D.N.Y. February 28, 2014).

<u>REQUEST NO. 21 — Counts Four through Seven: Bringing in Aliens</u>

Counts Four through Seven of the Indictment charge Ms. Sun with illegally bringing aliens into the United States, as follows:

> In or about and between August 2019 and November 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, encouraged and induced the aliens listed below to come to and enter the United States, knowing and in reckless disregard of the fact that such coming to and entry was and would be in violation of law, for the purpose of commercial advantage and private financial gain:

| COUNT | ALIEN |
|-------|-------|
| FOUR | Director |
| FIVE | Delegate-2 |
| SIX | Delegate-3 |
| SEVEN | Delegate-4 |

The relevant statutes on this topic are Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), which state in relevant part:

> Any person who . . . encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law . . . in the case of a violation . . . in which the offense was done for the purpose of commercial advantage or private financial gain [is guilty of a crime].

In order for you to find the defendant guilty of Counts Four through Seven, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant encouraged or induced the alien to come to, enter, or reside in the United States in violation of law;

<u>Second</u>, that the defendant did so knowing that such coming to, entering or residing in the United States was or would be in violation of law, or that the defendant acted with reckless disregard of that fact; and

<u>Third</u>, that the defendant acted for the purpose of commercial advantage or private financial gain.

The first element of the offense which the government must prove beyond a reasonable doubt is that the defendant encouraged or induced one or more aliens to come to or enter or remain in the United States in violation of law. To "encourage" means to instigate, convince, help or advise an alien to come to the United States or to stay in this country. To "induce" means to bring about, affect, cause or influence an alien to come to the United States or to stay in this country.

The second element of the offense which the government must prove beyond a reasonable doubt is that the defendant knew that the alien she encouraged or induced would come to or enter or remain in the United States in violation of the law, or that the defendant acted in reckless disregard of that fact.

Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. I previously instructed you on the term "knowingly" and you should apply that instruction here. If you find that the evidence establishes, beyond a reasonable doubt, that the defendant actually knew of the alien's illegal status, then this element is satisfied.

Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard of the facts concerning the alien's status.

The phrase "reckless disregard of the facts" means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged alien was in fact an alien and was in the United States unlawfully.

The last element of the offense which the government must prove beyond a reasonable doubt is that the offense charged in these counts was done for the purpose of commercial advantage or private financial gain. The phrase "commercial advantage or private financial gain" should be given its ordinary meaning. "Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is profit or gain in money or property specifically for a particular person or group.

The government is not required to prove that the defendant actually realized some financial gain, although, of course, you may consider evidence that the defendant did or did not receive financial gain in deciding whether the defendant acted for the purpose of achieving financial gain.

Authority: Adapted from Sand Instr. 33A-21, 33A-29; *United States v. Yannai*, No. 10-CR-594 (ERK), ECF No. 155, Tr. at 1243-46 (E.D.N.Y. June 2, 2011); *United States v. Chen*, No. 05-CR-045 (WHP), ECF No. 26, Parties' Joint Requests to Charge at 34 (S.D.N.Y. May 3, 2005) ("commercial advantage or private financial gain"); *United States v. Korchevsky et al.*, No. 15-CR-381 (RJD), ECF No. 337 at 32, 2018 WL 3575091 (E.D.N.Y. July 6, 2018) (same instruction for "commercial advantage or private financial gain" in Section 1030 context).

Count Eight of the Indictment charges both of the defendants with conspiracy to commit honest services wire fraud, as follows:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

Section 1349 of Title 18 of the United States Code provides that:

> Any person who attempts or conspires to commit any offense defined in [Sections 1343 and 1346] shall be [guilty of a crime].

I have already instructed you with respect to the law of conspiracy. Those same principles apply here. As a reminder, the government need not prove that each defendant actually committed the unlawful act charged as the object of the conspiracy, in this case honest services wire fraud. Rather, in order for you to find either defendant guilty of Count Eight, the government must prove the following elements beyond a reasonable doubt:

First, that a conspiracy existed; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

For this conspiracy count, unlike the conspiracies charged in Counts One and Eleven, you do not need to find that an overt act was committed by anyone in furtherance of the conspiracy.

The government alleges that the object of the conspiracy charged in Count Eight was honest services wire fraud.  I will instruct you on the elements of that offense in connection with Count Nine.  I've already instructed you as to the terms "knowingly" and "intentionally" and you should apply those instructions here.

I remind you that the crime of conspiracy, an agreement to violate a law, is an independent offense.  It is separate and distinct from the actual violation of any specific law, such as the law prohibiting honest services wire fraud.  Accordingly, you may find the defendants guilty of the offenses charged in Count Eight even if you find that the honest services wire fraud was never actually committed.

Authority: Adapted from *United States v. Full Play Group, S.A., et al.*, No. 15-CR-252 (PKC), ECF No. 1963 at 35 (E.D.N.Y. Mar. 9, 2023).

Count Nine of the Indictment charges both of the defendants with honest services wire fraud, as follows:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, and for the purpose of executing such scheme and artifice, the defendants transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, to wit: (a) a March 24, 2020 email SUN sent with the subject line "Already VERIFIED by Linda Sun," to NYS procurement officers about the Cousin Company; and (b) multiple emails SUN sent in or about and between April 7, 2020, and April 30, 2020, to NYS accounts payable personnel regarding the status of payment to the Cousin Company.

The relevant statutes on this subject are Title 18, United States Code, Sections 1343 and 1346. Section 1343 provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [is guilty of a crime].

Section 1346 provides, in relevant part, that:

> For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services.

Honest services fraud is limited to schemes involving bribes or kickbacks.

In order for you to find either defendant guilty of Count Nine, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly devised or participated in a scheme or artifice to deprive the New York State government of its right to the honest services of its officials;

Second, that the defendant acted knowingly with an intent to defraud;

Third, the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense or concealment of fact; and

Fourth, that in advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal or sound by means of an interstate or international wire communication.

First Element

The first element of honest services wire fraud is that the defendant you are considering knowingly devised or participated in a scheme or artifice to defraud the New York State government, or some organization thereof, of its intangible right of honest services.

A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find a defendant guilty of this offense, you must find that the defendant was involved in a fraudulent scheme to deprive the New York State government of honest services through bribes or kickbacks.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false pretenses, suggestions, or suppression of the truth. Such a scheme includes one to defraud the New York State government by an officer, employee, or person in a relationship that gives rise to

a fiduciary duty, that is, where the person owes a duty of honest and loyal service to the government organization she works for; in other words, where there is a trusting relationship in which the person acts for the benefit of that organization and the organization relied on the individual to carry out his or her job duties for the benefit of the organization.  Whether Linda Sun had a fiduciary duty to the New York State government or some organization of the New York State government, the source of that fiduciary duty, and what that fiduciary duty required or prohibited, is a question of fact for you to determine.  In determining the source and scope of a fiduciary duty, you may take into consideration codes of conduct, if any, that would have applied to the relationship.  In determining the source and scope of a fiduciary duty, you may not take into consideration general moral or ethical beliefs.

The government argues that the defendants in this case engaged in a scheme to deprive the New York State government of the honest services of Linda Sun through bribes or kickbacks.  Bribery and kickbacks involve the exchange of a thing or things of value for official action by an official, in other words a *quid pro quo*.

Official Act

The term "official act" includes a decision or action on a matter involving the formal exercise of the organization's power akin to awarding a contract or instituting a lawsuit. The term "official act" also includes using one's official position to exert pressure on another official to perform or not perform an official act.  The term also includes using one's official position to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  It is not necessary that the official in fact performed or had the actual authority or ability to perform the act which the defendant promised to perform.

Standing alone, setting up a meeting, calling another official, or hosting an event is not an "official act." This is not to say that setting up a meeting, calling another official, or hosting an event is irrelevant. If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that can serve as evidence of an agreement to take an official act. Whether or not an official took an official act or agreed to do so is a question of fact for you to determine, like any other fact question.

The official and the payor need not state the *quid pro quo* in express terms; otherwise, the law's effect could be frustrated by knowing winks and nods. Similarly, a scheme to defraud need not be shown by direct evidence. Rather, the intent to exchange may be implied from the official's words and actions.

Bribery & Kickbacks

Bribery and kickbacks involve an exchange of a thing or things of value for official actions. In other words, a *quid pro quo*, which is Latin for "this for that." But each payment need not be correlated with a specific official act. If the government establishes the *quid pro quo*, the specific transactions comprising the illegal scheme need not match up "this for that." The intended exchange in bribery can be "this for these" or "these for these," not just "this for that." It is enough that the government proves that a particular payment or promise to provide something of value is made in exchange for a commitment to perform official acts to benefit the payor in the future. A payment made without such a promise or understanding does not meet the requirements of a bribe. But it is not necessary for the government to prove that the official intended to perform a set number of official acts in return for payments. The requirement that there be payment of a thing of value in return for the agreement to perform an official act is satisfied so long as the evidence

shows it is a course of conduct of things of value flowing to an official in exchange for official action—or a pattern of official actions—on a particular question or matter to be influenced.

The government is not required to prove an explicit promise at the time of payment to perform certain acts. Rather, the requisite *quid quo pro* may be satisfied upon a showing that an official received a benefit in exchange for her promise to perform official acts on a specific, focused, and concrete question or matter as specific opportunities arise. In other words, the honest services fraud statute criminalizes schemes involving payments at regular intervals in exchange for specific official acts on a particular question or matter as the opportunities to commit those acts arise, even if the opportunity to undertake the requested act has not arisen, and even if the payment is not exchanged for a particular act but given with the expectation that the official will exercise particular kinds of influence on a particular question or matter. The particular question or matter must be identified at the time the official accepts a payment. However, circumstantial evidence demonstrating an understanding between the payor and the official will often be sufficient to identify the question or matter.

It is not a defense to claim that an official would have lawfully performed the official action in question even without having accepted a thing of value—in other words, it is not a defense that had there been no bribe, the official might have taken the same action anyway. Nor is it a defense that the acts or promises undertaken were actually lawful, desirable, or even beneficial to the organization. Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any official act was actually taken by the official in the course of the scheme. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud the organization of its right to honest services through bribes or

kickbacks. The offense of honest services fraud is not concerned with the wisdom or results of the official's decisions, but rather with the manner in which the official makes his or her decisions.

Also, because people rarely act for a single purpose, the government is not required to prove that the defendant you are considering acted solely in return for a thing of value.

The government is not required to prove that the defendant personally originated the scheme to defraud, as long as the government proves that the defendant knowingly devised or otherwise participated in it. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss. At the same time, you may consider whether the scheme succeeded and whether any payment caused an officer to fraudulently change her conduct in determining whether a scheme existed.

This element can be satisfied regardless of whether the parties to the exchange had a prior relationship, nor does it matter who initiated the exchange.

Second Element

The second element of honest services wire fraud is that the defendant participated in the scheme to defraud knowingly and with a specific intent to defraud. The definitions of "knowingly" and "intentionally" here are the same as the definitions that I gave you earlier.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving an organization of its right to the honest services of its officials—*i.e.*, its right to the official's faithful performance of her fiduciary duties to the organization, including the duty to not accept personal payments in exchange for official acts on behalf of the organization. The government need not prove that the defendant intended to cause economic or financial harm or that any such harm actually resulted from the fraud.

Whether a person acted knowingly, intentionally, and with intent to defraud is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Common sense tells you that. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, although subjective, may be established by circumstantial evidence, based on someone's outward manifestations, such as her words, her conduct, her acts, and all the surrounding circumstances disclosed by the evidence in the case and the rational or logical inferences that you may draw from them. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case—that is, in the case of circumstantial evidence and in the case of direct evidence—the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to wire fraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith. Even false representations or statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent. But if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require you to find that the defendant acted in good faith. If the defendant participated in the scheme with the intent of depriving the victim or victims of their right to an

official's honest services, then no amount of honest belief on the part of the defendant that the scheme would, for example, ultimately benefit the organization, will excuse fraudulent actions or false representations by him.

In sum, in order to prove honest services wire fraud, the government must prove that the defendant you are considering knew that their conduct as a participant in the scheme was calculated to deceive and they nonetheless participated in the alleged fraudulent scheme for the purpose of depriving an organization of the honest services of at least one individual who owed a fiduciary duty to such organization.

Third Element

The third element the government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense or concealment of fact. A representation, statement, false pretense, omission or concealment of fact is material if it would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision, or if it is one that would reasonably be expected to influence an employer to change its behavior.

It is not necessary that the government prove that the official actually took any action and it is not necessary for the government to prove that the defendants realized any gain from the scheme. It is sufficient for the government to prove that the New York State government did not receive the honest and faithful services of Linda Sun, as I explained them above.

Fourth Element

The fourth and final element that the government must establish beyond a reasonable doubt is that interstate or international wire communications were used in furtherance of the scheme to defraud. Wire communications include telephone calls, faxes, emails, texts and

wire transfers between banks or other financial institutions or companies. The wire communications must pass between two or more states or between a state and the District of Columbia or from outside the United States into the United States or vice versa.

It is not necessary for the defendant you are considering to directly or personally use any wire facility, or cause any wire, as long as such use is reasonably foreseeable in the execution of the alleged scheme to defraud. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused or expected the wires to be used by others, and this does not mean that the defendant herself must have specifically authorized others to use a wire facility. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used.

The use of the wire need not be fraudulent. The material wired need not contain any fraudulent representation. It doesn't even have to involve any request for money. The use of the wires, however, must further or assist in carrying out the scheme to defraud. If you find that the wire communication was reasonably foreseeable and that the interstate wire use charged in the indictment took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

If you find that wire communications were used in furtherance of the scheme to defraud, you must be unanimous as to at least one of the particular interstate or international wire communications in furtherance of the scheme that occurred. You've been instructed that your verdict, whether it's guilty or not guilty, must be unanimous.

Authority: Adapted from Sand Instr. 44-3; *United States v. Menendez, et. al*, No. 23-CR-490 (SHS), ECF No. 583, Tr. at 7084, 7086-93, 7100-08 (S.D.N.Y. July 12, 2024); *United States v. Full Play Group, S.A., et al.*, No. 15-CR-252 (PKC), ECF No. 1963 at 35-44 (E.D.N.Y. March 9, 2023); *United States v. Silver*, No. 15-CR-93 (VEC) (S.D.N.Y. May 10, 2018) (Tr. 2039-40);

*United States v. Costanzo*, No. 22-CR-281 (JPO) (S.D.N.Y. Nov. 7, 2023) (Tr. 2058-59); *United States v. Skelos*, No. 15-CR-317 (KMW) (S.D.N.Y. June 19, 2018) (Tr. 2993-94); *United States v. Napout, et al.*, No. 15-CR-252 (PKC), ECF No. 872 at 40, 2017 WL 8293314 (E.D.N.Y. December 26, 2017).

Count Ten of the Indictment charges both of the defendants with federal program bribery, as follows:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, with SUN being an agent of the NYS government, together with others, did knowingly, intentionally, and corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, to wit: kickback payments from the Cousin in exchange for SUN's facilitation of contracts between the Cousin Company and the NYS government, while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance.

The relevant statute on this subject is Title 18, United States Code, Section 666(a)(1)(B), which states in relevant part that:

> Whoever, . . . . being an agent of an organization, or of a State [or] local [] government, or any agency thereof[,] corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more [is guilty of a crime].

The statute applies only where:

> the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance

In order for you to find the defendants guilty of Count Ten, the government must prove the following elements beyond a reasonable doubt:

First, that at the time alleged in the Indictment, Ms. Sun was an agent of the New York State government;

Second, that within a one-year period, the New York State Department of Health received federal benefits in excess of $10,000;

Third, that the defendant you are considering solicited, demanded, accepted or agreed to accept something of value from another person;

Fourth, that the defendant acted with corrupt intent; and

Fifth, that the value of the business or transactions to which the payment related was at least $5,000.

First Element – Agent of New York State

The first element that the government must prove is that Ms. Sun was an agent of the New York State government during the relevant offense. In this context, an "agent" is a person who is authorized to act on behalf of a state government. People who are employees, partners, directors, officers, managers, or representatives are all "agents" of the state. It is not necessary for a person to be a government employee in order to be an "agent" of the state. The relevant consideration is whether the person exercises responsibility or control within the state government, as long as the person is authorized to act on behalf of that government.

Second Element – State Government Entity Received Federal Funds

The second element is that the New York State Department of Health received federal benefits in excess of $10,000 within a continuous one-year period. That one-year period must begin no more than 12 months before the defendant committed the offense and end no more than 12 months after he or she committed the offense.

To prove this element, the government must establish that the New York State Department of Health received, during that one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

It is not necessary for the government to prove that any defendant had any authority over the federal benefits. Nor does the government have to prove any connection between the alleged unlawful payments and the federal funding that New York State Department of Health allegedly received.

Third Element – Solicitation, Demand, Acceptance or Payment of Something of Value

The third element of Count Ten is that the defendant you are considering solicited, demanded, accepted, or agreed to accept something of value for him or herself or for another person. A thing of value may be money, tangible property, intangible property, or services, of any dollar value, so long as it has value, including payments to third persons made on the defendant's behalf. The statute makes no distinction between soliciting, demanding, accepting, or agreeing to accept a thing of value. Accepting or agreeing to accept a payment is just as much a violation of the statute as soliciting or demanding a payment.

This element must be satisfied (i) while Ms. Sun was an agent of the New York State government and (ii) during the one-year period described in Element Two.

It is not necessary that the payment have been made directly to Ms. Sun or Mr. Hu. Rather, it is sufficient that the payment was made to a third party at Ms. Sun's or Mr. Hu's direction or for their benefit.

[The payment or "thing of value" required by this element does not include bona fide salary, wages, fees, or other compensation paid in the usual course of business. That said, if

you find that the payments at issue were made, at least in part, in exchange for the promise or performance of official action or as a reward for official action by Ms. Sun, then the payments at issue were not bona fide salary, wages, fees, or other compensation, even if you find that some work was performed in exchange for the payment. It is a question of fact for you to determine whether the payments were entirely bona fide salary or wages paid in the usual course of business or were, in any part, a bribe or kickback disguised as wages or salary. As with all elements, the burden of proof is on the government to prove this element.]

Element Four – Corrupt Intent

The fourth element is that the defendant you are considering acted with corrupt intent when he or she solicited, demanded, accepted, or agreed to accept a thing of value. To act with corrupt intent means to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded in connection with some business or transaction of the New York State government. This involves conscious wrongdoing or a bad or evil state of mind. The party receiving a thing of value may have a different intent from the party giving it. You must decide the intent of the recipient, regardless of the intent of the giver.

To satisfy its burden of proof, the government must prove that the defendant's corrupt intent involved a *quid pro quo*. The government must prove that the defendant you are considering solicited, demanded, accepted, or agreed to accept a thing of value in exchange for the promise or performance of official action. I have previously explained what a *quid pro quo* is, and that explanation applies here as well. Remember also that the term "official act" has a specific meaning that I previously provided to you. Those instructions apply here as well.

Element Five – Value of Transaction

The fifth element is that the value of the business, transaction or transactions to which the corrupt payment related was at least $5,000. This element does not require the government to prove that the defendant solicited or accepted at least $5,000. It is the value of the business or transaction to which the payment related that is important for this element.

Authority: Adapted from Sand Instr. 27A-9, 27A-10, 27A-11, 27A-12, 27A-13, 27A-14; *United States v. Mangano*, 16-CR-540 (JMA), ECF No. 393 at 14, 2019 WL 7421851 (E.D.N.Y. Feb. 28, 2019); *United States v. Percoco*, No. 16-CR-776 (VEC), ECF No. 516 at 29 (S.D.N.Y. Feb. 28, 2018); *United States v. Dunn*, 11-CR-683 (NG), ECF No. 250 at 51, 2014 WL 2569080 (E.D.N.Y. Mar. 31, 2014).

Count Eleven of the Indictment charges both of the defendants with conspiring to commit federal program theft or bribery, as follows:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and willfully conspire:
>
> a. SUN, being an agent of the NYS government, to embezzle, steal, obtain by fraud, misapply and otherwise without authority convert to the use of a person other than the rightful owner property of DOH, which received, in one or more one-year periods, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance, which property was valued at $5,000 or more, and was owned by, and was under the care, custody and control of, DOH, to wit: United States currency, contrary to Title 18, United States Code, Section 666(a)(1)(A); and
>
> b. SUN, being an agent of the NYS government, to corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, to wit: kickback payments from the Cousin in exchange for SUN's facilitation of contracts between the Cousin Company and the NYS government, while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance, contrary to Title 18, United States Code, Section 666(a)(1)(B).

Once again, the relevant portion of the conspiracy statute, Title 18, United States Code, Section 371, provides that:

> If two or more persons conspire [] to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a crime].

In order for you to find the defendant guilty of Count Eleven, the government must prove each of the following elements beyond a reasonable doubt:

First, a conspiracy existed;

Second, the defendant knowingly and willfully became a member of the conspiracy; and

Third, an overt act was committed in furtherance of the conspiracy.

First Element – Existence of a Conspiracy

The first element is that a conspiracy existed. That is, that two or more persons entered into an unlawful agreement to commit federal program theft or federal program bribery. I have already instructed you on the definition of conspiracy and you should apply that instruction here.

In this count, the government alleges that the purpose of conspiracy was to commit federal program theft or federal program bribery. Thus, the conspiracy charged in Count Eleven alleges more than one objective, that is, multiple ways in which the members conspired to commit the conspiracy. The government need not prove that the defendant entered into an agreement to accomplish both of the unlawful objectives alleged. If you find unanimously that the defendant agreed to commit either objective, that is, either federal program theft or federal program bribery, then that element of this count would be proved.

I have already instructed you on the elements of federal program bribery in connection with Count Ten. I will now describe the elements of federal program theft. I reference for you the elements of these unlawful acts only so you can understand what the government must prove beyond a reasonable doubt was an objective of the conspiracy.

First, that at the time alleged in the indictment, Ms. Sun was an agent of the New York State government;

Second, within a one-year period, the New York State Department of Health received federal benefits in excess of $10,000;

Third, that the defendant stole, embezzled, obtained by fraud, knowingly converted or intentionally misapplied property;

Fourth, that that property belonged to or was in the care, custody or control of the New York State Department of Health; and

Fifth, that the value of the property stolen was at least $5,000.

I have already instructed you on the first two of these elements in connection with my instructions on federal program bribery, charged in Count Ten. I will provide additional instruction now on the third, fourth and fifth elements of federal program theft.

The third element of federal program theft is that the defendant embezzled or stole or obtained by fraud or converted or misapplied property. To embezzle money or property means to voluntarily and intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust. To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property. To convert money or property means to appropriate or use such money or property for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property. To intentionally misapply money or property means to use money or property of the New York State Department of Health knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the

wrongful use of the money or property for an unauthorized purpose, even if such use benefitted the New York State Department of Health.  Property includes other things of value beside money and tangible objects.  It also includes intangible things like the value of an employee's time and services.

The fourth element of federal program theft is that the property at issue belonged to, or was in the care, custody or control of, the New York State Department of Health.  Although the words "care," "custody" and "control" have slightly different meanings, for the purposes of this element they express a similar idea.  That is that the New York State Department of Health had control over and responsibility for the property even if it was not the actual owner of the property at the time of defendant's actions.

The fifth element of federal program theft is that the value of the property at issue was at least $5,000.  The word "value" means face or market value, or cost price, either wholesale or retail, whichever is greater.  "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.  The government does not have to prove that the property at issue was received by the New York Department of Health as federal benefits.

As a reminder, the government need not prove that each defendant actually committed the unlawful act charged as the object of the conspiracy, in this case federal program theft or federal program bribery.

Second Element – Membership in the Conspiracy

The second element is that the defendant knowingly and willfully became a member of the conspiracy.  I have previously instructed you on the terms "knowingly" and "willfully," and you should apply those instructions here.

Third Element – Commission of Overt Act

The third element requires that at least one of the conspirators committed at least one overt act for the purpose of carrying out the conspiracy. I have already instructed you about overt acts and you should apply those instructions here.

Count Eleven of the Indictment alleges the following overt acts with respect to conspiring to commit federal program theft or bribery:

a.      On or about March 21, 2020, SUN forwarded herself an altered email containing text suggesting that the Cousin Company was recommended by the Jiangsu Department of Commerce.

b.      On or about March 24, 2020, in an email with the subject line "Already VERIFIED by Linda Sun," SUN wrote to NYS procurement officials that the Cousin Company "came recommended by Jiangsu Chamber of Commerce," that the representative had helped "screen potential vendors," and that the Cousin Company's surgical mask was the "gold standard."

c.      On or about April 7, 2020, at approximately 10:29 a.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

d.      On or about April 7, 2020, at approximately 4:32 p.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

e.      On or about April 7, 2020, at approximately 6:13 p.m., SUN wrote an email to NYS accounts payable personnel regarding the status of payment to the Cousin Company.

f.      On or about April 8, 2020, at approximately 10:36 a.m., SUN wrote an email to NYS accounts payable personnel, indicating that the Cousin Company had "mentioned the payment due to them from the existing contract."

g.      On or about April 9, 2020, at approximately 3:51 p.m., SUN wrote an email to NYS accounts payable personnel and indicated that she would "check in on delivery dates," which was information from the Cousin Company that NYS accounts payable needed to process payment.

h.      On or about April 10, 2020, at approximately 5:10 p.m., SUN wrote an email to NYS accounts payable personnel, asking if she could "expect the process to be smoother" for payment to the Cousin Company.

i.  On or about April 13, 2020, at approximately 1:04 p.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

j.  On or about April 13, 2020, at approximately 4:57 p.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

k.  On or about April 13, 2020, at approximately 5:27 p.m., SUN wrote an email to NYS accounts payable personnel providing an update on deliveries of masks by the Cousin Company, commenting, "Hopefully this will make it easier for everyone to calculate."

l.  On or about April 14, 2020, at approximately 4:24 p.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

m.  On or about April 15, 2020, at approximately 12:57 p.m., SUN wrote an email to DOH personnel seeking an update on the status of payment to the Cousin Company.

n.  On or about April 15, 2020, at approximately 2:19 p.m., SUN forwarded the response from DOH personnel to NYS accounts payable personnel regarding the status of payment to the Cousin Company.

o.  On or about April 16, 2020, at approximately 2:08 p.m., SUN wrote an email to NYS accounts payable personnel asking whether payment to the Cousin Company "went out this morning without any more issues" and asking to see a "screenshot of the wire."

p.  On or about April 29, 2020, HU opened two accounts at Financial Institution-1 in the name of the Relative.

q.  On or about April 30, 2020, at approximately 3:32 p.m., SUN wrote an email to NYS accounts payable personnel seeking an update on the status of payment to the Cousin Company.

r.  On or about April 30, 2020, at approximately 5:30 p.m., SUN wrote an email to NYS accounts payable personnel verifying whether payment to the Cousin Company would be made the next day.

s.  On or about July 16, 2020, a bank account associated with the Cousin Entity wired $500,000 to a nominee account at Financial Institution-1 HU opened in the name of the Relative.

t.  On or about July 23, 2020, a bank account associated with the Cousin Entity wired $500,000 to a nominee account at Financial Institution-1 HU opened in the name of the Relative.

u.    On or about August 4, 2020, a bank account associated with the Cousin Entity wired $500,000 to a nominee account at Financial Institution-1 HU opened in the name of the Relative.

I remind you that the crime of conspiracy, an agreement to violate a law, is an independent offense.  It is separate and distinct from the actual violation of any specific law, such as the laws prohibiting federal program theft or bribery.  Accordingly, you may find the defendants guilty of the offense charged in Count Eleven even if you find that neither federal program theft nor federal program bribery was committed.

Authority:  Adapted from *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 23 (E.D.N.Y. Aug. 7, 2024); *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 23 (E.D.N.Y. June 20, 2023); Sand Instr. 27A-2, 27A-3, 27A-4, 27A-5, 27A-6, 27A-7; *United States v. Insaidoo*, No. 16-CR-156 (VEC), ECF No. 58, Tr. at 1033 (S.D.N.Y. May 18, 2017); *United States v. Mangano*, 16-CR-540 (JMA), ECF No. 393 at 14, 2019 WL 7421851 (E.D.N.Y. Feb. 28, 2019); *see also United States v. Urlacher*, 979 F.2d 935, 938 (2d Cir. 1992) ("Section 666(a)(1)(A) prohibits embezzling, stealing, obtaining by fraud, converting, or intentionally misapplying funds. The first four prohibitions cover any possible taking of money for one's own use or benefit. Intentional misapplication, in order to avoid redundancy, must mean intentional misapplication for otherwise legitimate purposes; if it were for illegitimate purposes, it would be covered by the prohibitions against embezzlement, stealing, obtaining by fraud, or conversion.").

<u>REQUEST NO. 26 — Count Twelve: Conspiracy to Commit Bank Fraud</u>

Count Twelve of the Indictment charges Mr. Hu with conspiracy to commit bank fraud, as follows:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRIS HU, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud Financial Institution-1, and to obtain moneys, funds, credits and other property owned by and under the custody and control of Financial Institution-1, by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

The relevant statutes on this topic are Title 18, United States Code, Sections 1344 and 1349. Section 1344 provides in relevant part that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice [] to defraud a financial institution; or [] to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises [is guilty of a crime].

Section 1349 provides in relevant part that:

> Any person who attempts or conspires to commit any offense defined in [Section 1344] shall be [guilty of a crime].

As a reminder, the government need not prove that the defendant actually committed the unlawful act charged as the object of the conspiracy, in this case bank fraud. In fact, the defendant is not charged with committing bank fraud in any count in the Indictment. Rather, in order for you to find the defendant guilty of Count Twelve, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that a conspiracy existed; and

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy.

I previously instructed you on the elements of conspiracy. Those instructions apply here as well, with the difference being the goal of the conspiracy. The government alleges that the goal of the conspiracy charged in Count Twelve was to execute a scheme to defraud financial institutions or obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, financial institutions, by means of false or fraudulent pretenses. For this conspiracy count, unlike the conspiracies charged in Counts One and Eleven, you do not need to find that an overt act was committed by anyone in furtherance of the conspiracy.

I will now instruct you as to the elements of bank fraud, which is the object of the alleged conspiracy in Count Twelve. I describe for you the elements of this unlawful act only so you can understand what the government must prove beyond a reasonable doubt was an objective of the conspiracy.

The government can prove bank fraud in two ways. A defendant is guilty of bank fraud if all the elements of one form of bank fraud are proven. It is not necessary for both forms to be proven. But to find the defendant guilty, you must be unanimous about which form of bank fraud you find the defendant conspired to commit.

I will now instruct you on the first way to prove bank fraud. Under Section 1344(1), the government must prove beyond a reasonable doubt each of the following elements:

First, that the defendant knowingly executed or attempted to execute a scheme to deceive a bank intending to deprive the bank of something of value;

Second, that the defendant knew that the scheme would likely harm the bank's property interest; and

Third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

I will now explain each element in more detail.

First Element – Scheme to Defraud

The first element is that there was a scheme to defraud a bank by means of false or fraudulent pretenses, representations, or promises. For purposes of the bank fraud statute, "a scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property. The government does not need to prove that the scheme succeeded, only that it was planned. The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other question of fact. This question involves one's state of mind.

I instruct you that although the government must establish that the defendant intended to deprive the bank of something of value, the bank fraud statute does not require the government to prove that the defendant intended that the bank suffer any financial loss. Nor does the government need to prove that the bank in fact suffered any financial loss.

Second Element – Defendant Knew the Scheme Would Likely Harm the Bank's Property Interest

The second element is that the defendant knew that the scheme would likely harm the bank's property interest. I instruct you as a matter of law that funds that are deposited into a bank account become the property of the bank and that the bank has property rights in the funds. I further instruct you that while the government must prove that in executing the scheme to defraud, the defendant knew that the scheme would likely harm the bank's property interest, the government does not need to prove that the defendant intended to cause the bank any ultimate financial harm or loss.

Third Element – Bank was FDIC Insured

The third element is that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation, or FDIC. It is not necessary for

the government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the institution was insured by the FDIC.

As I mentioned earlier, the government can prove bank fraud in two ways. I will now instruct you on the second way. Under Section 1344(2), the government must prove beyond a reasonable doubt each of the following elements:

First, that the defendant knowingly executed or attempted to execute a scheme through which the defendant intended to obtain any of the moneys or property owned by, or under the custody, or control of, a bank;

Second, that the defendant made false or fraudulent pretenses, representations, or promises of material fact;

Third, the misrepresentations were the "means" by which the defendant intended to obtain bank property; and

Fourth, that at the time of the execution of the scheme, the bank had its deposits insured by the FDIC.

First Element – Scheme to Defraud with Intent to Obtain Money or Bank Property

The first element is that there was a scheme to defraud a bank with the intent to obtain money or bank property. I remind you that a scheme to defraud is a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property. The government does not need to prove that the scheme succeeded, only that it was planned. I further remind you that funds deposited into a bank account become the property of the bank.

Second Element – False or Fraudulent Representations

The second element is that the defendant made materially false, or fraudulent pretenses, representations or promises.  A pretense, representation, or promise is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A pretense, representation, or promise is fraudulent if it was made with the intention to deceive.  False or fraudulent statements may include the concealment or omission of material facts in a manner that makes what is said or represented deliberately misleading.  While there is not an affirmative duty to disclose any and all information, the omission or concealment of information may be actionable if what is omitted makes the defendant's statements deliberately misleading.

The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

A misrepresentation is material if it had a natural tendency to influence, or was capable of influencing, a financial institution to part with money or property.  If you find the defendant made a material misrepresentation or omitted a material fact when there was a duty to disclose, it does not matter whether the intended victims were gullible or otherwise negligent.  Therefore, the government need not prove that the victims acted reasonably or relied on the defendant's false or fraudulent statements or representations.  The law does not impose any duty on victims to detect the fraud, and a victim's negligence in failing to discover a fraudulent scheme therefore is not a defense to criminal conduct.

<u>Third Element – Misrepresentations Were the Means by Which the Defendant Intended to Obtain Bank Property</u>

The third element is that the defendant acquired (or attempted to acquire) bank property "by means of" the misrepresentation. That phrase typically indicates that the given result, here, the obtaining of bank property, is achieved, at least in part, through the material misrepresentation, such that the connection between the misrepresentation and obtaining the bank's property is something more than oblique, indirect, and incidental.

<u>Fourth Element – Bank was FDIC Insured</u>

The government must also establish that, at the time of the execution of the scheme, the bank had its deposits insured by the FDIC.

As for the defendant's state of mind, I've already instructed you as to the terms "knowingly" and "intentionally" and you should apply those instructions here.

<u>Authority</u>: Adapted from Sand Instr. 44-9, 44-10, 44-11, 44-12; *United States v. Weigand*, 482 F. Supp. 3d 224, 235 (S.D.N.Y. 2020); *Shaw v. United States*, 580 U.S. 63 (2016); *Loughrin v. United States*, 573 U.S. 363 (2014); *United States v. Nejad*, No. 18-CR-224 (AJN), ECF No. 308 at 36, 47 (S.D.N.Y. Mar. 12, 2020); *United States v. Full Play Group, S.A., et al.*, No. 15-CR-252 (PKC), ECF No. 1963 at 35 (E.D.N.Y. Mar. 9, 2023); *United States v. Gentile et al.*, No. 21-CR-54 (RPK), ECF No. 466 at 41 (E.D.N.Y. July 28, 2024).

Count Thirteen of the Indictment charges Mr. Hu with misuse of a means of identification of another person with the intent to commit, or aid and abet, the crimes charged in Counts Eight through Twelve, as follows:

> In or about and between April 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRIS HU, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, to wit: the Relative's name and driver's license, with the intent to commit, and aid and abet, and in connection with, unlawful activity that constituted one or more violations of Federal law, to wit: the crimes charged in Counts Eight through Twelve.

The statute relevant to this charge is Title 18, United States Code, Section 1028(a)(7), which provides, in relevant part, that:

> [Whoever] knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law [shall be guilty of a crime].

In order for you to find the defendant guilty of Count Thirteen, the government must prove each of the following elements beyond a reasonable doubt:

First, that the item described in the Indictment is a means of identification of another person, as I will define that term for you;

Second, that the defendant transferred, possessed or used that means of identification;

Third, that the defendant acted knowingly and without lawful authority;

Fourth, that the defendant acted with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that violates federal law, that is, the crimes charged in Counts Eight through Twelve; and

Fifth, that the defendant's conduct occurred in or affected interstate or foreign commerce.

I will explain each of these elements to you in more detail.

The first element that the government must prove beyond a reasonable doubt is that the item described in the Indictment is a means of identification of another person. The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, telephone number, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, or address. The means of identification may belong to a living or deceased person.

The second element that the government must prove beyond a reasonable doubt is that the defendant transferred, possessed or used that means of identification.

To transfer a means of identification means simply to turn over possession or control. The government does not have to prove that the defendant received any compensation in return for the means of identification.

To possess something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is, have actual possession of it. As long as the means of identification was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the means of identification, or that he had the

power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession. It is possible that more than one person may have the power and intention to exercise control over a means of identification. If you find that the defendant had such power and intention, then he possessed the means of identification even if he possessed it jointly with another person.

To use a means of identification is to present, display, certify, or otherwise employ the document in any manner so that it would be accepted as identification.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and without lawful authority. I have already defined knowingly. To act without lawful authority means to have possessed the means of identification of another person without the person's consent or knowledge.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant possessed a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that violates federal law, that is, the crimes charged in Counts Eight through Twelve.

To establish this element, the government must prove one of three things: (1) that the defendant possessed the means of identification with the intent to commit the crimes charged in Counts Eight through Twelve; (2) that the defendant possessed the means of identification with the intent to associate himself in some way with the crimes charged in Counts Eight through Twelve and that he intended to participate in those crimes by doing some act to help make that crime succeed; or (3) that the defendant knowingly facilitated the commission of the crimes charged in Counts Eight through Twelve by possessing the means of identification. To establish this element, the government does not need to prove that the defendant actually committed any of

the crimes charged in Counts Eight through Twelve.  This element is satisfied if you find that the Government proved beyond a reasonable doubt that the defendant possessed the means of identification with the intent to commit, aid and abet, or in connection with any of these offenses.

The fifth element that the government must prove beyond a reasonable doubt is that the defendant's possession of a means of identification of another person was in or affecting interstate or foreign commerce.  Interstate or foreign commerce simply means the movement of goods, services, money and individuals between any two or more states or between the United States and a foreign country.  To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal.  The government is not required to prove that the defendant knew he was affecting interstate or foreign commerce.

Authority: Sand Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22-CR-230 (DC), ECF No. 103 at 38 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18-CR-204 (NGG), ECF No. 728 at 53 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

Count Fourteen of the Indictment charges both of the defendants with money laundering conspiracy, as follows:

> In or about and between January 2016 and August 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds, to wit: wire transfers, to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit: the Foreign Agents Registration Act, in violation of Title 22, United States Code, Section 612; Bribery in the Third Degree, in violation of New York Penal Law, Section 200.00; and Bribe Receiving in the Third Degree, in violation of New York Penal Law, Section 200.10, all contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

The relevant statute on this topic is Title 18, United States Code, Section 1956(h), which provides in relevant part that:

> Any person who conspires to commit any offense defined in [Section 1956] shall be [guilty of a crime].

In order for you to find either defendant guilty of Count Fourteen, the government must prove the following elements beyond a reasonable doubt:

First, that a conspiracy existed; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

I previously instructed you on the elements of conspiracy. Those instructions apply here as well, with the difference being the goal of the conspiracy. The government alleges that the

goal of the conspiracy charged in Count Fourteen was to commit money laundering.  Just as for the conspiracies charged in Counts Eight and Twelve, and unlike the conspiracies charged in Counts One and Eleven, you do not need to find that an overt act was committed by anyone in furtherance of the conspiracy.

As for the defendant's state of mind, the government must prove that the defendant participated in the conspiracy with knowledge of the conspiracy's purpose and with the specific intention of furthering one or more of its objectives.  I've already instructed you as to the terms "knowingly" and "intentionally" and you should apply those instructions here.

The defendants are not charged with the substantive money laundering crime that is the object of the conspiracy in Count Fourteen.  Remember that conspiracy, standing alone, is a separate crime, even if the conspiracy is not successful and even if you find that the defendants never actually committed the substantive crimes that were the objects of the conspiracy.

I will now define the money laundering statute that is the object of the conspiracy in Count Fourteen, the knowing transportation of funds or monetary instruments to conceal or disguise the origin of the property.  As was the case for Counts One, Eight, Eleven and Twelve, I describe for you the elements of this unlawful act only so you can understand what the government must prove beyond a reasonable doubt was an objective of the conspiracy.

The relevant statute on this subject is Title 18, United States Code, Section 1956(a)(2)(B)(i), which reads as follows:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation is designed in whole or in part . . . to conceal or

disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be guilty of an offense].

The elements of a violation of this statute are as follows:

First, that the individual transported or transferred or transmitted, or attempted to transport or transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

Second, that the individual did so with the knowledge that the monetary instrument or funds involved represented the proceeds of some form of unlawful activity.

Third, that the individual did so with the knowledge that the transportation, transfer or transmission was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

First Element — Transportation of Monetary Instrument or Funds To, From or Through the U.S.

The first element is that the individual transported or transferred or transmitted, or attempted to transport or transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery. The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transported" or "transferred" or "transmitted" are not words that require a definition; they have their ordinary, everyday meaning. The individual need not have physically carried funds or monetary instruments in order to prove that he is responsible for transferring or transporting or transmitting. All that is required is that the individual caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity. To satisfy this element, the funds or monetary instruments must have been transported, transferred or transmitted from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States. This element is satisfied where funds or monetary instruments were transported, transferred or transmitted into or out of or through United States-based accounts, even where the United States was not the country the funds or monetary instruments were originally coming from or ultimately headed to. I instruct you that the term "transportation" applies to wire transfers as well as to physical conveyances of money.

Second Element — Knowledge that the Property Involved was the Proceeds of Unlawful Activity

The second element is that the individual knew that the property involved in the transportation, transmission or transfer was the proceeds of some form of unlawful activity. To satisfy this element, the individual must have known that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state or federal law. I instruct you as a matter of law that violating the Foreign Agents Registration Act, as well as bribery in the third degree and bribe receiving in the third degree under New York state law, are felonies. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The government does not have to prove that the conspirators specifically knew that the property involved in the transportation, transmission or transfer represented the proceeds of any specific offense. Nor does the government have to prove that the conspirators knew the property involved in the offense in fact was the proceeds of specified unlawful activity, including violations of the Foreign Agents Registration Act or bribery or bribe receiving. Rather, if the government proves that the individuals agreed to transport, transmit or transfer property they knew to be the proceeds of some illegal activity that was a felony, this element is satisfied.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from some unlawful activity.

Third Element — Knowledge of the Unlawful Purpose of the Transportation

The third element is that the individual transported, transferred or transmitted the monetary instruments or funds with knowledge that the transportation, transfer or transmission was designed, at least in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the purpose of the transportation needs to have been, at least in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the individual knew that this was the purpose of the transportation.

Authority: Adapted from Sand Instr. 50A-16, 50A-17, 50A-18 and 50A-19; *United States v. Ng Chong Hwa*, No. 18-CR-538 (MKB), ECF No. 197 at 53, 63 (E.D.N.Y. April 7, 2022).

Counts Fifteen through Seventeen of the Indictment charge Mr. Hu with money laundering, and in particular, engaging in certain monetary transactions over $10,000, as follows:

> On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant CHRIS HU, together with others, did knowingly and intentionally engage in monetary transactions in the United States, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, in the approximate amounts set forth below, and that was derived from one or more specified unlawful activities, to wit: theft or bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666; bank fraud, in violation of Title 18, United States Code, Section 1344; honest services fraud, in violation of Title 18, United States Code, Section 1346; and misuse of means of identification, in violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(c)(3)(A), knowing that the funds and monetary instruments were the proceeds of some unlawful activity:

| COUNT | APPROXIMATE DATE | AMOUNT |
|---|---|---|
| FIFTEEN | July 16, 2020 | $500,000 |
| SIXTEEN | July 23, 2020 | $500,000 |
| SEVENTEEN | August 4, 2020 | $500,000 |

The relevant statute on this subject is Title 18, United States Code, Section 1957(a), which provides, in relevant part, that:

> Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity [and does so] in the United States . . . [commits a crime].

In order for you to find the defendant guilty of Counts Fifteen through Seventeen, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant engaged, or attempted to engage, in a "monetary transaction" in or affecting interstate commerce;

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000;

Third, that the criminally derived property was in fact derived from specified unlawful activity;

Fourth, that the individual acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense; and

Fifth, that the transaction took place in the United States.

First Element — Engaging in a Monetary Transaction

The first element is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution. The term "financial institution" includes a bank insured by the Federal Deposit Insurance Corporation ("FDIC") and an agency or branch of a foreign bank in the United States.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a bank insured by the FDIC affects interstate commerce, so if you find that that any financial institution involved in the transaction was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if the source of the

funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if the transaction itself involved an interstate transfer of funds, that would also be sufficient.

Second Element — Transaction Involved Criminally Derived Property

The second element is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. To satisfy this element, the government is not required to prove the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity. In addition, the government need not prove that all of the property involved in the transaction was criminally derived property. However, more than $10,000 of the property involved must be criminally derived property.

Even so, the government is not required to trace criminal funds that are comingled with legitimate funds to prove a violation of Section 1957. Because money is fungible, once funds obtained from illegal activity are combined with funds from lawful activity in a single account, the "dirty" and "clean" funds cannot be distinguished from each other and the government is not required to establish that each dollar in the transaction is criminally derived.

Third Element — Property Derived from Specified Unlawful Activity

The third element is that the criminally derived property involved in the financial transaction was derived from specified unlawful activity. I instruct you as a matter of law that theft or bribery concerning programs receiving federal funds, bank fraud, honest services fraud, and misuse of a means of identification, are "specified unlawful activities" under the law.

<u>Fourth Element — Knowledge</u>

The fourth element is that the individual knowingly engaged in the monetary transaction involving criminally derived property, as defined above.

I have previously defined the term "knowingly" for you and you should apply that definition here. I further instruct you that in a prosecution for an offense under this section, the individual does not need to know the particular offense from which the criminally derived property was derived. However, the individual must know that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

<u>Fifth Element — Transaction Took Place in the United States</u>

The fifth element is that the transaction took place in the United States. A transaction takes place in the United States if it involves the transfer or transmission of funds into or out of or through accounts located in the United States.

<u>Authority</u>: Adapted from Sand Instr. 50A-26, 50A-27, 50A-28, 50A-29, 50A-30, 50A-31; *United States v. Ng Chong Hwa*, No. 18-CR-538 (MKB), ECF No. 197 at 65 (E.D.N.Y. April 7, 2022); *United States v. Silver*, 864 F.3d 102, (2d Cir. 2017) (money is fungible).

<u>REQUEST NO. 30 — Counts Eighteen and Nineteen: Tax Evasion</u>

Counts Eighteen and Nineteen of the Indictment charge Mr. Hu with tax evasion, as follows:

> In or about and between 2020 and 2022, within the Eastern District of New York and elsewhere, the defendant CHRIS HU, together with others, did willfully and knowingly attempt to evade and defeat a substantial personal income tax due and owing by him to the United States for the tax years 2020 and 2021, by, among other affirmative acts, (a) using a nominee, to wit: the Relative, and bank accounts held at Financial Institution-1 held in the name of the Relative; (b) transferring funds from the Cousin's bank accounts to the nominee's bank accounts; (c) making false entries on QuickBooks for the Vendor Company; and (d) the signing and filing of Forms 1040 on or about the dates listed below:

| COUNT | TAX YEAR | APPROXIMATE DATE OF FILING |
|---|---|---|
| EIGHTEEN | 2020 | 2/15/2022 |
| NINETEEN | 2021 | 7/27/2022 |

The relevant statute on this subject is Title 26, United States Code, Section 7201, which provides, in relevant part, that:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall [be guilty of a crime].

In order for you to find the defendant guilty of Counts Eighteen and Nineteen, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant owed substantially more federal income tax for the calendar year specified in the charge than was declared due on his income tax return;

<u>Second</u>, that the defendant committed one or more of the affirmative acts constituting tax evasion described in the Indictment; and

<u>Third</u>, that the defendant acted willfully.

<u>First Element – Owed More than Declared</u>

The first element of the tax evasion offense which the government must prove is that the defendant owed substantially more federal income tax for the specified calendar year than the tax declared on his income tax return. The government does not have to prove the exact amount the defendant owes. Nor does the government have to prove that all of the tax charged in the Indictment was evaded.

<u>Second Element – Affirmative Acts</u>

The second element of the tax evasion offense which the government must prove is that the defendant committed one or more of the affirmative acts constituting tax evasion described in the relevant counts of the Indictment. The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law. There are many different ways in which a tax may be evaded, or an attempt may be made to evade it. In this case, the Indictment alleges that the defendant engaged in the specific activities I referenced when reading these counts of the Indictment.

<u>Third Element – Acted Willfully</u>

The third element of the tax evasion offense which the government must prove is that the defendant acted knowingly and willfully. To satisfy this element, the government must prove beyond a reasonable doubt that the defendant knew that he owed substantially more federal income tax for the specified calendar year than was declared on his income tax return. Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all of the evidence. Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence or another innocent reason.

In this regard, I instruct you that the Internal Revenue Code provides that the fact that an individual's name is signed to a return is evidence that the return was actually signed by that person. In other words, unless there is evidence in the case which leads you to conclude otherwise, you may find that a tax return was in fact signed by the person whose name appears to be signed on it. If the evidence leads you to conclude, beyond a reasonable doubt, that the defendant signed his tax return, you may, but are not required to, draw the inference that the defendant had knowledge of the contents of the return.

I have previously defined the term "willfully" for you and you should apply that definition here.

In the course of your deliberations concerning the determination of whether any particular portion of the defendant's income was taxable, you should consider income which may have been illegally acquired, as well as funds which the evidence indicates have been lawfully acquired. If you find from the evidence that the defendant received taxable income and failed to report it as the law requires, it makes no difference in determining the defendant's tax liability whether such income was lawfully or unlawfully acquired.

Authority: Adapted from Sand Instr. 59-1, 59-3, 59-4, 59-7, 59-8, 59-10; *United States v. Bonventre, et al.*, No. 10-CR-228 (LTS), ECF No. 773 at 106, 2014 WL 1264475 (S.D.N.Y. March 17, 2014); *United States v. Josephberg*, 562 F.3d 478 (2d Cir. 2009).

<u>REQUEST NO. 31 — Aiding and Abetting</u>

You must consider whether the government has met its burden of proving a defendant's guilt by proving that the defendant aided and abetted the commission of a crime, even if you find that the government has not proven beyond a reasonable doubt that a defendant directly engaged in visa fraud, as charged in Count Three, bringing aliens into the United States, as charged in Counts Four through Seven, honest services wire fraud, as charged in Count Nine, federal program bribery, as charged in Count Ten, misuse of a means of identification, as charged in Count Thirteen, money laundering, as charged in Counts Fifteen through Seventeen, or tax evasion, as charged in Counts Eighteen and Nineteen. If the government proves beyond a reasonable doubt that a defendant aided and abetted the commission of the crime, then he or she is guilty of that crime.

The federal definition of "aiding and abetting" is contained in Section 2 of Title 18, United States Code, which provides as follows:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary to find that a defendant him or herself committed the crime with which he or she is charged in order for the government to sustain its burden of proof. This is so because under the law, a person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself.

The first requirement of the aiding and abetting statute is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting another person's crime if no crime was committed by the other person.

But if you do find that a crime was committed, then the second requirement of the aiding and abetting statute that you must determine is whether the defendant you are considering aided or abetted the commission of that crime.

To aid or abet another to commit a crime, a defendant must do two things:

First, they must knowingly associate themselves in some way with the crime; and

Second, they must participate in the crime by doing some act to help make the crime succeed.

To establish that a defendant knowingly associated him or herself with the crime, the government must establish that the defendant knew and intended that the crime charged would be committed.

To establish that a defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct for the specific purpose of bringing about the crime.

A person is not guilty as an aider and abettor just because he is a knowing spectator of a crime. A person is also not guilty as an aider and abettor if he has no knowledge a crime is being committed but inadvertently does something that aids in the commission of that crime. An aider and abettor must have some interest in the criminal venture. The government must prove that an aider and abettor took some conscious action to further the commission of the crime, and that he did so with the intent to bring about the crime.

To determine whether a defendant aided or abetted the commission of a crime, ask yourself these questions:

Did he or she participate and intend to participate in the crime?

Did he or she knowingly associate him or herself with the criminal venture?

Did he or she seek by his or her actions to make the criminal venture succeed?

If he or she did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him or her not guilty under that theory.

Authority: Adapted from Sand Instr. 11-2; *United States v. Hu Ji, et al.*, No. 21-CR-265 (PKC), ECF No. 256 at 24 (E.D.N.Y. June 20, 2023); *United States v. Zottola et al.*, No. 18-CR-609 (HG), ECF No. 550, Tr. at 7220 (E.D.N.Y. Oct. 14, 2022); *United States v. Romanello*, No. 22-CR-194 (EK), ECF No. 114 at 29 (E.D.N.Y. Dec. 4, 2023).

<u>REQUEST NO. 32 — Co-Conspirator Liability</u>

There is one additional method by which you must evaluate the possible guilt of a defendant of the substantive crimes charged in Counts Three, Four through Seven, Nine, Ten, Thirteen, Fifteen through Seventeen, Eighteen and Nineteen, even if you do not find that the government has proven beyond a reasonable doubt a defendant's personal participation in those crimes, or attempting or aiding and abetting such crimes. In that circumstance, you must evaluate the defendant's possible guilt on the basis of what is called "co-conspirator liability."

Under this theory of liability, you must first find that the government has proven beyond a reasonable doubt that a defendant is guilty of one of the conspiracies charged in the indictment. If you so find, then you may, but are not required to, also find that defendant guilty of the corresponding substantive crime charged against him or her, in the circumstances I am about to describe.

In order to find a defendant guilty using this theory of co-conspirator liability, you must find that the government has proven beyond a reasonable doubt each of the following five additional elements:

<u>First</u>, that someone in fact committed the substantive crime charged in the count under consideration;

<u>Second</u>, that the person or persons who committed that substantive crime were members of a charged conspiracy;

<u>Third</u>, that the commission of the substantive crime charged in the count under consideration was pursuant to a common plan and understanding that you found to exist among the conspirators;

Fourth, that the defendant was a member of the charged conspiracy at the time that the substantive crime charged in the count under consideration was committed; and

Fifth, that the defendant could reasonably have foreseen that one of his or her co-conspirators might commit the substantive crime charged in the count under consideration. An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If you find that the government has proven all five of these elements beyond a reasonable doubt, then you may find a defendant guilty of the substantive crime charged in the count under consideration, even if that defendant did not personally participate in the acts constituting the crime and even if he or she did not have actual knowledge of it. However, that offense must have been foreseeable to the defendant.

The reason for this rule is that a co-conspirator who commits a substantive crime pursuant to a conspiracy is regarded as a partner of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes committed by its members.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty of the substantive crime charged in the count under consideration, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, attempted to commit, or aided and abetted the commission of, that crime, under the instructions that I have provided to you above.

This theory of co-conspirator liability can only be used to find a defendant guilty of the substantive offenses I just listed.

Authority: Adapted from *United States v. Asainov*, No. 19-CR-402 (NGG), ECF No. 168-2 at 49 (E.D.N.Y. Feb. 7, 2023).

Dated:       Brooklyn, New York
              November 17, 2025

                              Respectfully submitted,

                              JOSEPH NOCELLA, JR.
                              United States Attorney
                              Eastern District of New York

By:    /s/_____
                              Alexander A. Solmon
                              Robert M. Pollack
                              Andrew D. Reich
                              Amanda Shami
                              Assistant U.S. Attorneys

cc:      Clerk of Court (BMC) (via ECF)
          Defense counsel (via ECF)