UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

LINDA SUN,

    a/k/a "Wen Sun," "Ling Da Sun," and
    "Linda Hu," and

CHRIS HU,

                *Defendants*.

S4 24 Cr. 346 (BMC) (TAM)

## DEFENDANTS' JOINT REQUESTS TO CHARGE

ABELL ESKEW LANDAU LLP

Kenneth M. Abell
Jarrod L. Schaeffer
Scott Glicksman
Nafeesah Attah

256 Fifth Avenue, 5th Floor
New York, NY 10001

*Counsel for Linda Sun*

BRACEWELL LLP

Seth D. DuCharme
Nicole Boeckmann
David Shargel
Anissa L. Adas
31 W. 52nd Street, Suite 1900
New York, NY 10019

*Counsel for Chris Hu*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 5

GENERAL REQUESTS .......................................................................................................... 6

REQUEST NO. 1:   SUMMARY OF INDICTMENT ............................................................ 7

REQUEST NO. 2:   COUNT 1 – CONSPIRACY TO VIOLATE FARA – OFFENSE ........................... 9

REQUEST NO. 3:   COUNT 1 – CONSPIRACY – ELEMENTS ............................................ 10

REQUEST NO. 4:   COUNT 1 – CONSPIRACY – FIRST ELEMENT .................................... 11

REQUEST NO. 5:   COUNT 1 – CONSPIRACY – SECOND ELEMENT ............................... 13

REQUEST NO. 6:   COUNT 1 – CONSPIRACY – THIRD ELEMENT .................................. 16

REQUEST NO. 7:   COUNT 1 – CONSPIRACY – OBJECT OFFENSES ............................... 17

REQUEST NO. 8:   KNOWLEDGE AND INTENT ............................................................. 18

REQUEST NO. 9:   COUNT 2 – FAILURE TO REGISTER UNDER FARA ........................... 19

REQUEST NO. 10:   COUNT 2 – FAILURE TO REGISTER – ELEMENTS ....................................... 20

REQUEST NO. 11:   COUNT 2 – FAILURE TO REGISTER – FIRST ELEMENT ............................ 21

REQUEST NO. 12:   COUNT 2 – FAILURE TO REGISTER – SECOND ELEMENT ...................... 24

REQUEST NO. 13:   COUNT 2 – FAILURE TO REGISTER – THIRD ELEMENT ........................... 25

REQUEST NO. 14:   ACTIVITIES NOT PREDOMINANTLY FOR FOREIGN INTEREST .............. 27

REQUEST NO. 14:   COUNT 3 – VISA FRAUD – OFFENSE ................................................. 28

REQUEST NO. 16:   COUNT 3 – VISA FRAUD – ELEMENTS ............................................ 29

REQUEST NO. 17:   COUNT 3 – VISA FRAUD – FIRST ELEMENT ................................... 30

REQUEST NO. 18:   COUNT 3 – VISA FRAUD – SECOND ELEMENT ........................................... 31

REQUEST NO. 19:   COUNT 3 – VISA FRAUD – THIRD ELEMENT ................................. 32

REQUEST NO. 20:   COUNT 3 – VISA FRAUD – FOURTH ELEMENT ........................................... 33

REQUEST NO. 21:   COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – OFFENSE ................... 34

REQUEST NO. 22:   COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – ELEMENTS ............... 35

REQUEST NO. 23:  COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – FIRST ELEMENT ....... 36

REQUEST NO. 24:  COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – SECOND ELEMENT .. 37

REQUEST NO. 25:  COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – THIRD ELEMENT ...... 38

REQUEST NO. 26:  COUNT 8 – CONSPIRACY – ELEMENTS .......................................................... 39

REQUEST NO. 27:  COUNT 9 – HONEST SERVICES WIRE FRAUD – OFFENSE......................... 41

REQUEST NO. 28:  COUNT 9 – HONEST SERVICES FRAUD – WIRE ELEMENTS ..................... 42

REQUEST NO. 29:  COUNT 9 – HONEST SERVICES FRAUD – FIRST WIRE FRAUD
ELEMENT ...................................................................................................................... 43

REQUEST NO. 30:  COUNT 9 – HONEST SERVICES FRAUD – SCHEME TO DEFRAUD .......... 46

REQUEST NO. 31:  COUNT 9 – HONEST SERVICES FRAUD – SECOND WIRE FRAUD
ELEMENT ...................................................................................................................... 49

REQUEST NO. 32:  COUNT 9 – HONEST SERVICES FRAUD – THIRD WIRE FRAUD
ELEMENT ...................................................................................................................... 50

REQUEST NO. 33:  COUNT 10 – FEDERAL PROGRAM BRIBERY ................................................ 52

REQUEST NO. 34:  COUNT 10 – FEDERAL PROGRAM BRIBERY – ELEMENTS........................ 53

REQUEST NO. 35:  COUNT 10 – FEDERAL PROGRAM BRIBERY – FIRST ELEMENT .............. 54

REQUEST NO. 36:  COUNT 10 – FEDERAL PROGRAM BRIBERY – SECOND ELEMENT ......... 55

REQUEST NO. 37:  COUNT 10 – FEDERAL PROGRAM BRIBERY – THIRD ELEMENT............. 56

REQUEST NO. 38:  COUNT 10 – FEDERAL PROGRAM BRIBERY – FOURTH ELEMENT ......... 57

REQUEST NO. 39:  COUNT 10 – FEDERAL PROGRAM BRIBERY – FIFTH ELEMENT.............. 60

REQUEST NO. 40:  GRATUITIES NOT PROHIBITED.................................................................... 61

REQUEST NO. 41:  COUNT 11 – CONSPIRACY – ELEMENTS ....................................................... 62

REQUEST NO. 42:  COUNT 11 – CONSPIRACY – OBJECT OFFENSES........................................ 63

REQUEST NO. 43:  COUNT 12 – CONSPIRACY – ELEMENTS ....................................................... 65

REQUEST NO. 44:  COUNT 12 – CONSPIRACY – FIRST ELEMENT ............................................. 66

REQUEST NO. 45:  COUNT 12 – CONSPIRACY – SECOND ELEMENT ........................................ 67

REQUEST NO. 46:   COUNT 12 – CONSPIRACY – OBJECT OFFENSES ........................................ 69

REQUEST NO. 47:   COUNT 12 – CONSPIRACY – BANK FRAUD – FIRST ELEMENT .............. 70

REQUEST NO. 48:   COUNT 12 – CONSPIRACY – BANK FRAUD – SECOND ELEMENT .......... 72

REQUEST NO. 49:   COUNT 12 – CONSPIRACY – BANK FRAUD – THIRD ELEMENT .............. 74

REQUEST NO. 50:   COUNT 13 – MISUSE OF IDENTIFICATION – OFFENSE AND ELEMENTS 75

REQUEST NO. 51:   COUNT 13 – MISUSE OF IDENTIFICATION – FIRST ELEMENT ................. 76

REQUEST NO. 52:   COUNT 13 – MISUSE OF IDENTIFICATION – SECOND ELEMENT ............ 77

REQUEST NO. 53:   COUNT 13 – MISUSE OF IDENTIFICATION – THIRD ELEMENT ................ 78

REQUEST NO. 54:   COUNT 13 – MISUSE OF IDENTIFICATION – FOURTH ELEMENT ........... 79

REQUEST NO. 55:   COUNT 14 – MONEY LAUNDERING CONSPIRACY .................................... 80

REQUEST NO. 56:   COUNT 14 – MONEY LAUNDERING CONSPIRACY – ELEMENTS ............ 81

REQUEST NO. 57:   COUNT 14 – MONEY LAUNDERING CONSPIRACY – OBJECT OFFENSE 82

REQUEST NO. 58:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – ELEMENTS.......... 85

REQUEST NO. 59:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FIRST ELEMENT . 86

REQUEST NO. 60:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – SECOND
ELEMENT .................................................................................................................... 87

REQUEST NO. 61:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – THIRD
ELEMENT .................................................................................................................... 88

REQUEST NO. 62:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FOURTH
ELEMENT .................................................................................................................... 89

REQUEST NO. 63:   COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FIFTH ELEMENT . 90

REQUEST NO. 64:   COUNTS 18 AND 19 – TAX EVASION – ELEMENTS .................................... 91

REQUEST NO. 65:   COUNTS 18 AND 19 – TAX EVASION – FIRST ELEMENT ........................... 92

REQUEST NO. 66:   COUNTS 18 AND 19 – TAX EVASION – SECOND ELEMENT ...................... 93

REQUEST NO. 67:   COUNTS 18 AND 19 – TAX EVASION – THIRD ELEMENT .......................... 94

REQUEST NO. 68:   GOOD FAITH ................................................................................................ 95

REQUEST NO. 69: FAILURE TO CHARGE OTHERS ........................................................ 96

REQUEST NO. 70: TESTIMONY AND NUMBER OF WITNESSES ................................. 97

REQUEST NO. 71: INTEREST IN OUTCOME ................................................................. 98

REQUEST NO. 72: ACCOMPLICE TESTIMONY ........................................................... 99

REQUEST NO. 73: UNINDICTED CO-CONSPIRATORS ............................................. 101

REQUEST NO. 74: MULTIPLE CONSPIRACIES ......................................................... 102

REQUEST NO. 75: IMMUNIZED WITNESSES ............................................................ 103

REQUEST NO. 76: INFORMAL IMMUNITY ............................................................... 104

REQUEST NO. 77: LAW ENFORCEMENT WITNESSES............................................. 105

REQUEST NO. 78: CHARTS AND SUMMARIES ADMITTED AS EVIDENCE
(IF APPLICABLE) ........................................................................... 106

REQUEST NO. 79: CHARTS AND SUMMARIES NOT ADMITTED AS EVIDENCE (IF
APPLICABLE) .................................................................................. 107

REQUEST NO. 80: STATEMENTS OF THE DEFENDANT (IF APPLICABLE) ........... 108

REQUEST NO. 81: DEFENDANT'S RIGHT NOT TO TESTIFY (IF APPLICABLE).... 109

REQUEST NO. 82: DEFENDANT'S TESTIMONY (IF APPLICABLE) ........................ 110

REQUEST NO. 83: IMPROPER CONSIDERATIONS .................................................. 111

REQUEST NO. 84: SYMPATHY OR PREJUDICE ....................................................... 112

REQUEST NO. 85: EXPERT TESTIMONY ................................................................. 113

REQUEST NO. 86: TRANSLATIONS .......................................................................... 114

## PRELIMINARY STATEMENT

Linda Sun and Chris Hu respectfully request that the Court instruct the jury in the above-captioned matter in accordance with the enclosed proposed instructions. Both defendants respectfully reserve their right to request further instructions or modifications to proposed instructions based on subsequent developments before or during the trial, including, among other things, arguments or evidence offered by the government that necessitate such additional instructions or modifications.

In accordance with Rule 30(b) of the Federal Rules of Criminal Procedure, the defense respectfully requests that the Court inform the parties how it intends to rule on any requested instructions before closing arguments. To the extent the Court may have questions or concerns regarding any of these proposed instructions, the defense respectfully requests an opportunity to brief such matters on order to assist the Court's consideration of any relevant issues.

## **GENERAL REQUESTS**

Ms. Sun and Mr. Hu respectfully request that the Court give its usual instructions to the jury on the following general matters:

a. Function of Court and Jury

b. Jury Communications with Lawyers and the Court

c. Equality of the Prosecution and the Defense Before the Court

d. Burden of Proof and Presumption of Innocence

e. Reasonable Doubt

f. Indictment Not Evidence

g. Statements of Court and Counsel Not Evidence

h. Motions, Objections, and Questions by the Court

i. Direct and Circumstantial Evidence

j. Permissible Inferences

k. Stipulations and Objections

l. Jury's Recollection Governs

m. Duty to Weigh Evidence Without Prejudice

n. Duty to Base Verdict on Evidence

o. Each Count to Be Considered Separately

p. Each Defendant to Be Considered Separately

q. Verdict on Each Count Must Be Unanimous

r. Right to See Exhibits and Have Testimony Read During Deliberations

s. Duties of Foreperson and Return of Verdict Form

# REQUEST NO. 1:

## SUMMARY OF INDICTMENT

The defendants Linda Sun and Chris Hu have been charged in an indictment. Remember that, as I instructed you at the beginning of this case, an indictment is merely a list of charges. It is not evidence and is proof of nothing.

The Indictment in this case contains 19 counts, some of which are alleged against Ms. Sun, some of which are alleged Mr. Hu, and some of which are alleged against both Ms. Sun and Mr. Hu. Both defendants are presumed innocent of all the charges in the Indictment. I will run through them briefly now.

Count One charges Ms. Sun with conspiring to violate the Foreign Agents Registration Act or "FARA".

Count Two charges Ms. Sun with failing to register under FARA.

Count Three charges Ms. Sun with visa fraud.

Counts Four through Seven charge Ms. Sun with bringing in aliens to the United States.

Count Eight charges Ms. Sun and Mr. Hu with conspiracy to commit honest services wire fraud.

Count Nine charges Ms. Sun and Mr. Hu with honest services wire fraud.

Count Ten charges Ms. Sun and Mr. Hu with federal program bribery.

Count Eleven charges Ms. Sun and Mr. Hu with conspiring to commit certain offenses against the United States.

Count Twelve charges Mr. Hu with conspiring to commit bank fraud.

Count Thirteen charges Mr. Hu with misusing of means of identification.

Count Fourteen charges Ms. Sun and Mr. Hu with conspiring to commit money laundering.

Counts Fifteen through Seventeen charge Mr. Hu with money laundering.

And Counts Eighteen and Nineteen charge Mr. Hu with tax evasion.

<u>**REQUEST NO. 2:**</u>

COUNT 1 – CONSPIRACY TO VIOLATE FARA – OFFENSE

Count One charges Linda Sun with knowingly and willfully participating in a conspiracy to violate the Foreign Agents Registration Act or "FARA" during the period from January 2015 through December 2023. As I will explain further in a few moments, FARA requires that an agent of a foreign principal file a registration statement with the Attorney General of the United States within ten days of becoming a foreign agent.

Specifically, Count One alleges that:

In or about and between January 2015 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, did knowingly and willfully conspire to commit an offense against the United States, to wit, to knowingly and willfully act as an agent of a foreign principal, namely, the Government of the People's Republic of China and the Chinese Communist Party, without registering with the Attorney General, as required by law, in violation of Title 22, United States Code, Sections 612 and 618.

A conspiracy is an agreement by two or more people to accomplish some unlawful objective. It is sometimes referred to as a criminal partnership, and it is separate from the crime that the alleged co-conspirators agreed to commit. One may be guilty of the crime of conspiracy to commit an offense even if that conspiracy fails to achieve its unlawful purpose.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022); *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 19-1, 19-2; 22 U.S.C. § 612(a).

# REQUEST NO. 3:

## COUNT 1 – CONSPIRACY – ELEMENTS

In order to satisfy its burden of proof for the conspiracy charged in Count One, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that two or more persons entered into the unlawful agreement charged in the Indictment;

Second, that defendant knowingly and intentionally became a member of that conspiracy knowing its purpose and with the intent to further that illegal purpose;

Third, that an overt act was committed in furtherance of the conspiracy; that is, a member of the conspiracy knowingly and intentionally took some action that advanced the goals of the conspiracy.

If you find that the government has proven each of those elements beyond a reasonable doubt, then you may find the defendant guilty on Count One. On the other hand, if you find that the government has not proven one or more of these elements, then you must find the defendant not guilty. Now, let me go over these elements in a little more detail.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022); *see also* 18 U.S.C. § 371.

## REQUEST NO. 4:

### COUNT 1 – CONSPIRACY – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in the Indictment. With respect to Count One, the alleged agreement is an agreement to violate FARA—in other words, an agreement to knowingly and willfully act as an agent of a foreign principal without registering as a foreign agent. I will discuss the elements of FARA separately in connection with the next count.

In order for the government to satisfy this element, it must prove beyond a reasonable doubt that Ms. Sun and at least one other co-conspirator came to a mutual understanding—that is, that they agreed to work together in furtherance of an unlawful scheme to violate FARA. One person cannot commit the crime of conspiracy alone. You cannot conspire with yourself. The proof has to convince you that at least two people joined together common criminal scheme.

The Government does not need to prove an express or formal agreement, or that the conspirators stated in words or writing what the scheme was, or its object or purpose, or how it was accomplished. It is enough if the proof establishes that the conspirators came to an unspoken mutual understanding to accomplish an unlawful act—here, a violation of FARA—by means of a joint plan or common design. If, however, they were acting together for some proper purpose or even separately for a criminal purpose, then the Government would not have satisfied this first element and you have to find Ms. Sun not guilty of any conspiracy.

Similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

You may find that the existence of an agreement between two or more persons to disobey or disregard the law has been established by direct proof. But since conspiracy is generally by its nature characterized by secrecy, you may also infer its existence from the circumstances of the case and the conduct of the parties involved. In determining whether an agreement existed, you may consider the actions and statements of all of those that you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

It is not necessary for the government to prove that the ultimate objections of a conspiracy were, in fact, successfully accomplished. It is enough that the government has proven that two or more persons in any way expressly or impliedly came to a common understanding to violate the law.

If, after considering all the evidence, both direct and circumstantial, you conclude that the government has not proven beyond a reasonable doubt that Ms. Sun and another co-conspirator mutually agreed to work together in furtherance of an unlawful scheme to violate FARA, then this element is not satisfied.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022); *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 19-2, 19-4.

COUNT 1 – CONSPIRACY – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Ms. Sun knowingly and willfully became a member of the conspiracy charged in the Indictment. You cannot find someone guilty for a conspiracy unless it is shown that they were a member of the conspiracy. The government has to prove that beyond a reasonable doubt. And it has to show that the defendant knowingly and intentionally became a member of the charged conspiracy.

A person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. In this context, "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids; that is to say, with a bad purpose to disobey or to disregard the law.

If you conclude beyond a reasonable doubt that a conspiracy existed, you must next ask yourselves who the members of that conspiracy were. Remember that Ms. Sun is presumed to be innocent, and you may not conclude that she was a member of a conspiracy merely because she is named in the Indictment.

Before anyone can be found to have been a conspirator, you must first find that he or she knowingly and willfully joined in the unlawful agreement or plan charged in the Indictment. The key question, therefore, is whether Ms. Sun joined a conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement charged in the Indictment.

In deciding whether Ms. Sun was, in fact, a member of a conspiracy, you should consider whether she knowingly and willfully joined that conspiracy. Did she participate in it with

knowledge of its unlawful purpose and with the specific intention of furthering its business or objectives?

It is important to note that a defendant's participation in a conspiracy must be established by independent evidence of his or her own acts or statements, in addition to those of other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

A person who has no knowledge of the conspiracy but happens to act in such a way which furthers some objective or purpose of the conspiracy does not just by that become conspirator. Moreover, mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy, even if he knows of the conspiracy. The fact that a defendant's actions, without knowledge, may further the purposes or objectives of a conspiracy, does not make her a member of that conspiracy. More is required under the law. Likewise, mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy; in other words, knowledge or acquiescence without participation to the unlawful plan is not enough.

Similarly, mere association with one or more members of a conspiracy does not automatically make her a member. A person may know, or be friendly with, a criminal without also being a criminal themselves. Mere similarity of conduct or the fact that Ms. Sun may have communicated, worked, or assembled with members of a conspiracy and discussed common aims and interests does not necessarily establish that her membership in any conspiracy.

A defendant has to intentionally participate in the conspiracy with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. And, of course, a defendant cannot become a member of a conspiracy by accident, mistake or misunderstanding.

A defendant need not have known the identities of each and every other member of a conspiracy, nor must he or she have been apprised of all activities of the members of the conspiracy. Similarly, a defendant need not have been fully informed as to all of the details, or the full scope, of a conspiracy in order to justify an inference of knowledge on his or her part.

If you conclude beyond a reasonable doubt that Ms. Sun was a member of a conspiracy charged in the Indictment, the extent of her participation in the conspiracy has no bearing on the issue of her guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles. An equal role is not what the law requires.

In sum, you must find beyond a reasonable doubt that Ms. Sun, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in a conspiracy for the purpose of furthering an illegal violation of FARA. Only then does she become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022); *see also* Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 3A-1, 3A-3, 19-6.

<u>**REQUEST NO. 6:**</u>

COUNT 1 – CONSPIRACY – THIRD ELEMENT

The third element that the Government has to prove beyond a reasonable doubt to establish a conspiracy is that the defendant or a co-conspirator knowingly and intentionally committed at least one overt act.  That is some kind of conduct, some active conduct.  An overt act is any action intended to help the object of the conspiracy.  To put it another way, the overt act element is a requirement that the agreement went beyond the mere talking and agreement stage.  Somebody had to do something.

In the context of this case, the Government must prove beyond a reasonable doubt that an overt act was committed in furtherance of Ms. Sun's agreement with others to conspire to violate FARA by failing to register as a foreign agent of the People's Republic of China or "PRC."

An overt act does not have to be a criminal act, but it must contribute to furthering the conspiracy.  It is not required that all of the overt acts alleged in the Indictment be proven or that the overt act was committed at precisely the time alleged in the conspiracy.  It is sufficient if you are convinced beyond a reasonable doubt that an overt act occurred at or about the time and place stated.  You must, however, be unanimous as to any overt act that you believe was proven beyond a reasonable doubt.

Similarly, you need not find that the defendant herself committed the overt act.  It is sufficient for the government to show that one of the conspirators knowingly and intentionally committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all the members of the conspiracy.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022).

## REQUEST NO. 7:

### COUNT 1 – CONSPIRACY – OBJECT OFFENSES

To determine whether the government has proven, beyond a reasonable doubt, that Ms. Sun engaged in an illegal conspiracy, you must also understand the crime that Count One charges her with agreeing to commit.

Specifically, Count One charges Ms. Sun with agreeing to violate FARA. I will given you further instructions regarding the elements of that offense in a moment in connection with Count Two.

## REQUEST NO. 8:

### KNOWLEDGE AND INTENT

Now, I have used the terms "knowingly" and "intentionally." Let me explain what those words mean in this context.

A person acts "knowingly" when he or she acts intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by the conduct by all the facts and circumstances surrounding the case.

A person acts "intentionally" when he or she acts deliberately and purposefully. The defendant's acts must have been the product of a conscious objective rather than the product of a mistake or an accident. Generally, to establish that a defendant acted intentionally, the government is not required to prove that a defendant was aware of a specific law that forbade his or her conduct.

These issues of knowledge and intent require you to make a determination about a defendant's state of mind. This is something that usually cannot be proved through direct evidence. It would be a rare case when it could be shown that a person wrote or stated that, at a given time in the past, he or she committed an act with a certain state of mind.

The ultimate fact of a defendant's statement of mind, though subjective, may instead be established by circumstantial evidence. Circumstantial evidence in this context can include a person's outward manifestations, his words, conduct, acts, and all the surrounding circumstances disclosed by the evidence, as well as the rational or logical inferences that can be drawn from the circumstantial evidence.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022).

## REQUEST NO. 9:

### COUNT 2 – FAILURE TO REGISTER UNDER FARA

Count Two charges Ms. Sun with the substantive crime of failing to register under FARA between August 2019 and December 2023. As I indicated previously, FARA requires that an agent of a foreign principal file a registration statement with the Attorney General of the United States within ten days of becoming a foreign agent. Count Two charges that Ms. Sun knowingly and willfully acted as an agent of the government of the PRC and the Chinese Communist Party or "CCP," without registering as such.

Specifically, Count Two alleges that:

In or about and between August 2019 and December 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, knowingly and willfully acted and caused others to act as an agent of a foreign principal, namely, the Government of the People's Republic of China and the Chinese Communist Party, without registering with the Attorney General, as required by law.

<u>**REQUEST NO. 10:**</u>

COUNT 2 – FAILURE TO REGISTER – ELEMENTS

In order to satisfy its burden of proof for the offense charged in Count Two, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that Ms. Sun acted within the United States as an agent for the PRC and the CCP;

Second, that the PRC and the CCP were foreign principals; and

Third, that Ms. Sun knowingly and willfully failed to submit a true and complete registration statement to the Attorney General of the United States within ten days of becoming an agent of the PRC and the CCP.

Adapted from *United States v. Michel*, No. 19 Cr. 148 (CKK) (D.D.C. Apr. 24, 2023).

## REQUEST NO. 11:

## COUNT 2 – FAILURE TO REGISTER – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt to establish a violation of FARA is that Ms. Sun acted within the United States as an agent for the PRC and the CCP.

In this case, an "agent" for purposes of FARA includes any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person engages within the United States in political activities for or in the interests of such foreign principal.

Acting "at the order, request, or under the direction or control" of a foreign principal requires that the principal exercise some form of authority over the defendant.[1]  To satisfy this element, the government must prove that a foreign principal "establish[ed] a particular course of conduct to be followed," and that Ms. Sun then "respond[ed]" to and "compl[ied]" with that specified "course of conduct."[2]  Responding to "[a] general plea for political or financial support"

---

[1]  *See* Scope of Agency, DEP'T OF JUST. (May 2020) ("DOJ Guidance"), at 2, *available at* https://www.justice.gov/nsd-fara/page/file/1279836/dl (last accessed Nov. 15, 2025) (recognizing that under FARA "three of the four operative terms . . . ('order,' 'direction,' and 'control') convey that the foreign principal exercises some degree of authority over the agent" and "request" likewise "must be read to connote some form of authority by the principal over the agent"); *accord* 28 C.F.R. § 5.100(b) ("[T]he term control or any of its variants shall be deemed to include the possession or the exercise of the power, directly or indirectly, to determine the policies or the activities of a person . . . ." (emphasis omitted)).

[2]  *Att'y Gen. of United States v. Irish N. Aid Comm.* ("*INAC*"), 668 F.2d 159, 161–62 (2d Cir. 1982).

is not enough to make someone an agent under FARA.[3]  Likewise, simply asking or "mere persuasion" are insufficient to make someone an agent of a foreign principal; instead, the "circumstances must evince some level of power by the principal over the agent or some sense of obligation on the part of the agent to achieve the principal's request."[4]

A person also has to do more than act in parallel with a foreign government's interests or independently pursue a mutual goal.  Also, keep in mind that Ms. Sun was a state public official working on political matters involving the PRC.  Merely cooperating with representatives of a foreign government does not make someone a foreign agent.

Just because a defendant's action may benefit a foreign principal does not mean that the defendants is acting on behalf of that foreign principal.  Nor is it enough for a defendant to privately feel an allegiance to a foreign country.  Additionally, it is not sufficient for a finding of guilty that a defendant was merely willing to do something a foreign government requested.  And it is not enough for a defendant to want to be an agent of the foreign government or official, or that the foreign government or official wants an individual to be its agent.  Rather, the government must prove that they both agreed to the arrangement.

As used here, the term "political activities" means any activity that the person engaging in those activities believes will, or that the person intends to, in any way influence any agency or official of the government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United

---

[3]     *Id.*

[4]     DOJ Guidance at 3; *see also United States v. Alshahhi*, No. 21 Cr. 371 (BMC), 2022 WL 2239624, at *5 (E.D.N.Y. June 22, 2022), *recons. denied*, 2022 WL 3595056 (E.D.N.Y. Aug. 23, 2022) (citing DOJ guidance and noting that "the Justice Department recently clarified that to be an agent under FARA, the agent must feel 'some sense of obligation' to the foreign principal").

States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.

The term "influence" means the "[u]se of pressure, authority, or power," whether directly or indirectly, "to induce action or change the decisions or acts of another," such as efforts seeking to "alter, sway, or affect the will of another, but falling short of coercion."[5]  It does not include making a personal political or policy choice, or merely expressing an opinion without seeking to induce action or change the decisions or acts of another person.

> Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022) and *United States v. Michel*, No. 19 Cr. 148 (CKK) (D.D.C. Apr. 24, 2023); *see also* 22 U.S.C. § 611(c)(1)(i).

---

[5]     "Influence," BLACK'S L. DICTIONARY (12th ed. 2024); *see also U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 469–70 (5th Cir. 2009) (noting dictionary definitions of "influence" including, *inter alia*, "exercis[ing] action or power of a non-material or unexpressed kind," "corrupt interference with authority for personal gain," and "ascendancy, sway, control, or authority, not formally or overtly expressed").

## REQUEST NO. 12:

### COUNT 2 – FAILURE TO REGISTER – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt to establish a violation of FARA is that the People's Republic of China and the Chinese Communist Party were foreign principals.

A "foreign principal" can be a foreign government, a foreign political party, any person outside the United States—except U.S. citizens who are domiciled within the United States—and an entity organized under the laws of a foreign country or having its principal place of business in a foreign country.

> Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022) and *United States v. Michel*, No. 19 Cr. 148 (CKK) (D.D.C. Apr. 24, 2023); *see also* 22 U.S.C. § 611(b)(1)–(3).

## REQUEST NO. 13:

### COUNT 2 – FAILURE TO REGISTER – THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt to establish a violation of FARA is that Ms. Sun knowingly and willfully failed to submit a true and complete registration within ten days of becoming an agent of the People's Republic of China and the Chinese Communist Party.

I have already explained what it means to act "knowingly." You may use that same definition here, during your consideration of this element.

"Willfully" has a special meaning with respect to FARA. In connection with this count, "willfully" means to act with knowledge that one's conduct is unlawful and with the specific intent to violate a known legal duty.

A defendant's conduct is not "willful" if it was the result of negligence, inadvertence, mistake, or a good faith misunderstanding of the requirements of the law. With respect to FARA, "[w]illfulness . . . requires the [g]overnment to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that [s]he voluntarily and intentionally violated that duty."[6] Thus, the government must prove beyond a reasonable doubt that Ms. Sun knew that she was required to register under FARA but voluntarily and intentionally disobeyed or disregarded that registration requirement.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 3A-3A-3; *see also Bryan v. United States*, 524 U.S. 184, 194 (1998) (noting propriety of higher willfulness standard in cases "involv[ing] highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct"); *Ratzlaf v. United States*, 510 U.S. 135, 141–43 (1994) (applying principle to anti-structuring provisions); *Cheek*, 498 U.S. at 201–04 (applying principle to tax offenses); *X-Citement Video, Inc.*, 513 U.S. 64, 72–73 (1994); *Cf. Ruan v. United States*, 597 U.S. 450, 458–59 (2022) (stating that "a lack of

---

[6] *Cheek v. United States*, 498 U.S. 192, 201 (1991).

authorization is often what separates wrongfulness from innocence" and requiring scienter because "it is the fact that the doctor issued an *unauthorized* prescription that renders his or her conduct wrongful, not the fact of the dispensation itself"); *Rehaif v. United States*, 588 U.S. 225, 232 (2019) ("Assuming compliance with ordinary licensing requirements, the possession of a gun can be entirely innocent. It is therefore the defendant's *status*, and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful."); *Spies v. United States*, 317 U.S. 492, 496 (1943) ("It is not the purpose of the law to penalize frank difference of opinion of innocent errors made despite the exercise of reasonable care.").

## <u>REQUEST NO. 14:</u>

### ACTIVITIES NOT PREDOMINANTLY FOR FOREIGN INTEREST

Now, it is also important to note that FARA contains an exemption, which provides that registration is not required for any person engaging only in activities not serving predominantly a foreign interest.

Thus, if you find that Ms. Sun only engaged or agreed to engage in activity that did not predominantly serve a foreign interest—that is, that activities in which she engaged or agreed to engage were either equally or predominantly serving a domestic interest, like the interests of the State of New York—then her conduct would be legal under FARA.

Adapted from *United States v. Barrack, et al.*, No. 21 Cr. 371 (BMC) (E.D.N.Y. Nov. 2, 2022); *see also* 22 U.S.C. § 613(d)(2).

## REQUEST NO. 14:

### COUNT 3 – VISA FRAUD – OFFENSE

Count Three charges Ms. Sun with knowingly and intentionally committing visa fraud

during the period from August 2019 through October 2019.  Specifically, Count Three alleges:

> In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, did knowingly and intentionally present one or more applications and other documents required by the immigration laws and regulations prescribed thereunder which contained one or more false statements with respect to one or more material facts, to wit: a falsified invitation letter for a delegation from Henan Province, PRC, purportedly signed by Politician-2.

**REQUEST NO. 16:**

COUNT 3 – VISA FRAUD – ELEMENTS

In order to satisfy its burden of proof for the offense charged in Count Three, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that defendant presented an application, affidavit, or other document containing a false statement;

Second, that the statement was made in a document required by the immigration laws or regulations;

Third, that the statement was false as to a material fact; and

Fourth, that the defendant did so knowingly.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 47-8; *see also* 18 U.S.C. § 1546(a).

## <u>REQUEST NO. 17:</u>

### COUNT 3 – VISA FRAUD – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that defendant made a false statement as alleged in the Indictment.

A statement is "false" if it was untrue when made.

To "present" an application, affidavit, or other document means to knowingly submit the document to the immigration authorities with the intent or expectation that it be used or relied upon by such authorities.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 47-9.

## REQUEST NO. 18:

## COUNT 3 – VISA FRAUD – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that the statement was made in a document required by the immigration laws or regulations. A document is required for these purposes if it is deemed necessary under such laws or regulations in connection with an immigration matter.

It is not necessary that the statement be in an official immigration form. It is sufficient if the false statement was included in any affidavit or other document required to be attached to an application.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 47-10.

## <u>REQUEST NO. 19:</u>

COUNT 3 – VISA FRAUD – THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt is that any statement was false as to a material fact. A fact is material if it could have affected or influenced the government's decisions or activities, though the government is not required to prove that it actually relied on the statement.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 47-12.

## REQUEST NO. 20:

COUNT 3 – VISA FRAUD – FOURTH ELEMENT

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly.  I have already instructed you on the term "knowingly" in connection with prior counts, and you should rely on that instruction here.

## REQUEST NO. 21:

### COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – OFFENSE

Counts Four through Seven charge Ms. Sun with illegally bringing aliens into the United States.  Specifically, those counts allege:

> In or about and between August 2019 and November 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," together with others, encouraged and induced [certain] aliens . . . to come to and enter the United States, knowing and in reckless disregard of the fact that such coming to and entry was and would be in violation of law, for the purpose of commercial advantage and private financial gain . . . .

## REQUEST NO. 22:

COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – ELEMENTS

In order to satisfy its burden of proof for the offense charged in those counts, the government must establish each of the following essential elements beyond a reasonable doubt with respect to each alleged alien:

First, that the defendant encouraged or induced the alien to come to, enter, or reside in the United States in violation of law;

Second, that the defendant did so knowing that such coming to, entering or residing in the United States was or would be in violation of law, or that the defendant acted with reckless disregard of that fact; and

Third, that the defendant acted for the purpose of commercial advantage or private financial gain.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 33A-21, 33A-29; *United States v. Yannai*, No. 10-CR-594 (ERK), Dkt. 155 (E.D.N.Y. June 2, 2011).

<u>**REQUEST NO. 23:**</u>

COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – FIRST ELEMENT

The first element of the offense which the government must prove beyond a reasonable doubt is that the defendant encouraged or induced one or more aliens to come to or enter or remain in the United States in violation of law. To "encourage" means to wrongfully instigate, convince, help or advise an alien to come to the United States or to stay in this country. To "induce" means to wrongfully bring about, affect, cause or influence an alien to come to the United States or to stay in this country.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 33A-21, 33A-29; *United States v. Yannai*, No. 10-CR-594 (ERK), Dkt. 155 (E.D.N.Y. June 2, 2011).

<u>**REQUEST NO. 24:**</u>

COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – SECOND ELEMENT

The second element of the offense which the government must prove beyond a reasonable doubt is that the defendant knew that the alien she encouraged or induced would come to or enter or remain in the United States in violation of the law, or that the defendant acted in reckless disregard of that fact.

I have already instructed you as to the definition of "knowingly." The phrase "reckless disregard of the facts" means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged alien was in fact an alien and was in the United States unlawfully.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 33A-21, 33A-29; *United States v. Yannai*, No. 10-CR-594 (ERK), Dkt. 155 (E.D.N.Y. June 2, 2011).

**REQUEST NO. 25:**

COUNTS 4 THROUGH 7 – BRINGING IN ALIENS – THIRD ELEMENT

The third element of the offense which the government must prove beyond a reasonable doubt is that the offense charged in these counts was done for the purpose of commercial advantage or private financial gain.

"Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is profit or gain in money or property.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 33A-21, 33A-29; *United States v. Yannai*, No. 10-CR-594 (ERK), Dkt. 155 (E.D.N.Y. June 2, 2011).

## REQUEST NO. 26:

### COUNT 8 – CONSPIRACY – ELEMENTS

Count Eight charges both defendants with conspiracy to commit honest services wire fraud.

Specifically, Count Eight alleges that:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

As I said in connection with Count One, a conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons who join together to accomplish the same unlawful purpose.  In order to satisfy its burden of proof for the offense charged in Count Eight, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that the charged conspiracy existed; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

I previously instructed you on the elements of conspiracy in connection with Count One, and those instructions apply here as well.  The main difference between Count One and Count Eight is the unlawful objective of the conspiracy.  Also, the government is not required to prove an overt act for Count Eight.  In Count Eight, the government alleges that the unlawful objective of the conspiracy was to commit honest services fraud.

I will instruct you regarding the elements of that offense in connection with Count Nine.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 19-1, 19-2; *see also* 18 U.S.C. § 1349.

## REQUEST NO. 27:

### COUNT 9 – HONEST SERVICES WIRE FRAUD – OFFENSE

Count Nine charges the defendants with devising and executing "a scheme or artifice to deprive another of the intangible right of honest services."[7]  Specifically, Count Nine alleges that:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the NYS government of its intangible right to the honest services of SUN through kickbacks, to wit: payments to HU through bank accounts held at Financial Institution-1 in the name of the Relative, and for the purpose of executing such scheme and artifice, the defendants transmitted and caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, to wit: (a) a March 24, 2020 email SUN sent with the subject line "Already VERIFIED by Linda Sun," to NYS procurement officers about the Cousin Company; and (b) multiple emails SUN sent in or about and between April 7, 2020, and April 30, 2020, to NYS accounts payable personnel regarding the status of payment to the Cousin Company.

---

[7]     18 U.S.C. § 1346.

<u>**REQUEST NO. 28:**</u>

COUNT 9 – HONEST SERVICES FRAUD – WIRE ELEMENTS

In order to prove the offense charged in Count Nine, the government must establish each of the following essential elements beyond a reasonable doubt for each count:

First, that there was a scheme or artifice to defraud a victim of money or property by materially false and fraudulent pretenses, representations, or promises, as alleged in the Indictment;

Second, that a defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of the interstate wires, as specified in the Indictment.

> Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019), and SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 44-3; *see also* 18 U.S.C. § 1343; *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (quoting *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015)) ("The essential elements of mail and wire fraud are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme."); *see also United States v. Napout*, 963 F.3d 163, 179 (2d Cir. 2020) (stating that "honest services wire fraud . . . is not something different from wire fraud; it is a type of wire fraud that is explicitly prohibited by that statute").

## REQUEST NO. 29:

COUNT 9 – HONEST SERVICES FRAUD – FIRST WIRE FRAUD ELEMENT

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud a victim of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is a plan for the accomplishment of an object. "Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The government also must prove that a scheme to defraud was carried out by making false or fraudulent statements, representations, and promises. A statement, representation, claim, or document is false if it is untrue when made and was known at that time to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements, half-truths, the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case. Thus, deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may be false and deceptive. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. A statement is material if it would naturally tend to lead a reasonable person to change his or her conduct. That means that if you find a particular statement of fact was false, you must also determine whether that statement was one that a reasonable person would have considered important under the circumstances in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

You should not presume something is material merely because it is required by some statutory, regulatory, or contractual requirement as a condition of payment. Nor should you assume materiality because the government would have the option to decline to pay if it knew of the defendant's noncompliance.

The government also must prove beyond a reasonable doubt that the objective of the scheme to defraud was to deprive a person of money or property. Thus, it is not enough for the government to show only that a scheme deprived a victim only of information, even if that information was necessary for the victim to make economic decisions.

The government is not required to prove that a defendant personally originated the alleged scheme to defraud. Furthermore, it is not necessary for the government to prove that a defendant actually realized any gain from the scheme or the victim sustained any particular loss. In this case, it so happens that the government does contend that persons were defrauded and that one or more of the defendants profited. You may, however, consider whether a scheme succeeded in determining whether it existed.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, <u>Instr.</u> 44-4; *see also Ciminelli v. United States*, 598 U.S. 306, 309 (2023) (restricting the

federal fraud statutes to schemes involving traditional property interest); *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016) (explaining that materiality is not presumed "merely because the [g]overnment designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment" or because "the [g]overnment would have the option to decline to pay if it knew of the defendant's noncompliance"); *United States v. Corsey*, 723 F.3d 366, 373 (2d Cir. 2013) (stating that a "lie can support a fraud conviction only if it is material, that is, if it would affect a reasonable person's evaluation of a proposal").

## REQUEST NO. 30:

## COUNT 9 – HONEST SERVICES FRAUD – SCHEME TO DEFRAUD

Now, as I mentioned, Count Nine charges a specific kind of scheme to defraud—namely, "a scheme or artifice to deprive another of the intangible right of honest services." In order to prove that, the government must prove several additional elements beyond a reasonable doubt:

First, the government must prove that the defendant knowingly violated a fiduciary duty to another party by agreeing to a quid pro quo.

A fiduciary relationship arises when a person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of their relation. A public official's fiduciary duty extends beyond the entity that employs them to the people whom that entity serves. A "quid pro quo"—a Latin phrase meaning "this for that"—requires the government to prove a specific intent to give something of value in exchange for an official act. I will explain a quid pro quo more fully in connection with Count Ten.

Second, the government must prove that the quid pro quo involved the payment to the defendant of a bribe or kickback.

Third, the government must prove that the defendant sufficiently understood, at the time of the quid pro quo, the specific question or matter on which the individual paying a bribe or kickback expected him or her to act.

Fourth, the government must prove that the action agreed upon in exchange for a bribe or kickback constituted an official act. An "official act" means a decision or action on a specific and focused question or matter, or an agreement to do so, while that question or matter is pending, or may by law be brought before, a public official. I will explain what constitutes an "official act" more fully in connection with Count Ten.

Fifth, the government must prove that, in furtherance of the quid pro quo, the defendant knowingly, and with fraudulent intent, made a material misrepresentation or omission to the person or entity to whom the defendant owed a fiduciary duty.

As we have discussed, to be material means that a fact would be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. A misrepresentation or omission is not material where only *de minimus*—that is, minor—harm is reasonably foreseeable. While the government need not prove that any victim was actually harmed, it must show that the defendant contemplated some harm to a victim, beyond mere deception, that involved some deprivation tied to the nature or quality of the defendant's services.

> *See Skilling v. United States*, 561 U.S. 358, 408 (2010) (confining honest services fraud to "bribes and kickbacks"); *United States v. Mangano*, 128 F.4th 442, 471 (2d Cir. 2025) (stating that an "honest services fraud convictions require evidence demonstrating that: (1) the defendant violated a fiduciary duty to another party in agreeing to a quid pro quo; (2) the defendant understood, at the time of the quid pro quo, on which specific question or matter the briber expected him to act; and (3) the action that the defendant agreed to take in exchange for the bribe was an official act"); *id.* (quoting *McDonnell v. United States*, 579 U.S. 550, 574 (2016), and defining an "official act"); *id.* at 274 (stating that "an official's fiduciary duty extends not merely to the entity he works for but also, and perhaps more fundamentally, to the people whom that entity serves"); *United States v. Greenberg*, 835 F.3d 295, 305–06 (2d Cir. 2016) (quoting *United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006)) (stating that "[t]he wire fraud statute . . . demands a showing that the defendant possessed a fraudulent intent" and while the government "need not prove that the victims of the fraud were actually injured," it must show "that defendants contemplated some actual harm or injury to their victims") (internal quotation marks omitted); *United States v. Halloran*, 821 F.3d 321, 337 (2d Cir. 2016) ("In New York, a fiduciary relationship arises between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."); *Novak*, 443 F.3d at 156 (quoting *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (requiring a showing that defendants "*contemplated* some actual harm or injury to their victims") (emphasis in original)); *id.* at 157 (quoting *Starr*, 816 F.2d at 99–100) (requiring that the contemplated harm be some deprivation tied to the "nature or quality of the services . . . that w[ere] the basis of the . . . bargain"); *United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003) (en banc) (explaining that a statement is material if the "misinformation or omission would naturally tend to lead or is capable of leading a reasonable [person] to change [his] conduct."); *id.* at 146 ("We expect the

materiality requirement also to perform the function for which the panel opinion's 'de minimis' requirement was designed."); *United States v. Alfisi*, 308 F.3d 144, 149 (2d Cir. 2002) (quoting *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999)) (explaining that "[t]he 'corrupt' intent necessary to a bribery conviction is in the nature of a *quid pro quo* requirement; that is, there must be 'a specific intent to give something of value in exchange for an official act'") (emphasis and internal alterations omitted); *see also* 18 U.S.C. § 1346.

COUNT 9 – HONEST SERVICES FRAUD – SECOND WIRE FRAUD ELEMENT

The second element the government must prove beyond a reasonable doubt is that defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

As I have previously instructed you, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" here means something different than I explained in connection with FARA. Here, "willfully" means to act purposely, with an intent to do something the law forbids—that is, with a bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive for the purpose of depriving another of the intangible right of honest services. And because intent to defraud is an element of honest services fraud, it follows that good faith on the part of the defendant is a complete defense to the charge. The defendant, however, has no burden to establish good faith. The burden is on the government to prove fraudulent intent beyond a reasonable doubt.

Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019), and SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 3A-3.

**REQUEST NO. 32:**

COUNT 9 – HONEST SERVICES FRAUD – THIRD WIRE FRAUD ELEMENT

The third element the government must prove beyond a reasonable doubt is that, in executing the scheme to defraud, the defendant used or caused the use of the interstate wires, as specified in the Indictment.

Wire communications include communications like telephone calls, emails, faxes, text messages, and bank transfers of money. "Interstate" means that the wire communication must pass between two or more states as, for example, a telephone call or wire transmission of computer signals or funds between two or more states or between a state and the District of Columbia.

The use of the wires need not itself be fraudulent, but the wires must be essential, rather than merely incidental, to the scheme to defraud. Thus, the use of the wires must further or assist in the carrying out of the scheme to defraud. It is not necessary for a defendant to be directly or personally involved in the wire communication, so long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is also sufficient to establish this element of the crime if the evidence justifies a finding that a defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or wire transmission. When a defendant does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, the government does not have to

prove that the wires were used on the exact date charged in the Indictment. It is sufficient if the

evidence establishes beyond a reasonable doubt that the wires were used on a date substantially

similar to the dates charged in the Indictment.

> Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also Bascunan v. Elsaca*, 927 F.3d 108, 122 (2d Cir. 2019) ("[T]he use of the mail or wires must be essential, rather than merely incidental, to the scheme to defraud.").

## REQUEST NO. 33:

### COUNT 10 – FEDERAL PROGRAM BRIBERY

Count Ten charges the defendants with committing federal program bribery. Specifically, Count Ten alleges that:

> In or about and between March 2020 and August 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LINDA SUN, also known as "Wen Sun," "Ling Da Sun," and "Linda Hu," and CHRIS HU, with SUN being an agent of the NYS government, together with others, did knowingly, intentionally, and corruptly solicit and demand for the benefit of SUN and HU, and accept and agree to accept, one or more things of value, to wit: United States currency, from one or more persons, to wit: the Cousin, intending to be influenced and rewarded in connection with business and one or more transactions and series of transactions of the DOH involving things of value of $5,000 or more, to wit: kickback payments from the Cousin in exchange for SUN's facilitation of contracts between the Cousin Company and the NYS government, while the DOH was in receipt of, in any one-year period, benefits in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance.

<u>**REQUEST NO. 34:**</u>

COUNT 10 – FEDERAL PROGRAM BRIBERY – ELEMENTS

In order to prove the offense charged in Count Ten, the government must establish each of the following essential elements beyond a reasonable doubt for each count:

First, that at the time alleged in the Indictment, the defendant was an agent of the New York State government;

Second, that in a one-year period, the New York State Department of Health received federal benefits in excess of $10,000 within a continuous one-year period;

Third, that the defendant solicited, demanded, accepted, or agreed to accept something of value from another person;

Fourth, that the defendant acted corruptly with the intent to be influenced or rewarded with respect to a transaction or a series of transactions of that same government; and

Fifth, that the value of the transaction or transactions to which the payment related was at least $5,000.

> Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666; *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 27A-2, 27A-3, 27A-4, 27A-5, 27A-6, 27A-7.

## REQUEST NO. 35:

COUNT 10 – FEDERAL PROGRAM BRIBERY – FIRST ELEMENT

An "agent" is a person who is authorized to act on behalf of the government. People who are employees, partners, directors, officers, managers, or representatives of the government all qualify as "agents" of that government.

> Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666.

<u>**REQUEST NO. 36:**</u>

COUNT 10 – FEDERAL PROGRAM BRIBERY – SECOND ELEMENT

The second element is that the New York State Department of Health received federal benefits in excess of $10,000 within a continuous one-year period. That one-year period must begin no more than 12 months before the defendant committed the offense and end no more than 12 months after he or she committed the offense.

To prove this element, the government must establish that the New York State Department of Health received, during that one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

It is not necessary for the government to prove that any defendant had any authority over the federal benefits. Nor does the government have to prove any connection between the alleged unlawful payments and the federal funding that New York State Department of Health allegedly received.

Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666.

## REQUEST NO. 37:

### COUNT 10 – FEDERAL PROGRAM BRIBERY – THIRD ELEMENT

The third element of Count Ten is that the defendant solicited, demanded, accepted, or agreed to accept something of value for him or herself or for another person.

A thing of value may be money, tangible property, intangible property, or services, of any dollar value, so long as it has value, including payments to third persons made on the defendant's behalf. The statute makes no distinction between soliciting, demanding, accepting, or agreeing to accept a thing of value. Accepting or agreeing to accept a payment is just as much a violation of the statute as soliciting or demanding a payment. It is not necessary that the payment have been made directly to the defendant. Rather, it is sufficient that the payment was made to a third party at that defendant's direction or for that defendant's benefit.

This element must be satisfied (i) while Ms. Sun was an agent of the New York State government and (ii) during the one-year period described in Element Two. The payment or "thing of value" required by this element does not include bona fide salary, wages, fees, or other compensation paid in the usual course of business.

Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666.

COUNT 10 – FEDERAL PROGRAM BRIBERY – FOURTH ELEMENT

The fourth element of Count Ten is that the defendant acted corruptly with the intent to be influenced or rewarded with respect to a transaction or a series of transactions of the state government.

To act with corrupt intent means to act voluntarily and intentionally with an improper motive or purpose to be influenced or rewarded in connection with some business or transaction of the local government at issue. This involves conscious wrongdoing or a bad or evil state of mind.

To satisfy its burden of proof on this element, the government must prove that the defendant's corrupt intent involved a quid pro quo. This element requires the existence of a quid pro quo. Quid pro quo is Latin, and it means "this for that" or "these for those." To prove a quid pro quo, the government must prove that the defendant obtained a thing of value in exchange for the promise or performance of an official act. In other words, the government must prove that a bribe was sought or received by the defendant, directly or indirectly, in exchange for the promise or performance of official action. The government does not have to prove that there was an express or explicit agreement, as a quid pro quo can be implied from words and actions.

If you find that the defendant understood that the benefits were provided to him solely to obtain access, cultivate goodwill or to nurture a relationship with the person who provided the benefit, and not in exchange for any official action, then this element will not have been proven. A quid pro quo can be established even if the defendant and the giver of the alleged bribe had a friendly relationship. Bribery, however, is not proven if you find that a gift is given to and accepted by, a public official solely out of friendship or some other motive wholly unrelated to influencing

official action.  Gifts exchanged solely to cultivate friendship or good will or to nurture a relationship are not bribes.  Likewise, if the defendant performed an official act solely for reasons unrelated to the defendant's receipt of gifts or things of value, a quid pro quo has not been established.

I have mentioned several times that this count involves payments in exchange for "official action."  You will hear the term "official act" or "official action" throughout my instructions in this case.  This definition applies in each of those counts.

The natural question then arises, what is "official action?"  An "official act" or "official action" is a decision or action on a specific matter that may be pending or may by law be brought before a public official.  An official act must involve a decision, an action, or an agreement to make a decision or to take action.  The decision or action may include using one's official position to exert pressure on or to order another to perform an official act. It may also include using one's official position to provide advice to another, knowing or intending that such advice will form the basis for an official act by another.

The decision or action must be made on a question or matter that involves a formal exercise of governmental power.  That means that the question or matter must be specific, focused, and concrete-for example, the kind of thing that could be put on an agenda and then checked off as complete.  It must be something that may by law be brought before a public official or may, at some time, be pending before a public official.

In order to be "official action," the decision or action must be more than just setting up a meeting, speaking with interested parties, consulting with an official, organizing an event, or expressing support for an idea.  Without more, those activities do not constitute "official action." That is not to say that sort of activity is not relevant. Such activity may be evidence of an agreement

to take official action or of using one's official position to exert pressure on or to order another to take official action.  Such activity could also be evidence of an agreement to provide advice to another, knowing or intending that such advice will form the basis for an official act by someone else.  Standing alone, however, setting up a meeting, speaking with interested parties, consulting with an official, organizing an event, or expressing support for an idea does not constitute "official action."

Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666.

## **REQUEST NO. 39:**

COUNT 10 – FEDERAL PROGRAM BRIBERY – FIFTH ELEMENT

The fifth element is that the value of the business, transaction or transactions to which the corrupt payment related was at least $5,000. This element does not require the government to prove that the defendant solicited or accepted at least $5,000. It is the value of the business or transaction to which the payment related that is important for this element

Adapted from *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666.

## REQUEST NO. 40:

## GRATUITIES NOT PROHIBITED

It is important to understand, however, that not all payments made in connection with an official act are illegal. A payment that serves as a reward for some future act that a public official will take, has determined to take, or for a past act that the official has already taken is not a bribe.

If you find that Ms. Sun received a payment as a reward for an official act but that official act occurred *before* the payment was agreed to or given, then you must find her not guilty of Count Ten. Similarly, if you find that any payment to Ms. Sun was made in the hope of obtaining general good will in the future, you must find her not guilty of Count Ten.

> *See Snyder v. United States*, 603 U.S. 1, 19 (2024) ("[A] state or local official does not violate § 666 if the official has taken the official act before any reward is agreed to, much less given. Although a gratuity offered and accepted after the official act may be unethical or illegal under other federal, state, or local laws, the gratuity does not violate § 666."); *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999) "An illegal gratuity . . . may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken."); *United States v. Yang Chia Tien*, 638 F. App'x 19, 24 (2d Cir. 2015) (quoting *United States v. Harary*, 457 F.2d 471, 476 n.11 (2d Cir.1972)) (explaining that "[t]he offense of giving a gratuity was designed primarily to apply to situations where payment is not made until after official action is taken and the element of a corrupt bargain is absent or unprovable"); *United States v. Alfisi*, 308 F.3d 144, 149 (2d Cir. 2002) ("The element of a quid pro quo or a direct exchange is absent from the offense of paying an unlawful gratuity. To commit that offense, it is enough that the payment be a reward for a past official act or made in the hope of obtaining general good will in the payee's performance of official acts off in the future.").

<u>**REQUEST NO. 41:**</u>

COUNT 11 – CONSPIRACY – ELEMENTS

In order to prove the offense charged in Count Eleven, the government must establish each of the following essential elements beyond a reasonable doubt for each count:

First, a conspiracy existed;

Second, the defendant knowingly and willfully became a member of the conspiracy; and

Third, an overt act was committed in furtherance of the conspiracy.

I have already instructed you as to these elements in connection with prior counts, and you should rely on those instructions here.

*See* 18 U.S.C. § 371.

## REQUEST NO. 42:

### COUNT 11 – CONSPIRACY – OBJECT OFFENSES

To determine whether the government has proven, beyond a reasonable doubt, that the conspiracy charge din Count Eleven, you must also understand the crimes that count charges the defendants with agreeing to commit. Specifically, Count Eleven charges the defendants with agreeing to commit federal program theft or federal program bribery. To find either defendant guilty of this offense, you must be unanimous as to which object you find has been proven,

I have already instructed you with respect to the elements of federal program bribery. You should apply those instructions here.

In order to prove the crime of federal program theft, the government must prove the following elements, beyond a reasonable doubt:

First, that at the time alleged in the indictment, Ms. Sun was an agent of the New York State government;

Second, within a one-year period, the New York State Department of Health received federal benefits in excess of $10,000;

Third, that the defendant stole, embezzled, obtained by fraud, knowingly converted or intentionally misapplied property;

Fourth, that that property belonged to or was in the care, custody or control of the New York State Department of Health; and

Fifth, that the value of the property stolen was at least $5,000.

To embezzle money or property means to voluntarily and intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust. To

steal money or property means to take someone else's money or property without the owner's consent with the intent to permanently deprive the owner of the value of that money or property. To convert money or property means to appropriate or use such money or property for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property. To intentionally misapply money or property means to use money or property of the New York State Department of Health knowing that such use is unauthorized, unjustifiable, and wrongful.

In this context, the terms "care," "custody" and "control" all mean that the New York State Department of Health had control over and responsibility for the property, even if it was not the actual owner of the property at the relevant time.

Adapted from *United States v. Wang*, No. 22-CR-230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019); *see also* 18 U.S.C. § 666; *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 27A-2, 27A-3, 27A-4, 27A-5, 27A-6, 27A-7.

**REQUEST NO. 43:**

COUNT 12 – CONSPIRACY – ELEMENTS

Count Twelve charges that Chris Hu, together with others, knowingly and intentionally conspired to commit bank fraud between March 2020 and May 2022.

As I explained earlier, a conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons who join together to accomplish the same unlawful purpose.

In order to satisfy its burden of proof for the conspiracy charged in Count Twelve, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that two or more persons entered into the unlawful agreement charged in the Indictment; and

Second, that the defendant knowingly and willfully became a member of the conspiracy.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 19-1, 19-2, 19-3; *see also* 18 U.S.C. § 371.

## REQUEST NO. 44:

### COUNT 12 – CONSPIRACY – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that two or more persons entered into the unlawful agreement charged in the Indictment.

With respect to Count Twelve, the alleged agreement is an agreement to commit bank fraud—in other words, an agreement to knowingly and intentionally to execute a scheme and artifice to defraud a bank, and to obtain moneys, funds, credits and other property owned by and under the custody and control of the bank by means of one or more materially false and fraudulent pretenses, representations and promises.  I will discuss the elements of bank fraud separately.

In order for the government to satisfy this element, it must prove beyond a reasonable doubt that Mr. Hu and at least one other co-conspirator came to a mutual understanding—that is, that they agreed to work together in furtherance of an unlawful scheme to commit bank fraud.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 19-2, 19-4.

## REQUEST NO. 45:

### COUNT 12 – CONSPIRACY – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that Mr. Hu knowingly and willfully became a member of the conspiracy charged in the Indictment.

As I explained earlier, a person acts knowingly if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. In this context, "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids; that is to say, with a bad purpose to disobey or to disregard the law. The key question is whether Mr. Hu joined a conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement charged in the Indictment.

Remember that in deciding whether Mr. Hu was, in fact, a member of a conspiracy, you should consider whether he knowingly and willfully joined that conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objectives?

Recall as well that a defendant's participation in a conspiracy must be established by independent evidence of his or her own acts or statements, in addition to those of other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

And Mr. Hu's mere presence at the scene of the alleged conspiracy does not, by itself, make him a member of a conspiracy. Similarly, mere association with one or more members of a conspiracy does not automatically make her a member. Mere similarity of conduct or the fact that Mr. Hu may have communicated, worked, or assembled with members of a conspiracy and discussed common aims and interests does not necessarily establish his membership in any conspiracy.

I will also caution you again that mere knowledge or acquiescence without participation in an unlawful plan is not sufficient. Moreover, the fact that a defendant's actions, without knowledge, may further the purposes or objectives of a conspiracy, does not make her a member of that conspiracy. More is required under the law. What is necessary is that the government must prove, beyond a reasonable doubt, that Mr. Hu participated in the charged conspiracy with some knowledge of its unlawful purposes or objectives, and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must find beyond a reasonable doubt that Mr. Hu, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in a conspiracy for the purpose of furthering an illegal bank fraud. Only then does he become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 3A-1, 3A-3, 19-6.

<u>**REQUEST NO. 46:**</u>

COUNT 12 – CONSPIRACY – OBJECT OFFENSES

To determine whether the government has proven, beyond a reasonable doubt, that Mr. Hu engaged in an illegal conspiracy, you must also understand the crime that Count Twelve charges him with agreeing to commit. Specifically, Count Twelve charges Mr. Hu with agreeing to commit bank fraud.

In order to prove the crime of bank fraud, the government must prove the following elements, beyond a reasonable doubt:

First, that there was a scheme to defraud a bank, or a scheme to obtain money or funds owned by, or under the custody or control of, a bank, by means of materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant executed or attempted to execute the scheme with the intent to defraud the bank, or to obtain money or funds owned by, or under the custody or control of, the bank;

And third, that the bank, at the time of the execution of the scheme, had its deposits insured by the Federal Deposit Insurance Corporation ("FDIC").

Let me explain each of those elements in more depth.

Adapted from *United States v. Bayfield*, No. 14 Cr. 356 (ENV), Dkt. 331, (E.D.N.Y. Feb. 3, 2017).

## REQUEST NO. 47:

## COUNT 12 – CONSPIRACY – BANK FRAUD – FIRST ELEMENT

The first element that the government must prove, beyond a reasonable doubt, to establish the offense of bank fraud is that there was a scheme to defraud a bank, or a scheme to obtain money or funds owned by, or under the custody or control of, a bank, by means of materially false or fraudulent pretenses, representations, or promises.

A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property with the intent to cause the bank to suffer an actual or potential loss.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation is fraudulent if it was falsely made with the intent to deceive.

Deceitful statements of half-truths, the concealment of material facts, or the expression of an opinion not honestly entertained may constitute false or fraudulent representations.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with intent to defraud.

Whether the defendant was under a legal, professional, or contractual duty to make such a disclosure must be proven by the government, beyond a reasonable doubt, and may not be inferred merely from the defendant's title, role, or profession.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that, if you find a particular representation to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

Not every deceitful statement is a basis for fraud, for fraud requires more than just deceit. A lie can support a fraud conviction only if it is material--that is, if it would affect a reasonable person's evaluation of a proposal. In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-maker to which it was addressed.

The government is not required to prove that the defendant actually realized any financial gain from the scheme or that the bank suffered any financial loss.

However, the government must prove, beyond a reasonable doubt, that, by executing the scheme alleged in the indictment, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk.

Adapted from *United States v. Bayfield*, No. 14 Cr. 356 (ENV), Dkt. 331, (E.D.N.Y. Feb. 3, 2017).

## REQUEST NO. 48:

### COUNT 12 – CONSPIRACY – BANK FRAUD – SECOND ELEMENT

The second element that the government must prove, beyond a reasonable doubt, to establish the offense of bank fraud is that the defendant executed the scheme knowingly, willfully, and with the intent to defraud the bank, or to obtain money or funds owned by, or under the custody or control of, the bank.

"Knowingly" means voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

Whether the defendant acted knowingly, willfully, and with intent to defraud may be proven by his conduct and by all of the facts and circumstances surrounding the case.

How someone acted--his or her state of mind--is a question of fact for you to determine. Direct proof of knowledge and fraudulent intent is not always available, nor is it required. The ultimate facts of knowledge and criminal intent may be established by direct or circumstantial evidence, which I explained to you earlier. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the bank fraud crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of bank fraud. The defendant, however, has no burden to establish a defense of good faith. The burden is on the

government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the bank fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by, or on behalf of, the defendant is a complete defense, however inaccurate the statements may turn out to be.

Adapted from *United States v. Bayfield*, No. 14 Cr. 356 (ENV), Dkt. 331, (E.D.N.Y. Feb. 3, 2017).

## REQUEST NO. 49:

### COUNT 12 – CONSPIRACY – BANK FRAUD – THIRD ELEMENT

The third and final element that the government must prove, beyond a reasonable doubt, to establish the offense of bank fraud is that the banks discussed in the indictment were insured by the federal deposit insurance corporation at the time of the execution--or attempted execution--of the alleged scheme to defraud.

It is not necessary for the government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the institution was insured by the federal deposit insurance corporation. The government must prove, however, that the defendant intended to defraud a financial institution, or to obtain money or funds owned by, or under the custody or control of, the bank.

Adapted from *United States v. Bayfield*, No. 14 Cr. 356 (ENV), Dkt. 331, (E.D.N.Y. Feb. 3, 2017).

## REQUEST NO. 50:

COUNT 13 – MISUSE OF IDENTIFICATION – OFFENSE AND ELEMENTS

Count Thirteen charges Mr. Hu with misuse of a means of identification of another person with the intent to commit, or aid and abet, the crimes charged in Counts Eight through Twelve.

In order for you to find the defendant guilty of Count Thirteen, the government must prove each of the following elements beyond a reasonable doubt:

First, that the item described in the Indictment is a means of identification of another person, as I will define that term for you;

Second, that the defendant transferred, possessed or used that means of identification;

Third, that the defendant acted knowingly and without lawful authority;

Fourth, that the defendant acted with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that violates federal law, that is, the crimes charged in Counts Eight through Twelve; and

Fifth, that the defendant's conduct occurred in or affected interstate or foreign commerce.

I will explain each of these elements to you in more detail.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

**<u>REQUEST NO. 51:</u>**

COUNT 13 – MISUSE OF IDENTIFICATION – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt is that the item described in the Indictment is a means of identification of another person. The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, telephone number, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number, or address. The means of identification may belong to a living or deceased person.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

**REQUEST NO. 52:**

COUNT 13 – MISUSE OF IDENTIFICATION – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt is that the defendant transferred, possessed or used that means of identification.

To transfer a means of identification means simply to turn over possession or control. The government does not have to prove that the defendant received any compensation in return for the means of identification.

To possess something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is, have actual possession of it. As long as the means of identification was within the defendant's control, he possessed it. If you find that the defendant either had actual possession of the means of identification, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession. It is possible that more than one person may have the power and intention to exercise control over a means of identification. If you find that the defendant had such power and intention, then he possessed the means of identification even if he possessed it jointly with another person.

To use a means of identification is to present, display, certify, or otherwise employ the document in any manner so that it would be accepted as identification.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

## **REQUEST NO. 53:**

### COUNT 13 – MISUSE OF IDENTIFICATION – THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and without lawful authority. I have already defined knowingly. To act without lawful authority means to have possessed the means of identification of another person without the person's consent or knowledge.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

<u>**REQUEST NO. 54:**</u>

COUNT 13 – MISUSE OF IDENTIFICATION – FOURTH ELEMENT

The fourth element that the government must prove beyond a reasonable doubt is that the defendant possessed a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, an unlawful activity that violates federal law, that is, the crimes charged in Counts Eight through Twelve.

To establish this element, the government must prove one of three things: (1) that the defendant possessed the means of identification with the intent to commit the crimes charged in Counts Eight through Twelve; (2) that the defendant possessed the means of identification with the intent to associate himself in some way with the crimes charged in Counts Eight through Twelve and that he intended to participate in those crimes by doing some act to help make that crime succeed; or (3) that the defendant knowingly facilitated the commission of the crimes charged in Counts Eight through Twelve by possessing the means of identification. To establish this element, the government does not need to prove that the defendant actually committed any of the crimes charged in Counts Eight through Twelve. This element is satisfied if you find that the Government proved beyond a reasonable doubt that the defendant possessed the means of identification with the intent to commit, aid and abet, or in connection with any of these offenses.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013).

## REQUEST NO. 55:

## COUNT 14 – MONEY LAUNDERING CONSPIRACY

The fifth element that the government must prove beyond a reasonable doubt is that the defendant's possession of a means of identification of another person was in or affecting interstate or foreign commerce. Interstate or foreign commerce simply means the movement of goods, services, money and individuals between any two or more states or between the United States and a foreign country. To satisfy this element, the government must prove that the defendant's conduct affected interstate commerce in any way, no matter how minimal. The government is not required to prove that the defendant knew he was affecting interstate or foreign commerce.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 39A-36, 39A-37, 39A-38, 39A-39, 39A-40, and 39A-41; *United States v. Wang*, No. 22 Cr. 230 (DC), Dkt. 103 (E.D.N.Y. Aug. 7, 2024); *United States v. Keith Raniere*, No. 18 Cr. 204 (NGG), Dkt. 728, 2019 WL 2641529 (E.D.N.Y. June 18, 2019); *see also United States v. Christensen*, 624 F. App'x 466, 476 (9th Cir. 2015); *United States v. Woods*, 710 F.3d 195, 208 (4th Cir. 2013)

**REQUEST NO. 56:**

COUNT 14 – MONEY LAUNDERING CONSPIRACY – ELEMENTS

In order to satisfy its burden of proof for the conspiracy charged in Count One, the government must establish each of the following essential elements beyond a reasonable doubt:

First, the existence of the charged conspiracy, that is, an agreement or understanding to violate the federal money laundering statute; and

Second, that the defendant knowingly and willfully joined the conspiracy with the intent to further its unlawful object.

I have previously instructed you regarding these elements in connection with prior counts. Those same instructions apply here. For this conspiracy count, unlike the conspiracy charged in Count One, you need not find that an overt act was committed by anyone in furtherance of the conspiracy.

Adapted from *United States v. Ng*, No. 18 Cr. 538 (MKB), Dkt. 197 (E.D.N.Y.).

## REQUEST NO. 57:

COUNT 14 – MONEY LAUNDERING CONSPIRACY – OBJECT OFFENSE

The object of the conspiracy charged in Count Fourteen is to transport, transmit or transfer money internationally knowing that the money represented proceeds from some form of unlawful activity and knowing that such transportation, transmission or transfer was designed, at least in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of one or more specified unlawful activities.

The elements of a violation of this statute are as follows:

First, that the defendant transported or transferred or transmitted, or attempted to transport or transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States;

Second, that the individual did so with the knowledge that the monetary instrument or funds involved represented the proceeds of some form of unlawful activity;

Third, that the individual did so with the knowledge that the transportation, transfer or transmission was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery. The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transported" or "transferred" or "transmitted" are not words that require a definition; they have their ordinary, everyday meaning. An individual need not have physically carried funds or monetary instruments in order to prove that he is responsible for transferring or transporting or transmitting. All that is required is that the individual caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity.

The funds or monetary instruments must have been transported, transferred or transmitted from somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States. This element is satisfied where funds or monetary instruments were transported, transferred or transmitted into or out of or through United States-based accounts, even where the United States was not the country the funds or monetary instruments were originally coming from or ultimately headed to.

To satisfy the second element, the defendant must have known that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. I instruct you as a matter of law that the object of the conspiracy charged in Count Fourteen, the unlawful activity at issue includes: (*i*) violations of FARA, the object of the conspiracy charged in Count One; (*ii*) bribery in the third degree in violation of New York Penal Law, Section 200.00; and (*iii*) bribe receiving in the third degree in violation of New York Penal Law, Section 200.10. These violations of federal and New York state laws are felonies.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. The government does not have to prove that the conspirators specifically knew that the property involved in the transportation, transmission or transfer represented the proceeds of any specific

offense.  Nor does the government have to prove that the conspirators knew the property involved in the offense in fact was the proceeds of specified unlawful activity, including the violations of the federal and New York state laws previously described.  Rather, if the government proves that the individuals agreed to transport, transmit or transfer property they knew to be the proceeds of some illegal activity that was a felony, this element is satisfied.  Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from some unlawful activity.

However, the third element requires that the individual transported, transferred or transmitted the monetary instruments or funds with knowledge that the transportation, transfer or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.  Proof only that the funds were concealed is not sufficient to satisfy this element.  Instead, the purpose of the transportation needs to have been to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the individual knew that this was the purpose of the transportation.

> Adapted from *United States v. Ng*, No. 18 Cr. 538 (MKB), Dkt. 197 (E.D.N.Y.); *see also* 18 U.S.C. § 1956(a)(2)(B)(i); *see also Regalado Cuellar v. United States*, 553 U.S. 550, 563 (2008) ("[M]erely hiding funds during transportation is not sufficient to violate the statute, even if substantial efforts have been expended to conceal the money.").

**REQUEST NO. 58:**

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – ELEMENTS

Counts Fifteen through Seventeen charge Chris Hu with knowingly and intentionally engage in money laundering on July 16, 2020, for Count Fifteen; July 23, 2020, for Count Sixteen; and August 4, 2020, for Count Seventeen.

In order to satisfy its burden of proof for the money laundering charged in each of these counts, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that the defendant engaged in a monetary transaction in or affecting interstate commerce; and

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000;

Third, that the property was derived from a specified unlawful activity charged in the indictment, which here includes federal program bribery, bank fraud honest services fraud, and misuse of identification;

Fourth, that the defendant acted with knowledge that the transaction involved proceeds of a criminal offense; and

Fifth, that the transaction took place in the United States or the defendant is a United States person, as I will define that term for you.

Adapted from *United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 4088081, (E.D.N.Y. July 29, 2016).

## REQUEST NO. 59:

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt to establish the offense of money laundering is that Mr. Hu engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate commerce" means commerce between any combination of states, territories or possessions of the United States.

You must find that the transaction affected interstate commerce in some way, however minimal. Any monetary transaction with a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC") affects interstate commerce.

Adapted from *United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 4088081, (E.D.N.Y. July 29, 2016).

## REQUEST NO. 60:

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – SECOND ELEMENT

The second element the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or from, proceeds obtained from a criminal offense.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

Adapted from *United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 4088081, (E.D.N.Y. July 29, 2016).

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – THIRD ELEMENT

The third element the government must prove beyond a reasonable doubt is that Mr. Hu knew the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct you that this element requires the government to prove beyond a reasonable doubt that Mr. Hu knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you that, as a matter of law, theft or bribery concerning programs receiving federal funds, bank fraud, and misuse of means of identification are federal criminal offenses.

Adapted from *United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 4088081, (E.D.N.Y. July 29, 2016).

## REQUEST NO. 62:

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FOURTH ELEMENT

The fourth element that the government must prove beyond a reasonable doubt is that Mr. Hu knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that the government is not required to prove that Mr. Hu knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that Mr. Hu knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find the government has established, beyond a reasonable doubt, that Mr. Hu knew the transaction involved property derived from a criminal offense, then this element is satisfied.

Adapted from *United States v. Ahmed*, No. 14 Cr. 277 (DLI), 2016 WL 4088081, (E.D.N.Y. July 29, 2016).

<u>**REQUEST NO. 63:**</u>

COUNTS 15 THROUGH 17 – MONEY LAUNDERING – FIFTH ELEMENT

The fifth element that the government must prove beyond a reasonable doubt is that the transaction took place in the United States. A transaction takes place in the United States if it involves the transfer or transmission of funds into or out of or through accounts located in the United States.

Adapted from *United States v. Hwa*, No. S-2 18 Cr. 538 (MKB), 2022 WL 1093608, (E.D.N.Y. Apr. 7, 2022).

## REQUEST NO. 64:

### COUNTS 18 AND 19 – TAX EVASION – ELEMENTS

Counts Eighteen and Nineteen charge Chris Hu, with willfully and knowingly attempting to evade and defeat a substantial personal income tax due and owing by him to the United States for the tax years 2020 and 2021.

In order to satisfy its burden of proof for tax evasion charged in Counts Eighteen and Nineteen, the government must establish each of the following essential elements beyond a reasonable doubt:

First, that the defendant owed substantially more federal income tax for the calendar years specified in the charge than was declared due on his income tax return;

Second, that the defendant committed the affirmative acts constituting tax evasion that are described in Counts Eighteen and Nineteen, specifically: (a) using a nominee account of Mei Ping Sun held at Signature Bank; (b) transferring funds from the Cousin's Account to the account of Mei Ping Sun; and (c) making false entries on Quickbooks for Medical Supplies USA; and

Third, that the defendant acted willfully.

Adapted from *United States v. Bonventre, et al.*, No. 10 Cr. 228 (LTS), Dkt. 773 (S.D.N.Y. Mar. 17, 2014).

**<u>REQUEST NO. 65:</u>**

COUNTS 18 AND 19 – TAX EVASION – FIRST ELEMENT

The first element that the government must prove beyond a reasonable doubt to establish that Mr. Hu evaded his taxes is that he owed substantially more federal income tax for the specified calendar years than the tax declared on his income tax return.

The government does not have to prove the exact amount Mr. Hu owes. Nor does the government have to prove that all of the tax charged in the Indictment was evaded.

Whether the amount is "substantial" turns on whether under the surrounding circumstances the amount of the deficiency would be significant to an ordinary person.

Adapted from *United States v. Bonventre, et al.*, No. 10 Cr. 228 (LTS), Dkt. 773 (S.D.N.Y. Mar. 17, 2014); *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 6.26.7201-1.

## <u>REQUEST NO. 66:</u>

## COUNTS 18 AND 19 – TAX EVASION – SECOND ELEMENT

The second element that the government must prove beyond a reasonable doubt to establish that Mr. Hu evaded his taxes is that he committed the affirmative acts constituting tax evasion described in the relevant Counts of the Indictment.

The Internal Revenue Code makes it a crime to attempt, in any manner, to evade or defeat any income tax imposed by law.

There are many different ways in which a tax may be evaded, or an attempt may be made to evade it. In this case, the Indictment alleges that Mr. Hu engaged in the specific activities referenced in the Indictment.

The government needs only to prove one act to satisfy this element of the offense, but you must unanimously agree on which acts were committed. The government alleged the following three acts. (a) using a nominee account of Mei Ping Sun held at Signature Bank, (b) transferring funds from the Counsin Account to the account of Mei Ping Sun; and (c) making false entries on Quickbooks for Medical Supplies USA. Again, you must unanimously agree on one of these acts.

> Adapted from *United States v. Bonventre, et al.*, No. 10 Cr. 228 (LTS), Dkt. 773 (S.D.N.Y. Mar. 17, 2014); *see also* SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 6.26.7201-3.

**REQUEST NO. 67:**

COUNTS 18 AND 19 – TAX EVASION – THIRD ELEMENT

The third element that the government must prove beyond a reasonable doubt to establish that Mr. Hu evaded his taxes is that he acted knowingly and willfully.

To satisfy this element, the government must prove beyond a reasonable doubt that Mr. Hu knew that he owed substantially more federal income tax for the specified calendar years than was declared on his income tax return. Whether or not he had this knowledge is a question of fact to be determined by you on the basis of all of the evidence. Of course, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence, actual belief that the amounts received were not taxable income or other innocent reason. Simply filing a tax return that might be incorrect or incomplete, is not by itself a crime.

In this regard, I instruct you that the Internal Revenue Code provides that the fact that an individual's name is signed to a return is evidence that the return was actually signed by that person. In other words, unless there is evidence in the case which leads you to conclude otherwise, you may find that a tax return was in fact signed by the person whose name appears to be signed on it. If the evidence leads you to conclude, beyond a reasonable doubt, that Mr. Hu signed his tax return, you may, but are not required to, draw the inference that he had knowledge of the contents of the return.

Adapted from *United States v. Bonventre, et al.*, No. 10 Cr. 228 (LTS), Dkt. 773 (S.D.N.Y. Mar. 17, 2014).

## REQUEST NO. 68:

### GOOD FAITH

Because criminal intent is required for every crime, it follows that good faith on the part of a defendant is a complete defense for every charge in the Indictment. "Good faith" means having a state of mind that is honest and absent of criminal intent. A defendant never has the burden to establish a defense of good faith. Rather, the burden is always on the government to prove the criminal intent that was charged. If you determine that the government has not proven that the defendant you are considering acted with the requisite criminal intent for any count, then you must find that defendant not guilty as to that count. Like any other question of fact, whether a defendant acted with the requisite criminal intent is a question of fact for you, the jury, to determine based on the evidence.

> Adapted from *United States v. Costanzo, et al.*, 22 Cr. 281 (JPO) (S.D.N.Y. Nov. 7, 2023), *United States v. Mangano, et al.*, 16 Cr. 540 (JMA) (E.D.N.Y. Feb. 29, 2019), and in *United States v. Percoco, et al.*, 16 Cr. 776 (VEC) (S.D.N.Y. July 10, 2018).

**REQUEST NO. 69:**

FAILURE TO CHARGE OTHERS

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the Indictment or were named as co-conspirators but not indicted.  Do not speculate as to the reasons why other persons were not named or indicted. Those matters are wholly outside your concern and have no bearing on your function as jurors.

As I will explain in more detail, however, you may consider whether a witness's testimony should be believed because he or she agreed to cooperate with the government or was granted immunity in return for his or her testimony.  I will instruct you in more detail about these matters later.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 3-4.

## REQUEST NO. 70:

### TESTIMONY AND NUMBER OF WITNESSES

The fact that one party may have called more witnesses or offered more exhibits does not mean that you should necessarily find any facts in favor of that party. You must look at all of the evidence or lack of evidence, drawing upon your own common sense and personal experience.

By the same token, you must decide which witnesses to believe and which facts are true. After examining all the evidence, you may decide that a party who called more witnesses has not persuaded you because you do not believe those witnesses, or because you believe witnesses called by another party. Likewise, if you find a witness to be not credible, you do not have to accept that witness's testimony even if he or she was not contradicted or impeached.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, remember that the burden of proof is always on the government and no defendant is ever required to call any witnesses or offer any evidence, since they are presumed to be innocent.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 4-3.

INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, a witness's interest may have affected or colored his or her testimony.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-3.

## REQUEST NO. 72:

### ACCOMPLICE TESTIMONY

You have heard testimony from witnesses whom the government has claimed were actually involved in planning and carrying out the crimes charged in the Indictment. The government has described these witnesses as either knowing or unwitting accomplices in certain alleged crimes. It is for you, the jury, to determine whether any crime actually occurred and, if so, whether a particular witness participated in that crime.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. I have given you some general considerations on credibility, and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that a

witness was motivated by hopes of personal gain, was the motivation one that would cause them to lie, or was it one that would cause them to tell the truth?  Did this motivation color their testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the Government's accomplice witnesses.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-5.

**REQUEST NO. 73:**

UNINDICTED CO-CONSPIRATORS

Similarly, the government also has called as witnesses people who it considers to be co-conspirators but who were not charged as defendants in this case. Again, it is for you alone to determine whether any conspiracy actually existed and, if so, whether a particular witness participated in that conspiracy.

Moreover, you should exercise caution in evaluating the testimony of any co-conspirator and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial.

As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-7.

## <u>REQUEST NO. 74:</u>

MULTIPLE CONSPIRACIES

Various counts in the Indictment charge that the defendants were members of one single conspiracy to commit certain crimes. To convict any one of the defendants of the conspiracy charge, the government must convince you beyond a reasonable doubt that the defendants were members of a single conspiracy as charged in each count.

In deciding whether there was more than one conspiracy, you should concentrate on the nature of the agreement. To prove a single conspiracy, the government must convince you beyond a reasonable doubt that each of the members agreed to participate in what he or she knew was a group activity directed toward a common goal. There must be proof of an agreement by everyone on an overall objective.

A single conspiracy may exist even if all the members did not know each other, or never sat down together, or did not know what roles all the other members played. And a single conspiracy may exist even if different members joined at different times, or the membership of the group changed. These are all things that you may consider in deciding whether there was more than one conspiracy, but they are not necessarily controlling.

What is controlling is whether the government has proved that there was an overall agreement on a common unlawful goal. If you do not find, with respect to a particular conspiracy in a given count, that the government has proven beyond a reasonable doubt that the defendant you are considering was part of a single conspiracy, then you must find that defendant not guilt of that count.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instrs. 3.08–3.09.

**<u>REQUEST NO. 75:</u>**

IMMUNIZED WITNESSES

You also have heard the testimony of witnesses who testified under grants of immunity from this Court. What this means is that the testimony of those witnesses may not be used against them in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that such testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he or she can win their own freedom by helping to convict another, has a motive to falsify their testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-8.

INFORMAL IMMUNITY

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he or she will not be prosecuted for any crimes that they may have admitted either here in court or in interviews with the government. This promise was not a formal order of immunity by the Court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that his or her testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he or she can win their own freedom by helping to convict another, has a motive to falsify their testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-9.

## REQUEST NO. 77:

### LAW ENFORCEMENT WITNESSES

You have heard the testimony of one or more law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of any more or less consideration, or greater or lesser weight, than that of any other witness.

At the same time, it is quite legitimate for defense counsel to question the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-16.

## <u>REQUEST NO. 78:</u>

CHARTS AND SUMMARIES ADMITTED AS EVIDENCE (IF APPLICABLE)

Some evidence was presented in the form of charts or summaries. I decided to admit those charts or summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider such charts and summaries as you would any other evidence.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 5-12.

**REQUEST NO. 79:**

CHARTS AND SUMMARIES NOT ADMITTED AS EVIDENCE (IF APPLICABLE)

Some evidence was presented in the form of charts or summaries. These charts or summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or exhibits upon which they are based, and the charts or summaries are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would to the evidence upon which they are based.

It is for you to decide whether such charts or summaries correctly present the information contained in the testimony or exhibits on which they were based. You may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 5-13.

**REQUEST NO. 80:**

STATEMENTS OF THE DEFENDANT (IF APPLICABLE)

The government has offered evidence that a particular defendant made certain statements in which the government claims that defendant admitted certain facts relevant to the charges in the Indictment.

In deciding what weight, if any, to give such statements, you should first examine with great care whether each statement was, in fact, made; whether it was voluntarily and understandingly made; and whether you agree that the statement actually means what the government may claim it means.

You may give such statements what weight, if any, you feel they deserve in light of all the other evidence or lack of evidence.

Adapted from Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 5-19.

**<u>REQUEST NO. 81:</u>**

DEFENDANT'S RIGHT NOT TO TESTIFY (IF APPLICABLE)

One or more of the defendants did not testify in this case. You must not attach any significance to the fact that a defendant did not testify. Under our Constitution, no defendant ever has an obligation to testify or to present any evidence, because it is always the Government's burden to prove guilt beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent. Rather, each defendant is presumed to be innocent throughout these proceedings. No adverse inference may be drawn by you against any defendant because he or she did not testify, and you may not consider it in any way in your deliberations in the jury room.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 5-21.

## REQUEST NO. 82:

DEFENDANT'S TESTIMONY (IF APPLICABLE)

Defendants in a criminal case never have any obligation to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and each defendant is presumed to be innocent.  In this case, one or more of the defendants testified and was subject to cross-examination like any other witness.  You should evaluate his or her testimony as you would the testimony of any witness.

> Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 7-4; *see also United States v. Gaines*, 457 F.3d 238, 248–49 & n.9 (2d Cir. 2006) (explaining that "district courts should not instruct juries to the effect that a testifying defendant has a deep personal interest in the case" and "if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses"); *United States v. Dwyer*, 843 F.2d 60, 63 (1st Cir. 1988) (quoting *Lannon v. Hogan*, 719 F.2d 518, 524 (1st Cir. 1983)) (stating that "an isolated instruction that may 'imply denigration or disbelief of a defendant's testimony,' is best avoided" regardless of whether "the implication may be counteracted when the charge is viewed as a whole").

## REQUEST NO. 83:

## IMPROPER CONSIDERATIONS

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence actually presented in this case.

It would be improper for you to consider, in reaching your decision as to whether the government has sustained its burden of proof, any personal feelings you may have about any defendants' race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the government always has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of any crimes charged to interfere with your decision-making process, or to reach a decision based on your views about the People's Republic of China, Taiwan, or other events pertaining to foreign relations that you may have seen in the news. Such matters have no relevance to this case and may not be considered by you in any way.

I repeat, your verdict here must be based exclusively upon the evidence or the lack of evidence actually presented in this case.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 2-11.

**REQUEST NO. 84:**

SYMPATHY OR PREJUDICE

Under your oath as jurors, you are not to be swayed by sympathy for either the government or the defendants. You are to be guided solely by the evidence in this case, and the central question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of each defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that each defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that if you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to any defendant's guilt of a charged offense, you should not hesitate for any reason to acquit that defendant of that offense. On the other hand, if you find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt with respect to a charged offense, you should not hesitate because of sympathy or any other reason to render a verdict of guilty as to that offense.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 2-12.

<u>**REQUEST NO. 85:**</u>

EXPERT TESTIMONY

You have heard testimony from a person described as an expert. An expert witness has special knowledge or experience that allows the witness to give an opinion, in hope that it helps you, the jury. That is all.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Adapted from S<small>AND</small>, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 2.07.

**REQUEST NO. 86:**

TRANSLATIONS

During this trial, you saw certain evidence in Chinese rather than English. Where necessary, the evidence you are to consider and on which you must base your decision has been translated the English language. You must disregard any meaning of the non-English words that differs from the official translation as agreed upon by the parties.

Adapted from SAND, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instr. 1.12.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on November 17, 2025, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve notification of the filing to all registered parties of record.

/s/ *Jarrod L. Schaeffer*

Jarrod L. Schaeffer