

JARROD L. SCHAEFFER
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

December 8, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re:  *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)

Your Honor:

  We represent Linda Sun in the above-referenced matter and, on behalf of both defendants, respectfully submit this letter following the charge conference held this evening.

  At that conference, the Court requested that the parties provide proposed elements for the remaining specified unlawful activity ("SUA") under state law relevant to Count Fourteen, which is third-degree bribe receiving in violation of New York Penal Law § 200.10. The defense respectfully proposes the following instruction regarding that offense:

With respect to bribe receiving in the third degree, in violation of New York Penal Law § 200.10, this offense has three elements:

<u>First</u>, that the defendant was a public servant;

<u>Second</u>, that the defendant solicited, accepted, or agreed to accept a benefit from another person; and

<u>Third</u>, that the defendant did so upon an agreement or understanding that his or her vote, opinion, judgment, action, decision, or exercise of discretion would thereby be influenced.[1]

As relevant here, a "public servant" means "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality

---

[1]  "Bribe Receiving 3," *Bribery Involving Public Servants & Related Offenses*, N.Y. Pattern Jury Instrs., available at https://www.nycourts.gov/judges/cji/2-PenalLaw/200/200-10.docx (last accessed Dec. 8, 2025).

within the state," as well as "any person exercising the functions of any such public officer or employee."[2]

"The 'gist' of the crime of bribe receiving 'is not the payment of money, but rather the agreement or understanding under which the alleged bribe receiver accepts or agrees to accept a benefit.'"[3]  Thus, as with the crime of federal program bribery that I described in connection with Count Ten, bribe receiving in the third degree also requires proof of a *quid pro quo*.[4]

As I also explained previously, not all payments to a public official are illegal.  For a payment to count as a bribe, "[t]he alleged corruption must be something real, substantial and of value to the alleged recipient[], as distinguished from something imaginary, illusive or amounting to nothing more than the gratification of a wish or hope."[5]  And here, too, a payment that serves as a reward for some past act taken by a public servant is not a bribe.[6]

The defense respectfully requests that the Court instruct the jury consistent with the foregoing in connection with the state law SUA charged in Count Fourteen.

---

[2]   N.Y. Penal Law § 10.00(15) (McKinney).

[3]   *People v. Sanoguet*, 597 N.Y.S.2d 854, 857 (N.Y. Sup. Ct. 1993) (quoting *People v. Harper*, 552 N.E.2d 148, 148 (N.Y. 1990)); *accord People v. Bac Tran*, 603 N.E.2d 950, 954 (N.Y. 1992).

[4]   *See, e.g.*, *Bac Tran*, 603 N.E.2d at 954 ("We conclude that the prosecution, to satisfy this indispensable element of the statutory prescription, had to prove at least an "understanding" . . . in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the *actus reus* of this particular crime."); *People v. Alvino*, 519 N.E.2d 808, 814 (N.Y. 1987) (explaining that because "[t]he essence of the crime . . . was the doing of one [thing] in exchange for the other," "[b]efore a public servant may be convicted of bribe receiving, second degree, there must be proof of a corrupt agreement" and so "[t]he People must establish that defendant solicited, accepted or agreed to accept a benefit upon an agreement or understanding that his conduct would be influenced by the benefit") (internal quotation omitted); *People v. Dolan*, 576 N.Y.S.2d 901, 904 (4th Dep't 1991) ("The essence of both bribe receiving and bribery is a corrupt bargain which results in some benefit with a personal nexus . . . .").

[5]   *Dolan*, 576 N.Y.S.2d at 904 (citing *People v. Hyde*, 141 N.Y.S. 1089, 1093 (1st Dep't 1913)).

[6]   *See, e.g.*, *Alvino*, 519 N.E.2d at 814 (contrasting "bribe receiving, which involves accepting a reward in exchange for performing an official act, with the lesser offense of receiving a reward for official misconduct . . . which involves accepting a reward for past official misconduct" and observing that "unless the People proved a corrupt bargain existed at the time defendant issued the false certificate . . . , he could be guilty at most of receiving a reward in violation of section 200.25").

We thank the Court for its attention to this matter.

                                                 Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

cc:    Counsel of Record (via ECF)