ABELL ESKEW LANDAU

KENNETH M. ABELL
646-970-7341 (direct dial)
kabell@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

October 1, 2026

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)**

Your Honor:

We represent Linda Sun in the above-referenced matter and respectfully submit this letter motion seeking leave for Abell Eskew Landau LLP to withdraw as counsel for Ms. Sun.

Our firm has devoted substantial time and resources to Ms. Sun's defense, including through the first trial in January 2026 and certain portions of the investigation that preceded the charges in this case. The continued representation has imposed and will continue to impose a significant financial burden on the firm, as Ms. Sun is no longer able to fund our representation through the anticipated retrial. In addition, the government's recent superseding indictment will require substantial additional work as this matter proceeds. See Dkt. 351. We therefore respectfully seek leave to withdraw at this juncture, sufficiently in advance of the retrial to allow successor counsel adequate time to become familiar with the record and prepare Ms. Sun's defense.[1]

Local Civil Rule 1.4, made applicable to criminal proceedings by Local Criminal Rule 1.2, permits counsel to withdraw by order of the Court upon a showing of satisfactory reasons for withdrawal, taking into account the posture of the case. Local Civ. R. 1.4. Whether that standard has been satisfied is committed to the Court's discretion. *See Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333 MEA, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014). A client's inability to continue paying legal fees may constitute a sufficient basis for withdrawal under Rule 1.4. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (citing *HCC, Inc. v. R H & M Machine Co.*, No. 96-cv-4920, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998)).

---

[1] We will, of course, effectuate a timely transfer of the client file and make ourselves reasonably available to successor counsel to facilitate the transition of Ms. Sun's representation.

Those considerations support withdrawal here. Ms. Sun is unable to continue funding representation by our firm, and the most recent superseding indictment and anticipated retrial will require the significant expenditure of substantial additional resources. Indeed, it is our understanding that—like her husband, who recently had counsel appointed pursuant to the Criminal Justice Act, see Sept. 16, 2026 Docket Order (granting Dkt. 361)—Ms. Sun is currently financially unable to pay legal fees and expenses, and therefore may qualify to have counsel appointed to represent her in subsequent proceedings. Moreover, the retrial remains several months away and we are seeking to withdraw at this juncture so that, once new counsel is appointed, successor counsel will have adequate time to review the record, familiarize themselves with the case, and prepare for the retrial.

Accordingly, we respectfully request that the Court grant Abell Eskew Landau LLP leave to withdraw as counsel for Ms. Sun and, if the Court determines that Ms. Sun qualifies for appointed counsel pursuant to the Criminal Justice Act, appoint successor counsel to represent her going forward. Due to Ms. Sun's ongoing medical issue, which we understand has been described more fully in prior confidential submissions to the Court, we have not been able to obtain her position with respect to this request. However, where counsel seeks to withdraw based on the client's inability to fund the representation, consent of the client is not required. *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 264–67 (E.D.N.Y. 2010).

We thank the Court for its attention to this matter.

Respectfully submitted,

Kenneth M. Abell

Kenneth M. Abell

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7341
kabell@aellaw.com

cc: Counsel of Record (via ECF)